**07 CV 3640**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SABINA PARADI, a Judicially Declared Incapacitated
Person by the Guardians of her Person and Property,
BODO PARADY and MARY MOORE,

07 CIV. 3640 (VM)(JCF)
ECF CASE

                 Plaintiffs,

Judge: Marrero MAY 08 2007

      -against-

**COMPLAINT**

MICHAEL R. PHILLIPS,

PLAINTIFFS DEMAND
TRIAL BY JURY

                Defendant,

-----------------------------------------------------------------X

Plaintiffs, complaining of the defendant by their attorneys, DE CARO & KAPLEN, LLP allege upon information and belief as follows:

### JURISDICTION AND VENUE

1)     At all times hereinafter mentioned, plaintiffs BODO PARADY and MARY MOORE were and still are domiciles of the State of California.

2)     At all times, SABINA PARADI was a domicile of the State of California.

3)     At all times hereinafter mentioned, defendant MICHAEL R. PHILLIPS (hereinafter " PHILLIPS") was and still is a domicile of the State of New Jersey.

4)     The amount in controversy exceeds the sum of ONE HUNDRED THOUSAND ($100,000) Dollars, exclusive of interest and costs.

5)     This Court has jurisdiction over this matter, pursuant to 28 U.S.C. 1332, since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of ONE HUNDRED THOUSAND ($100,000) DOLLARS.

6)     Venue is properly placed in the United States District Court for the

- 2 -

Southern District of New York since the accident occurred within the Southern District of New York.

## CLAIM FOR RELIEF

7) Plaintiffs, BODO PARADY and MARY MOORE are the guardians of the person and property of SABINA PARADI, a judicially declared incapacitated person by virtue and by authority of an Order entered on May 1, 2007 by the Hon. William P. McCooe, Supreme Court of the State of New York, County of New York. Said Order remains in full force and effect.

8) At all times hereinafter mentioned, MICHAEL R. PHILLIPS ('PHILLIPS") was the owner of a truck bearing New Jersey license number CMP88D registered in the State of New Jersey for the year 2007.

9) At all times hereinafter mentioned, defendant PHILLIPS, operated, managed and controlled the aforesaid truck bearing New Jersey license number CMP88D for the year 2007.

10) At all times hereinafter mentioned, the intersection of West 37th street and 9th avenue, County of New York, City and State of New York was and still is a public highway and/or roadway and/or thoroughfare.

11) That on the 25th day of February 2007, SABINA PARADI was lawfully a pedestrian at the aforesaid intersection.

12) That on the 25th day of February 2007, SABINA PARADI was lawfully crossing the aforesaid intersection within the designated pedestrian crosswalk.

13) That on the 25th day of February 2007, defendant PHILLIPS was operating the aforesaid truck at the aforesaid location.

14) That on the 25th day of February 2007, the aforesaid truck was being operated at the aforesaid location by defendant PHILLIPS in a negligent, careless, reckless, willful, wanton and grossly negligent manner.

15) That on the 25th day of February 2007, at the aforesaid location, the truck operated by defendant PHILLIPS negligently struck SABINA PARADI as she was lawfully crossing the aforesaid intersection.

16) That defendant PHILLIPS struck SABINA PARADI with the truck he was operating while she was within the designated crosswalk.

17) That pursuant to the Vehicle and Traffic Laws of the State of New York, SABINA PARADI had the right of way while she was crossing the aforesaid intersection requiring the defendant to yield that right of way to her.

18) That on the 25th day of February 2007 at the aforesaid location, the defendant was acting in a negligent, careless, willful, wanton, grossly negligent and reckless manner causing the truck he was operating to strike SABINA PARADI as she was lawfully crossing the aforesaid intersection.

19) That as a result of the aforesaid occurrence, SABINA PARADI sustained severe and permanent personal injuries including permanent brain damage.

20) That the aforesaid occurrence took place without any fault or negligence on the part of SABINA PARADI contributing thereto.

21) That the aforesaid truck owned and operated by defendant PHILLIPS was operated in a careless, reckless, wanton negligent and grossly negligent manner; that the Defendant operator was unfit to operate his truck under the circumstances then and there existing; in that the truck was operated at an

excessive and dangerous rate of speed under the circumstances; in that the Defendant operator failed to keep his vehicle at a safe distance from the plaintiff, SABINA PARADI, in that he allowed his motor vehicle to strike SABINA PARADI; in that he failed to yield the right of way to SABINA PARADI; in that he failed to properly and/or timely observe SABINA PARADI as she was crossing the aforesaid intersection; in that he failed to maintain proper attention and observation to the road, driving conditions and pedestrian traffic under the circumstances; in that the truck was maintained in an unsafe, hazardous and improper condition; in that the truck was maintained in an unsafe, hazardous and improper position upon the roadway; in failing to slow down and/or stop said truck with reasonable care and diligence upon approaching the place where this accident happened; in driving and operating his truck without keeping a proper lookout and watch and looking to the side; in operating his truck without heeding the road and driving conditions; in failing to yield the right of way; in failing to use and apply his brakes, safety devices, and steering apparatus to control his truck; in failing to sound his horn; in making an improper and/or unsafe left turn; in failing to operate the truck as a prudent person would under the circumstances; in that he lost control of his truck; in failing to obey the regulations, rules, ordinances and statutes in such cases made and provided; in failing to maintain the brakes, safety devices and steering apparatus in proper condition and repair; in failing to keep the truck in its proper lane of travel and this Defendant was otherwise negligent, careless, wonton, reckless and grossly negligent.

22)    That by reason of the foregoing, SABINA PARADI sustained severe and

permanent personal injuries, became sick, sore, lame and disabled, suffered traumatic brain injuries including loss of consciousness, coma, was and still is in a minimally conscious state, sustained cognitive dysfunction, organic brain damage, injury to her nervous system, was and is confined to hospital and rehabilitation facilities and will be so confined for an indefinite period of time, was and still is unable to attend to her usual duties and vocation and will be so disabled for an indefinite period of time and SABINA PARADI was otherwise damaged.

23) That by reason of the foregoing, SABINA PARADI has and will be forced to expend large sums of money in an effort to cure herself of her medical condition caused by the acts of this defendant.

24) That SABINA PARADI has sustained serious injuries as defined in Subdivision Four of Section Six Hundred Seventy One of the Insurance Law of the State of New York.

25) That the within action comes under one of the exceptions to Section One Thousand Six Hundred Two of the Civil Practice Law and Rules of the State of New York.

26) That by reason of the foregoing, SABINA PARADI by the guardian of her person and property BODO PARADI and MARY MOORE, is entitled to recovery from the Defendant for all the damages which she has suffered and will continue to suffer including actual and exemplary damages.

WHEREFORE, Plaintiffs demand judgment against the defendant for all of the damages both actual and exemplary which have been suffered and will

- 5 -

continue to be suffered together with interest, costs and disbursements.

Dated: New York, New York
       May 8, 2007

                                      Yours etc.,

                                      _____
                                      MICHAEL V. KAPLEN, ESQ.
                                      A member of the firm
                                      De Caro & Kaplen, LLP
                                      Attorneys for Plaintiffs
                                      20 Vesey Street
                                      New York, NY 10007
                                      (212) 732 2262
                                      6132- MVK