**UNITED STATE DISTRICT COURT**  
**SOUTHERN DISTRICT OF NEW YORK**  
-------------------------------------------------------- x  
SABINA PARADI, a Judicially Declared  
Incapacitated Person by the Guardians  
Of her Person and Property, BODO  
PARADY and MARY MOORE,  

                Plaintiffs,  

   -against-  

MICHAEL R. PHILLIPS,  

               Defendants,  
----------------------------------------------------------- x  

DOCUMENT ELECTRONICALLY FILED

07 CIV 3640 (VM) (JCF)  
    ECF CASE

Judge Marrero

**ANSWER**

Defendant, Michael R. Phillips, answering the Complaint herein, states:

## JURISDICTION AND VENUE

1. Defendant is possessed of information insufficient to form a belief regarding the allegations contained therein and leaves plaintiffs to their proofs thereof.

2. Defendant is possessed of information insufficient to form a belief regarding the allegations contained therein and leaves plaintiffs to their proofs thereof.

3. Defendant admits the allegations contained therein.

4. Defendant is possessed of information insufficient to form a belief regarding the allegations contained therein and leaves plaintiffs to their proofs thereof.

5. Defendant is possessed of information insufficient to form a belief regarding the allegations contained therein and leaves plaintiffs to their proofs thereof.

6. Defendant admits that the accident occurred within the Southern District of New York, but is possessed of information insufficient to form a belief regarding the remaining allegations contained therein and leaves plaintiffs to their proofs thereof.

**CLAIM FOR RELIEF**

7. Defendant admits that plaintiffs, Bodo Parady and Mary Moore, were appointed Guardians for Sabina Paradi, an alleged incapacitated person. Defendant is possessed of information insufficient to form a belief regarding the remaining allegations contained therein and leaves plaintiffs to their proofs thereof.

8. Defendant admits the allegations contained therein.

9. Defendant admits the allegations contained therein.

10. Defendant admits the allegations contained therein.

11. Defendant denies the allegations contained therein.

12. Defendant denies the allegations contained therein.

13. Defendant admits the allegations contained therein.

14. Defendant denies the allegations contained therein.

15. Defendant denies the allegations contained therein.

16. Defendant admits that Sabina Paradi was in the roadway at the time of the accident, and leaves plaintiffs to their proofs as to her specific location at that time.

17. Defendant denies the allegations contained therein.

18. Defendant denies the allegations contained therein.

19. Defendant is possessed of information insufficient to form a belief regarding medical allegations contained therein, and leaves plaintiffs to their proofs thereof.

20. Defendant denies the allegations contained therein.

21. Defendant denies the allegations contained therein.

22. Defendant denies the allegations contained therein.

23. Defendant is possessed of information insufficient to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs herein.denies

24. Defendant is possessed of information insufficient to form a belief regarding the allegations contained therein and leaves plaintiffs to their proofs thereof.

25. Defendant is possessed of information insufficient to form a belief regarding the allegations contained therein and leaves plaintiffs to their proofs thereof.

26. Defendant denies the allegations contained therein.

## **AFFIMATIVE DEFENSES**

1. Defendant was in no way negligent.

2. Plaintiff's negligence bars and/or comparatively diminishes the right of recovery on her behalf.

3. Plaintiff's assumption of risk bars and/or comparatively diminishes the right of recovery on her behalf.

4. Any damages allegedly sustained by plaintiff were caused by the acts or omissions of third parties and/or conditions over whom and which defendant exercised no control.

5. Any claim on behalf of plaintiffs is limited by reason of collateral sources, pursuant to CPLR § 4545.

6. Any claim against defendant is barred and/or comparatively diminished by reason of the failure to mitigate damages herein.

7. Any claim of plaintiff against defendant is barred by reason of supervening/ intervening cause.

8. No claim for punitive damages lies against defendant herein.

9. Any claim on behalf of Sabina Paradi is confined and limited by the provisions of Article 51 of the Insurance Law of the State of New York.

## **JURY DEMAND**

Defendant, Michael R. Phillips, hereby demands a trial by jury as to all issues herein.

DATED:  June 6, 2007

                          JAMES D. BUTLER, P.A.
                          591 Summit Avenue
                          Jersey City, New Jersey  07306
                          (201) 653-1676
                          Attorneys for Defendant,
                          Michael R. Phillips

BY:  s/James D. Butler
      JAMES D. BUTLER (JDB/9427)