RECEIVED OCT 05 2007 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BODO PARADY, as Special Administrator of the Estate of SABINA PARADI and BODO PARADY and MARY MOORE, individually,

             Plaintiffs,

MICHAEL R. PHILLIPS,

             Defendant,

------------------------------------------------------------------X

07 CIV 3640 (JCF)
**ECF CASE**
Magistrate Judge
Francis-all purposes

**AMENDED COMPLAINT**

PLAINTIFFS DEMAND
TRIAL BY JURY

      Plaintiffs, complaining of the defendant by their attorneys, DE CARO & KAPLEN, LLP allege upon information and belief as follows:

JURISDICTION AND VENUE

1)    At all times hereinafter mentioned, plaintiffs BODO PARADY and MARY MOORE were and still are domiciles of the State of California.

2)    At all times, SABINA PARADI was a domicile of the State of California.

3)    On June 30, 2007, SABINA PARADI died.

4)    On September 18, 2007, by Order of the Superior Court of the State of California, County of Contra Costa, BODO PARADY was appointed Special Administrator of the Estate of SABINA PARADI, deceased with full powers to prosecute the within law suit for the personal injuries and wrongful death of SABINA PARADI. Said appointment remains in full force and effect.

5)    At all times hereinafter mentioned, defendant MICHAEL R. PHILLIPS (hereinafter "PHILLIPS") was and still is a domicile of the State of New Jersey.

6)    The amount in controversy exceeds the sum of ONE HUNDRED

1

THOUSAND ($100,000) Dollars, exclusive of interest and costs.

7)   This Court has jurisdiction over this matter, pursuant to 28 U.S.C. 1332, since the parties are citizens of diverse states, and the amount in controversy exceeds the sum of ONE HUNDRED THOUSAND ($100,000) DOLLARS.

8)   Venue is properly placed in the United States District Court for the Southern District of New York since the accident occurred within the Southern District of New York.

9)   By virtue of defendant, MICHAEL R. PHILLIPS', residence and domicile in the State of New Jersey; that the policy of insurance for the hereinafter acts of negligence was entered into in the State of New Jersey; that at the time of the hereinafter mentioned incident, defendant was returning home to the State of New Jersey; that the automobile owned and operated by defendant MICHAEL R. PHILLIPS was registered in the State of New Jersey, that the decedent and her parents have no interests in the State of New York and that the sole connection that the State of New York has to this event is that it was the situs of the accident, and for other compelling reasons and in the interests of Justice, plaintiffs assert and will request at the time of trial that the Court apply the laws of the State of New Jersey to all issues of damages for personal injuries and wrongful death in the within lawsuit.

## FIRST CLAIM FOR RELIEF

10)   At all times hereinafter mentioned, MICHAEL R. PHILLIPS ('PHILLIPS") was the owner of a truck bearing New Jersey license number CMP88D registered in the State of New Jersey for the year 2007.

11)     At all times hereinafter mentioned, defendant PHILLIPS, operated, managed and controlled the aforesaid truck bearing New Jersey license number CMP88D for the year 2007.

12)     At all times hereinafter mentioned, the intersection of West 37th street and 9th avenue, County of New York, City and State of New York was and still is a public highway and/or roadway and/or thoroughfare.

13)     That on the 25th day of February 2007, SABINA PARADI was lawfully a pedestrian at the aforesaid intersection.

14)     That on the 25th day of February 2007, SABINA PARADI was lawfully crossing the aforesaid intersection within the designated pedestrian crosswalk.

15)     That on the 25th day of February 2007, defendant PHILLIPS was operating the aforesaid truck at the aforesaid location.

16)     That on the 25th day of February 2007, the aforesaid truck was being operated at the aforesaid location by defendant PHILLIPS in a negligent, careless, reckless, willful, wanton and grossly negligent manner.

17)     That on the 25th day of February 2007, at the aforesaid location, the truck operated by defendant PHILLIPS negligently struck SABINA PARADI as she was lawfully crossing the aforesaid intersection.

18)     That defendant PHILLIPS struck SABINA PARADI with the truck he was operating while she was within the designated crosswalk.

19) That pursuant to the Vehicle and Traffic Laws of the State of New York and the traffic rules and regulations of the City of New York, SABINA PARADI had the right of way while she was crossing the aforesaid intersection requiring the

defendant to yield that right of way to her.

20) That on the 25TH day of February 2007 at the aforesaid location, the defendant was acting in a negligent, careless, willful, wanton, grossly negligent and reckless manner causing the truck he was operating to strike SABINA PARADI as she was lawfully crossing the aforesaid intersection.

21) That as a result of the aforesaid occurrence, SABINA PARADI sustained severe and permanent personal injuries including brain damage.

22) That the aforesaid occurrence took place without any fault or negligence on the part of SABINA PARADI contributing thereto.

