**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
BODO PARADY, as Special Administrator
of the Estate of SABINA PARADI and BODO
PARADY and MARY MOORE, individually,

                      Plaintiffs,

     -against-

MICHAEL R. PHILLIPS,

                     Defendant,
----------------------------------------------------------- x

DOCUMENT ELECTRONICALLY FILED

07 CIV 3640 (JCF)
ECF CASE

Magistrate Judge Francis-all purposes

**ANSWER TO AMENDED COMPLAINT**

     Defendant, Michael R. Phillips, answering the Amended Complaint herein, states:

### JURISDICTION AND VENUE

     1.    Defendant is possessed of insufficient information to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs thereof.

     2.    Defendant is possessed of insufficient information to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs thereof.

     3.    Defendant admits the allegations contained therein.

     4.    Defendant admits the allegations contained therein.

     5.    Defendant admits the allegations contained therein.

     6.    Defendant is possessed of insufficient information to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs thereof.

     7.    Defendant admits that the parties are citizens of diverse states, but is possessed of insufficient information to form a belief regarding the remaining allegations contained therein, and leaves plaintiffs to their proofs thereof.

8. Defendant admits that the accident occurred within the Southern District of New York, but is possessed of insufficient information regarding the remaining allegations contained therein, and leaves plaintiffs to their proofs thereof.

9. Defendant denies the allegations contained therein.

## FIRST CLAIM FOR RELIEF

10. Defendant admits the allegations contained therein.

11. Defendant admits the allegations contained therein.

12. Defendant admits the allegations contained therein.

13. Defendant denies the allegations contained therein.

14. Defendant denies the allegations contained therein.

15. Defendant admits the allegations contained therein.

16. Defendant denies the allegations contained therein.

17. Defendant denies the allegations contained therein.

18. Defendant denies the allegations contained therein.

19. Defendant denies the allegations contained therein.

20. Defendant denies the allegations contained therein.

21. Defendant denies the allegations contained therein.

22. Defendant denies the allegations contained therein.

23. Defendant denies the allegations contained therein.

24. Defendant denies the allegations contained therein.

25. Defendant denies the allegations contained therein.

26. Defendant is possessed of insufficient information to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs thereof.

27. Defendant is possessed of insufficient information to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs thereof.

28. Defendant denies the allegations contained therein.

**SECOND CLAIM FOR RELIEF**

29. Defendant repeats its answers to the allegations contained in the FIRST CLAIM FOR RELIEF, and incorporates them by reference herein.

30. Defendant denies the allegations contained therein.

31. Defendant admits that decedent left surviving her parents, Bodo Parady and Mary Moore. Defendant denies the remaining allegations contained therein.

32. Defendant is possessed of insufficient information to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs thereof.

33. Defendant denies the allegations contained therein.

**THIRD CLAIM FOR RELIEF**

34. Defendant repeats its answers to the allegations contained in the FIRST CLAIM FOR RELIEF and SECOND CLAIM FOR RELIEF, and incorporates them by reference herein.

35. Defendant admits the allegations contained therein.

36. Defendant admits the allegations contained therein.

37. Defendant is possessed of insufficient information to form a belief regarding the allegations contained therein, and leaves plaintiffs to their proofs thereof.

38. Defendant denies the allegations contained therein.

39. Defendant denies the allegations contained therein.

40. Defendant denies the allegations contained therein.

**AFFIMATIVE DEFENSES**

1. Defendant was in no way negligent.

2. Decedent's negligence bars and/or comparatively diminishes the right of recovery on her behalf.

3. Decedent's assumption of risk bars and/or comparatively diminishes the right of recovery on her behalf.

4. Any damages allegedly sustained by decedent and/or by plaintiffs, were caused by the acts or omissions of third parties and/or conditions over whom and which defendant exercised no control.

5. Any claims on behalf of decedent and/or plaintiffs are limited by reason of collateral sources, pursuant to CPLR § 4545.

6. Any claim against defendant is barred and/or comparatively diminished by reason of the failure to mitigate damages herein.

7. Any claims on behalf of decedent and/or plaintiffs against defendant are barred by reason of supervening/ intervening cause.

8. No claim for exemplary or punitive damages lies against defendant herein.

9. Any claims on behalf of decedent and/or plaintiffs are confined and limited by the provisions of Article 51 of the Insurance Law of the State of New York.

## JURY DEMAND

Defendant, Michael R. Phillips, hereby demands a trial by jury as to all issues herein.


DATED: October 19, 2007


        JAMES D. BUTLER, P.A.
        591 Summit Avenue
        Jersey City, New Jersey  07306
        (201) 653-1676
        Attorneys for Defendant,
        Michael R. Phillips


BY: s/James D. Butler
     JAMES D. BUTLER (JDB/9427)