# BARRY, McTIERNAN & WEDINGER

COUNSELORS AT LAW
1024 AMBOY AVENUE
EDISON, NEW JERSEY 08837

TEL: (732) 225-3510
FAX: (732) 225-3544

RICHARD W. WEDINGER, ESQ.**
DIANA LAPADULA, ESQ.**
ANTHONY W. GUIDICE, ESQ.
SEAN M. CONNELLY, ESQ
LAUREL WEDINGER-GYIMESI, ESQ.**

**Admitted in New York and New Jersey

NEW YORK OFFICE
265 JOLINE AVE., SUITE A
STATEN ISLAND, NY 10307
(718)317-9000

November 8, 2007

Honorable Victor Marrero
Suite 660 Courtroom 20B
United States Courthouse
500 Pearl Street
New York, New York 10007

Clerk, The Office of the Clerk
of the United States District Court
for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-14-07

RE:   *Paradi, et al v. Phillips*
      **PRE MOTION CONFERENCE REQUEST**
      Case No.: 07 Civ. 3640 (VM) (JCF)
      D/L:   2/25/07
      Our File No.: MS-R10106

Dear Judge Marrero:

Pursuant to your honor's practice rule, this letter is to make a Pre Motion Conference Request before the filing of Partial Summary Judgment on Plaintiffs' claims for punitive damages under Fed. R. Civ. P. 56 (c).

The undersigned represents Defendant Michael Phillips, in his individual capacity sued for punitive damages, in the above referenced action. On October 5, 2007, Plaintiffs, BODO PARADY, as special administrator of the estate of SABINA PARADI and BODO PARADY and MARY MOORE, individually, filed an Amended Complaint, alleging that SABINA PARADI has deceased, as a result of an automobile accident, which occurred at the intersection of West 37th Street and 9th Avenue, County of New York, New York on February 25, 2007. In the Amended Complaint, Plaintiffs seek actual and exemplary damages against Defendant PHILLIPS alleging that Mr. Phillips operated his truck in a negligent, careless, reckless, willful, wanton and grossly negligent manner.

Under the New York law, plaintiff must show that the defendant acted so recklessly, wantonly or maliciously, or grossly and outrageously to impose punitive damages in non-intentional

torts cases. However, Plaintiffs' allegations of punitive damages in the present case completely lack any factual support. All evidence in the case, including the police report, the depositions of Mr. Phillips and Mr. Matthew Blank (the witness to the alleged accident/companion of Ms. Sabina Paradi), demonstrate that the tragic incident was a mere accident, rather than malicious wrongdoing of Mr. Phillips. For example, the police report indicates that Mr. Phillips was not under the influence of any alcoholic beverage or drugs, was not using his cellular phone, and was proceeding with a slow speed. The police report further indicates that it was snowing heavily and the road was not in a good condition due to snow and ice. Mr. Blank testified that he was holding up a black umbrella for Ms. Sabina crossing the road and did not see Mr. Phillips' vehicle approaching. Unfortunately, Plaintiffs provide no evidence of Defendant's state of mind. There are conclusory allegations made in the Complaint, however, in the view of evidence of the case, those conclusory allegations are simply without merit.

Therefore, it is hereby respectfully requested that your Honor grant the undersigned an opportunity to move for Partial Summary Judgment on Plaintiffs' claims for punitive damages at a pre-motion conference.

Thank you your Honor for your time and concern in this regard.

Very truly yours,
BARRY, McTIERNAN & WEDINGER

*Richard Wedinger*
Richard Wedinger, Esq.

MS-R10106/corres/CRT110807

cc: Mr. Michael Phillips
    James D. Butler, Esq.
    Michael V. Kaplen, Esq.

---

Request DENIED. A motion for partial summary judgment at this stage prior to the completion of discovery, would be premature and unproductive. Such a motion should be more appropriately be made upon a fuller evidentiary record on completion of discovery, or at trial.

SO ORDERED:
11-14-07
DATE   VICTOR MARRERO, U.S.D.J.