UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   (ECF)
BODO PARADY, as Special Administrator of the Estate     07 CIV 3640 (JCF)
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                                                Magistrate Judge
                                                                                                 Francis-all purposes
                    Plaintiffs,

MICHAEL R. PHILLIPS,

                    Defendant,

------------------------------------------------------------------------X

# PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

                MICHAEL V. KAPLEN, ESQ.

                DE CARO & KAPLEN, LLP
                Attorneys for Plaintiffs
                427 Bedford Road
                Pleasantville, NY 10570
                (914) 747 4410

Case 1:07-cv-03640-JCF   Document 21   Filed 01/17/2008   Page 1 of 18

## TABLE OF CONTENTS:

Introduction………………………………………………………… 3

Facts………………………………………………………………….5

Being struck by a vehicle while crossing a street within a cross walk
with a light in the favor the pedestrian is prima facia evidence of
negligence entitling the pedestrian to summary judgment……………..8

Any suggestion that decedent was herself comparatively negligent
is pure speculation …………………………………………………..9

Defendant's proffered excuse that he never saw decedent
is not a legal excuse for his conduct……………………………………11

Defendant PHILLIPS violated New York State Vehicle and Traffic Law
§1111(a)(1) and(a)(3)……………………………………………………14

Defendant PHILLIPS violated New York State Vehicle and Traffic Law
§1146……………………………………………………………………..16

Defendant PHILLIPS violated New York State Vehicle and Traffic Law
§1160……………………………………………………………………..17

Conclusion……………………………………………………………..17

## INTRODUCTION:

In the evening of February 27, 2007, plaintiff's decedent, SABINA PARADI ("PARADI") while crossing Ninth Avenue at the intersection of West 37th street, **within** the crosswalk and **with** the directional 'WALK" signal in her favor was struck by a pick up truck owned and operated by defendant MICHAEL PHILLIPS ("PHILLIPS").

PHILLIPS has testified and made signed statements to the New York City Police, that he was in the process of making a left hand turn from the right hand lane of West 37th street onto Ninth Avenue when this incident took place. (exhibit "D")

Defendant, PHILLIPS denies ever seeing MS. PARADI at any time prior to impact. Defendant denies ever seeing this pedestrian, her companion or any other individual either crossing Ninth Avenue or standing on the corner waiting to cross the avenue.

Defendant PHILLIPS has conceded that a pedestrian crossing in the direction of Ms. PARADI would have the right of way and that pursuant to law he was obligated to yield the right of way to her. (exhibit "C" pages 51-52)

As a result of being struck by defendant's vehicle, Ms. PARADI fell to the ground and struck her head. (exhibit "H" pages 75-76) She sustained serious brain injuries including fractures to her skull and internal bleeding within her brain. She was taken to St. Vincent's Hospital where emergency neurosurgery was performed.

Unfortunately, following six months of continuous hospitalization, first at St. Vincent's Hospital followed by Columbia Presbyterian Hospital and then Helen Hayes Hospital, she passed away during a second admission at Columbia Presbyterian Hospital on June 30, 2007 as a result of injuries sustained in this occurrence.

This Memorandum of Law is submitted in support of Plaintiffs Motion for Summary Judgment on issues of defendant's negligence.[1]  It is plaintiffs contention that there is no issue fact concerning defendant's negligence as being the sole cause of this occurrence.

The eyewitness testimony of three individuals supports the fact that plaintiff's decedent was crossing the intersection with a green WALK signal in her favor and was walking within the cross walk.  Ms. PARADI clearly had the right of way while crossing the intersection within the crosswalk with a walk signal.  Defendant, although under an obligation to see what there was to be seen and operate his vehicle as a reasonable and prudent person would do under the circumstances, failed to observe the presence of Ms. PARADI anywhere on the roadway, failed to yield to the pedestrian and violated the motor vehicle statutes of the State of New York and the traffic regulations of the City of New York which among other things mandates that a motorist yield the right of

---

[1] Plaintiffs have also claimed that defendant's conduct amounts to such reckless and careless indifference to human life as to warrant the award of exemplary damages.  Plaintiffs are not seeking summary judgment on this issue, as they concede that this is a question for the trier of fact.  It is plaintiffs understanding that personal counsel for defendant will move to strike these allegations from the complaint.  Upon receiving these moving papers, plaintiffs will address the merits of these allegations.

way to a pedestrian crossing the roadway within a crosswalk and prohibits a vehicle from making a left turn from the right hand land of a roadway.