23) That the aforesaid truck owned and operated by defendant PHILLIPS was operated in a careless, reckless, wanton negligent and grossly negligent manner; that the Defendant operator was unfit to operate his truck under the circumstances then and there existing; in that the truck was operated at an excessive and dangerous rate of speed under the circumstances; in that the Defendant operator failed to keep his vehicle at a safe distance from the plaintiff, SABINA PARADI , in that he allowed his motor vehicle to strike SABINA PARADI ; in that he failed to yield the right of way to SABINA PARADI; in that he failed to properly and/or timely observe SABINA PARADI as she was crossing the aforesaid intersection; in that he failed to maintain proper attention and observation to the road, driving conditions and pedestrian traffic under the circumstances; in that the truck was maintained in an unsafe, hazardous and improper condition; in that the truck was maintained in an unsafe, hazardous and improper position upon the roadway; in failing to slow down and/or stop said truck

4

with reasonable care and diligence upon approaching the place where this accident happened; in driving and operating his truck without keeping a proper lookout and watch and looking to the side; in operating his truck without heeding the road and driving conditions; in failing to yield the right of way; in failing to use and apply his brakes, safety devices, and steering apparatus to control his truck; in failing to sound his horn; in making an improper and/or unsafe left turn; in failing to operate the truck as a prudent person would under the circumstances; in that he lost control of his truck; in failing to obey the regulations, rules, ordinances and statutes in such cases made and provided; in failing to maintain the brakes, safety devices and steering apparatus in proper condition and repair; in failing to keep the truck in its proper lane of travel and this Defendant was otherwise negligent, careless, wonton, reckless and grossly negligent.

24)    That by reason of the foregoing, SABINA PARADI sustained severe and permanent personal injuries, became sick, sore, lame and disabled, suffered traumatic brain injuries including loss of consciousness, coma, suffered loss of the pleasures, pursuits and enjoyment of life, experienced conscious pain and suffering and fear of impending injury and/or death, was is in a minimally conscious state, sustained cognitive dysfunction, organic brain damage, injury to her nervous system, was and is confined to hospital and rehabilitation facilities where she was forced to endure numerous surgical and other medical procedures, was unable to attend to her usual duties and vocation and SABINA PARADI was otherwise damaged.

25)    That by reason of the foregoing, SABINA PARADI and her parents have

5

been forced to expend large sums of money in an effort to cure herself of her medical condition caused by the acts of this defendant.

26) That SABINA PARADI has sustained serious injuries as defined in Subdivision Four of Section Six Hundred Seventy One of the Insurance Law of the State of New York.

27) That the within action comes under one of the exceptions to Section One Thousand Six Hundred Two of the Civil Practice Law and Rules of the State of New York.

28) That by reason of the foregoing, the estate of SABINA PARADI, deceased, is entitled to recovery from the Defendant for all the damages which she has suffered including actual and exemplary damages prior to her death.

## SECOND CLAIM FOR RELIEF

29) Plaintiff, BODO PARADY, as Special Administrator of the Estate of SABINA PARADI, repeats, reiterates and realleges every and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if more fully and at length set forth below.

30) That as a consequence of the aforesaid occurrence and the negligence of the defendant as aforesaid, SABINA PARADI died on June 30, 2007.

31) That decedent left surviving her parents, BODO PARADY and MARY MOORE who have suffered pecuniary damages as a result of her wrongful death and this cause of action is brought for decedent's wrongful death and the damages sustained therefrom.

32) That as a result of the injuries sustained by SABINA PARADI and her death,

this plaintiff as Special Administrator of her estate and individually incurred funeral and other expenses and will incur additional expenses in the settlement of this estate.

33) That by reason of the foregoing, Plaintiff BODO PARADY, as Special Administrator of the Estate of SABINA PARADI demands judgment against the defendant for both actual and exemplary damages in an amount to be determined by a jury during the trial of this action.

### THIRD CLAIM FOR RELIEF

34) Plaintiffs BODO PARADY and MARY MOORE, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if more fully and at length set forth below.

35) That at all times heretobefore mentioned, Plaintiff BODO PARADY was the father of decedent, SABINA PARADI.

36) That at all times heretobefore mentioned, Plaintiff MARY MOORE was the mother of decedent, SABINA PARADI.

37) That as the parents of decedent, these Plaintiffs, BODO PARADY and MARY MOORE were entitled to the love, companionship, support and assistance of their daughter.

38) That as a result of the aforesaid incident and the injuries and death that resulted therefrom, these Plaintiffs have been deprived and will continue in the future to be deprived of the love, companionship, support and assistance of their daughter, were required to care for their injured daughter during her lifetime and were required to expend funds for her medical care and incurred other expenses.

39) That by reason of the foregoing, Plaintiffs BODO PARADY and MARY MOORE are entitled to recover from the defendant for all of the damages which they suffered and will continue to suffer.

40) That by reason of the foregoing, Plaintiffs BODO PARADY and MARY MOORE, individually demand judgment against the Defendant in an amount to be determined during the trial of this action.

WHEREFORE, Plaintiffs demand a trial by jury and judgment against the defendant on each of the aforesaid causes of action for all of the damages both actual and exemplary which have been suffered and will continue to be suffered together with interest, costs and disbursements.

Dated: Pleasantville, New York
October 3, 2007

Yours etc.,

MICHAEL V. KAPLEN, ESQ.
A member of the firm
De Caro & Kaplen, LLP
Attorneys for Plaintiffs
427 Bedford Road
Pleasantville, NY 10570
(212) 732 2262
6132- MVK