Defendant has no information of a probative value that creates any issue of fact in this case. He has testified and given signed statements that he never observed Ms. PARADI while she was crossing the street and has no idea where on the roadway this incident took place. (exhibit "C" pages 35-36 and 39, exhibit "D") The first time that PHILLIPS realized striking this pedestrian is when he heard a loud sound from the front left bumper of his truck. (exhibit "C" at 30) He stopped his truck, jumped out and observed Ms. PARADI on the ground next to his vehicle. (exhibit "C" at 39)

## FACTS:

SABINA PARADI was on her first date with her companion, MATTHEW BLANK on the evening of February 27, 2007. Following dinner, the couple went to the theatre located on W. 37th street, in Manhattan. At the conclusion of the performance, the couple walked from the theatre to the south west corner of W. 37th street and Ninth Avenue.

It was snowing lightly that night with clear visibility. (Exhibit "H" at 72 and "I" at 8) When Ms. PARADI and her friend reached the corner, they waited for the pedestrian traffic signal to turn green. After the signal turned green, WALK, they proceeded to cross Ninth Avenue within the marked cross walk. (Exhibit "H" at 59-61 and 63)

According to three eyewitnesses to this accident, (Paradi's date, MATTHEW BLANK and two unrelated pedestrians, MARIA EBERLINE and

SHARLENE AQUELLER), decedent was within the cross walk while crossing Ninth avenue and at the time that she was struck by defendant's vehicle.

Defendant was in the process of making a left turn onto Ninth Avenue from the right hand lane of W. 37th street at the time this incident happened. (Exhibit "C" at 23 and 44 and "D")

Defendant who was driving his pick up truck incredibly claims that he never saw decedent, her companion or anyone else either crossing Ninth Avenue or waiting at the corner waiting to cross walk the street. (Exhibit "C" at 30 and 53) Although it was snowing lightly at the time of the incident, defendant had clear visibility from his front windshield. (Exhibit "C" at 15-16, 31 and 34) The street lights were on at that time, defendant PHILLIPS had his truck lights on and his windshield wipers were working. (Exhibit "D") Defendant testified that he had clear visibility from the front windshield of his truck. (Exhibit "C" at 15-16, 31 and 54) At no time did PHILLIPS ever sound his horn. (Exhibit "D")

The defendant gave a signed statement at the scene of the accident to the investigating detectives. (Exhibit "D") His statement reads as follows:

> **"I was W/B [westbound] on 37th street in the right lane. Two cars were to my left. I was going to make a left turn on 9th Ave. The two cars went straight at 9th Ave. We had the green light. When the two cars cleared I began to make by turn and I didn't even see them, and heard the bang and stopped."**
>
> **He answered questions posed to him as follows:**
>
> **Did vehicle server or turn to avoid contact? "I didn't see them."**
>
> **Immediately prior to accident, was any signal given (horn-hand-other)? "No."**

6

**What were the points of impact?**
**"L/ft fender-bumper"**

Defendant PHILLIPS has testified that he understood that the statements that he made to the police on the evening of February 27, 2007 were made in conjunction with the police investigation of this incident and were answered truthfully. (Exhibit "C" at 18-19)

Defendant claims that he was initially stopped on West 37th street and Ninth Avenue at a red light. He was in the right hand lane of West 37th street. He waited for the light to turn green. Because of the presence of two vehicle in the left hand lane, he allowed them to pass in front of him before beginning to make his left turn from the right hand lane onto Ninth Avenue.

As SABINA PARADI and MATHEW BLANK approached the third to the fourth lane of traffic, SABINA PARADI was struck by defendant's pick up truck. (Exhibit "H" at page 65)   The decedent saw defendant approach, let out a loud scream and was then struck and thrown to the ground where she struck her head.  Exhibit "H" at 68-69, 76, 82)  Shortly thereafter she became unconscious and was transferred by ambulance to St. Vincent's Hospital and Medical Center.

Both MARIA EBERLINE and SHARLENE AQUELLER who were crossing Ninth Avenue, ahead of MS. PARADI have testified that just as they were reaching the easterly corner of West 37th street, they observed the defendant's vehicle in the process of making his left turn.  Their attention was drawn to this pick up truck due to its high speed under the circumstances.  Each of these witnesses estimated his speed to be between 35-40 miles per hour. (Exhibit "I" 10-11, Exhibit "J" 35)

7

Ms. PARADI'S friend, MATTHEW BLANK has stated under oath that he observed defendant's vehicle strike SABINA PARADI and knock her to the ground. Immediately prior to this contact, Ms. PARADI let out a loud scream. At the time of the incident, SABINA PARADI was crossing Ninth Avenue, within the cross walk with the light in her favor. (Exhibit "H" 63, 68-70, 76 and 82)

After Ms. EBERLINE'S AND MS. AQUELLER'S attention was directed to defendant's pick up truck, they both heard a loud scream and a thud. (Exhibit "I" 12-13, 31, 38-39, Exhibit "J" 7-8, 39, 43-44) They turned around and observed plaintiff's decedent lying on the ground next to PHILLIP'S vehicle.

Incredibly, defendant PHILLIPS cannot state where on the road way this occurrence took place, has no idea where decedent and her companion came from, having seen no one cross the street in front of his vehicle and cannot explain the circumstances of this tragic incident.

## BEING STRUCK BY A VEHICLE WHILE CROSSING A STREET WITHIN A CROSS WALK WITH A LIGHT IN THE FAVOR OF THE PEDESTRIAN IS PRIMA FACIA EVIDENCE OF NEGLIGENCE ENTITLING THE PEDESTRIAN TO SUMMARY JUDGMENT

Where a pedestrian establishes that she was struck by a vehicle making a left turn while she was crossing the street within a cross walk and with the traffic signal in her favor, she has established a *prima facia* case of negligence against the driver warranting summary judgment in her favor. BEAMUD v. GRAY,   A.D 3d.   ,(1st Dept, Nov. 2007), 844 NYS 2d 269, *2007 N.Y. App. Div. LEXIS 11016.*

In <u>HOEY v. CITY OF NEW YORK</u>, 28 A.D.3d 717, 813 N.Y.S.2d 533 (2nd Dept. 2006), a pedestrian who was crossing the street and was struck by a bus making a left turn was similarly granted summary judgment upon establishment that she was crossing within the cross walk with the light in her favor.

Similarly, in <u>ZABUSKY v. COCHRAN</u>, 234 A.D.2d 542, 651 N.Y.S.2d 190, (2nd Dept. 1996), summary judgment was granted to the pedestrian where the proof established that she was crossing the street within a crosswalk and had the right of way.

The uncontradicted proof in this case supported by the testimony of three eyewitnesses confirms that SABINA PARADI was crossing the intersection of Ninth Avenue and W. 37street within a crosswalk and with the traffic signal in her favor when she was struck by defendant's vehicle who was in the process of making a left turn. This proof establishes a prima facia case of negligence against defendant PHILLIPS.

### ANY SUGGESTION THAT DECEDENT WAS HERSELF COMPARATIVELY NEGLIGENT IS PURE SPECULATION

Defendant PHLLIPS has conceded that he never observed decedent, or for that matter any one else crossing Ninth Avenue prior to the incident. He has no recollection of ever seeing anyone at the corner. He has testified that he has no idea how this incident took place. He has no knowledge of where the decedent was looking, the location on the roadway where this incident took place or what the decedent's actions were prior to the time of impact. It is, as if, the decedent fell from the sky in front of his vehicle.

9

However, there is competent independent proof that establishes that decedent and her companion were acting in a reasonable manner when crossing this intersection. MATTHEW BLANK, decedent's companion has testified that both he and SABINA PARADI where crossing within the crosswalk with the WALK traffic signal in their favor. Confirmation has been established through the eye witness testimony of both MS. EBERLINE and MS. AQUELLER. Defendant PHILLIPS concedes that a pedestrian crossing Ninth Avenue at the time he was making his left turn would have the right of way in her favor and that he was required to yield the right of way.

The proof in this case further establishes that immediately prior to the occurrence, decedent as well as her companion noticed the presence of the PHILLIP'S vehicle. Decedent let out a loud scream according to MR. BLANK which was heard by both MS. EBEBLINE and MS. AQUELLER. Immediately thereafter, PARADI was struck by defendant's truck.

The failure to present evidence in admissible form to establish the comparative negligence of a pedestrian crossing a street within a crosswalk entitles the pedestrian to summary judgment. Mere speculation by the defendant or their attorney as to the happening of the accident is not sufficient to defeat summary judgment. ZABUSKY v. COCHRAN, supra; HOEY v. NEW YORK CITY TRANSIT AUTHORITY, supra; BEAMUD v. GRAY, supra.

## DEFENDANT'S PROFFERED EXCUSE THAT HE NEVER SAW DECEDENT IS NOT A LEGAL EXCUSE FOR HIS CONDUCT.

The driver of a vehicle has a common law duty to see that which he should have seen through the proper use of his senses (see Larsen v. Spano, 35 A.D.2d 820, 827 N.Y.S.2d 276; Botero v. Erraez, 289 A.D.2d 274,275, 734 N.Y.S.2d 565; Weiser v. Dalbo, 184 A.D.2d 935, 585 N.Y.S.2d 124).  Under the circumstances, the fact that the driver never saw the plaintiff does not excuse his conduct (see Larsen v. Spano, supra; Pike v. Otero, 123 A.D.2d 611, 612, 506 N.Y.S.2d 772)." DOMANOVA v. STATE OF NEW YORK, 41 A.D.3d 633, 838 N.Y.S.2d 644,645 (2nd Dept. 2007); GUADAGNO v. NORWARD, 43 A.D.3d 1432, 842 N.Y.S.2d 844 (4th Dept. 2007).

Defendant's statement that he never saw decedent either standing at the crosswalk or crossing the intersection despite his only traveling at 3 miles per hour, with street lights on, his truck lights on and with his windshield wipers operating and good visibility out of the front windshield is "incredible as a matter of law. (see Weigand v. United Traction Co., 221 N.Y. 39, 42, 116 N.E. 345 [1917]; O'Farrell v. Inzeo, 74 A.D.2d 806, 426 N.Y.S.2d 1 [1980])." KIRCHGAESSNER v. HERNANDEZ, 40 A.D.3d 437, 836 N.Y.S.2d 170 (1st Dept. 2007).

> "A driver is charged with the duty to see that which under the circumstances (he, she) should have seen by the proper use of (his, her) senses, and if you find that (plaintiff, defendant) did not observe that which was there to be seen you may find that (he, she) was negligent in failing to look or in not looking carefully." New York Pattern Jury Instructions, PJI 2:77.1 3rd Ed, 2008 at p. 439.

11

The weather conditions existing at the time of this accident do not excuse the defendant's failure to observe plaintiff's decedent crossing the street. Rain, snow, wet roads and adverse driving conditions do not lessen a driver's duty to operate his vehicle with reasonable care. In fact, such circumstances instead of creating a lesser standard of care actually require more diligence on the part of a driver so as to avoid an accident from occurring.

> "It is the duty of a motorist to operate his automobile with reasonable care having regard to the actual and potential hazards existing from weather, road traffic and other conditions, to maintain a reasonably safe rate of speed, to have his automobile under reasonable control. And to keep a proper lookout, under the circumstances, then existing, and to see and be aware of what was in his view. (see 1 NY PJI 2d 2:77, p. 224)." GUZZARDI v. GROTAS, 98 A.D.2d 761, 469 N.Y.S..2d 475 (2ND Dept. 1983)

Weather conditions are foreseeable hazards and do not provide a non negligent excuse for an accident. Temporary visual impediments do not relieve a driver's duty to keep a vigilant lookout and see what there is to be seen under the circumstances then existing. SENA v. NEGRON, 38 A.D.3d 516, 832 N.Y.S.2d 236 (2nd. Dept. 2007).

Weather conditions which obscure visibility do not entitle a driver to escape liability *vis a vis* the emergency doctrine, as these are hazards of the road that are to be expected. In ANDERSON v. KRAUSS, 204 A.D.2d 1074, 612 N.Y.S.2d 521 (4th Dept. 1994), a driver testified that it was raining and foggy, visibility was poor, he heard his automobile strike something in the street, stopped to investigate and discovered the pedestrian lying in the street. The appellate court held that a jury

instruction on the emergency doctrine under the circumstances was reversible error.

"A driver cannot blindly and wantonly enter an intersection" STAUSBURG v. CAMPBELL, 28 A.D.3d 1131, 816 N.Y.S.2d 627 (4th Dept. 2006).

Where a driver's visibility was partially obscured by a pile of snow, the driver was faced with the critical choice of continuing to move or to stop. The appellate court held that the motorist's decision to continue to move in spite of having his vision obscured was negligence as a matter of law. HEFFLER v. STATE OF NEW YORK, 96 A.D.2d 926, 466 N.Y.S.2d 370 (2nd Dept. 1983).

Where weather conditions are not unanticipated, the fact that defendant's visibility may have been reduced is not sufficient justification for his failing to see the plaintiff's decedent and non the less proceed into the crosswalk. SENA, supra; JOHNSON v. PHILLIPS, 261 A.D.2d 269, 690 N.Y.S.2d 545 (1st Dept. 1999); AGRAMONTE v. CITY OF NEW YORK, 288 A.D.2d 75, 732 N.Y.S.2d 414 (1st Dept. 2001); MATTE v. HALL, 20 A.D.3d 898, 798 N.Y.S.2d 829 (4th Dept. 2005), MITCHELL v. GONZALEZ, 269 A.D. 2d 250, 703 N.Y.S.2d 124 (1st Dept. 2000); CARISTO v. SANZONE, 96 N.Y.2d 172, 726 N.Y.S.2d 334 (2001).

## DEFENDANT PHILLIPS VIOLATED
## NEW YORK STATE VEHICLE AND TRAFFIC LAW
## §1111(a)(1) and(a)(3)

Vehicle and Traffic Law §1111(a) provides:

a) Green indications:

   1. Traffic, except pedestrians, facing a steady circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. Such traffic, including when turning right or left, **shall yield the right of way** to other traffic lawfully within the intersection **or an adjacent crosswalk** at the time such signal is exhibited. [emphasis added]

   3. Unless otherwise directed by a pedestrian-control signal as provided in section eleven hundred twelve, **pedestrians facing any steady green signal**, except when the sole green signal is a turn arrow, **may proceed across the roadway within any marked or unmarked crosswalk.** [emphasis added]

To the same effect are New York City Traffic Regulations Section 4-03 (a) (1)(i) and (ii).  See also, New York City Traffic Regulation Section 4-03 (c) (1) which provides that pedestrians may proceed across an intersection with a green WALK SIGN and that vehicular traffic shall yield the right of way to pedestrians crossing an intersection with a "WALK" sign.

In this case, the testimony of the three eyewitnesses (BLANK, EBERLINE and AQUELLER) has established that plaintiff's decedent, SABINA PARADI was crossing the intersection within the crosswalk, with a green WALK sign in her favor.  Defendant has testified that he has no idea where decedent was on the roadway.

14

The failure to yield the right of way to a pedestrian in a cross walk is negligence as a matter of law. See, NEW YORK PATTERN JURY INSTRUCTIONS, NY PJI 2:75 3RD Edition, 2008 at page 427.

Since this incident happened within a crosswalk controlled by a traffic signal, the proper section of the Vehicle and Traffic Law is VTL § 1111 instead of VTL §1151. (PJI Practical Commentaries, PJI 2:75) 3d Edition 2008 at page 428.  "Under VTL §1111, the pedestrian has the right of way when crossing with the pedestrian light in a crosswalk.  In contrast, under VTL §1151, although the pedestrian has the right of way, a duty is imposed on the pedestrian not to leave a curb or other place of safety and enter the path of a vehicle when the vehicle is so close that it is impractical for the driver to yield, Rudolf v. Kahn, 4 AD 3d 408, 771 NYS2d 370.  VTL §1111 is the applicable statute when the accident occurs in an intersection controlled by a traffic light.  It is reversible "fundamental" error to charge VTL §1111 where VTL §1151 is the controlling statute, since the two provisions, impose different rights and ditueis on drivers and pedestrians. Rudolf v. Kahn, supra." PJI Practical Commentaries, (PJI 2:75) 3d Edition 2008 at page 428-429.

Because a truck driver was under a duty under N.Y. VTL §1111 to yield to the plaintiffs' decedent, a pedestrian in a crosswalk with a favorable walk signal, and because there was no issues of fact as to the decedent's comparative negligence,  the defendants were liable for the

plaintiffs' damages.  KIRCHGAESSNER v. HERNANDEZ, 40 A.D.3d 437, 836, N.Y.S.2d 170 (1st Dept. 2007).

### DEFENDANT PHILLIPS VIOLATED NEW YORK STATE VEHICLE AND TRAFFIC LAW §1146

New York State Vehicle and Traffic Law § 1146.  Drivers to exercise due care provides:

Notwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any bicyclist, pedestrian or domestic animal upon any roadway and shall give warning by sounding the horn when necessary.

To the same effect is New York City Traffic Regulation, 4-04 (d).

Defendant PHILLIPS has testified that he never saw decedent and never sounded his horn prior to impact with the pedestrian.

"Vehicle and Traffic Law §1146 imposes a superseding duty on a motorist to exercise due care to avoid hitting a pedestrian. The Pattern Jury Instruction informs the jurors of the general rule, *inter alia*, that a driver is under a duty to keep a reasonably careful look out for pedestrians, to see what is there to be seen, and to use reasonable care to avoid hitting any pedestrian on the roadway (*see* PJ13d 2:75 [2005])." DIETZ v. HUIBREGTSE,  25 A.D.3d 645, 808 N.Y.S.2d 737 (2nd Department 2006).

## DEFENDANT PHILLIPS VIOLATED
## NEW YORK STATE VEHICLE AND TRAFFIC LAW
## §1160

New York State Vehicle and Traffic Law § 1160: Required position and method of turning at intersections provides:

The driver of a vehicle intending to turn at an intersection shall do so as follows:

(c) Left turns on other than two-way roadways. At any intersection where traffic is restricted to one direction on one or more of the roadways, **the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane of the roadway lawfully available to traffic moving in the direction of travel of such vehicle** or, where travel on the shoulder or slope has been authorized, from the shoulder or slope, and after entering the intersection the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane lawfully available to traffic moving in such direction upon the roadway being entered. [emphasis added].

Defendant PHILLIPS in his signed statement to the police at the scene as well as at his deposition stated that he was making his left turn onto Ninth Avenue from the right hand lane of West 37th street.

## CONCLUSION:

Plaintiffs should be granted summary judgment on issues of negligence against defendant PHILLIPS.

                Respectfully submitted,

                S/ Michael V Kaplen

                MICHAEL V. KAPLEN

                DE CARO & KAPLEN, LLP
                Attorneys for Plaintiffs

427 Bedford Road
Pleasantville, NY 10570
(914) 747 4410

6132 MVK

To:
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Attorney for defendant Phillips

Richard W. Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Personal attorney for defendant Phillips