UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   (ECF)
BODO PARADY, as Special Administrator of the Estate      07 CIV 3640 (JCF)
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                                          Magistrate Judge
                                                                                       Francis-all purposes

      Plaintiffs,

            **MOVANT'S STATEMENT**
            **PURSUANT TO**
MICHAEL R. PHILLIPS,         **RULE 56**

       Defendant,

------------------------------------------------------------------------X
    Pursuant to Civil Rule 56 of the Rules of the United States District Court

for the Eastern and Southern Districts of New York,  Plaintiff BODO PARADY,

submits the following statement of material facts as to which there is no genuine

issue to be tried.

1)  On February 25, 2007, defendant MICHAEL R. PHILLIPS (hereinafter

"PHILLIPS") was the owner of a truck bearing New Jersey license number

CMP88D registered in the State of New Jersey for the year 2007.  *[admitted in*

*answer to amended complaint §10, exhibits A & B]*


2)  On February 25, 2007, defendant PHILLIPS operated, managed, and

controlled the truck bearing New Jersey license number CMP88D at the

intersection of West 37th street and  Ninth avenue, County of New York, City and

State of New York.  *[admitted in answer to amended complaint §§11 & 15,*

*exhibits A & B]*


3)  On February 25, 2007, the intersection of West 37th street and Ninth

avenue, County of New York, City and State of New York was and still is a public highway and/or roadway and/or thoroughfare.  *[admitted in answer to amended complaint § 12, exhibits A & B]*

4)     Just prior to the incident giving rise to this lawsuit, defendant PHILLIPS was operating his truck westbound on West 37th street.  *[PHILLIPS deposition, exhibit "C" pages 14-15]*

5)     Defendant PHILLIPS was making a left turn from the right hand land of West 37th street onto Ninth avenue, as was his intent.  *[PHILLIPS signed statement  exhibit "D"; [PHILLIPS deposition, exhibit "C" page 23 and 44]*

6)     The roadway was slushy, icy with wet roads.  *[PHILLIPS deposition, exhibit "C" page 15]*

7)     West 37th street at or about the intersection of Ninth avenue had two moving lanes for  traffic in addition to a lane for parked vehicles on both sides of the street. *[PHILLIPS deposition, exhibit "C" page 16]*

8)     Following the incident that gave rise to this lawsuit, defendant PHILLIPS made a statement to officers of the Police Department of the City of New York which he understood to be in connection with their investigation of this incident. His answers to the questions of the New City Police Department were" truthful

and honest." *[PHILLIPS deposition, exhibit "C" page 18-19].*

9)      Defendant PHILLIPS signed this document after it was read back to him.

*[PHILLIPS deposition, exhibit "C" page 21]*

10)      Defendant made the following admissions to the New York City Police

Department:

"I was w/b/ on 37th street in the right lane.  Two cars were to my

left.  I was going to make a left turn on 9th avenue.  The two cars on

my left went straight at 9th avenue.  We had the green light.  When

the two cars cleared, I began to make my turn and didn't even see

them.  I heard the bang and stopped."  *[PHILLIPS signed statement,*

*exhibit "D", deposition testimony, exhibit "C" at page 23]*

11)      Defendant PHILLIPS answered the following question asked by the

police department:

Q:  Did vehicle swerve or turn to avoid contact?

A:  I didn't see them. *[PHILLIPS signed statement, exhibit "D]*

12)      Defendant PHILLIPS answered the following question asked by the

police department:

Q:  Immediately prior to the accident, was any signal given? (horn-

hand-other)

A:  No.  [*PHILLIPS signed statement, exhibit "D]*

13)     Defendant PHILLIPS answered the following question asked by the police department:

Q:   What were the points of impact? Defendant PHILLIPS answered the following question asked by the police department:

A:     L/Ft Fender-Bumper  [*PHILLIPS signed statement, exhibit "D]*

14)      Defendant PHILLIPS answered the following question asked by the police department:

Q: In what direction was pedestrian (if any) going?

A: With signal light.  [*PHILLIPS signed statement, exhibit "D*]

15)     At the time he was making his turn, defendant PHILLIPS was able to see clearly through the front windshield of his vehicle with his windshield wipers which were operating at the time.  His windshield was free of snow debris while making his left turn.  [*PHILLIPS deposition, exhibit "C" page 15-16 ,31 and 54*]

16)     The roadway was lighted.   [*PHILLIPS signed statement, exhibit "D"*]

17)      The lights on PHILLIP'S truck were on. *[PHILLIPS deposition, exhibit "C"*

*page 16]*

18)     The photograph, marked as plaintiffs deposition exhibit 1 at defendant

PHILLIPS deposition, is a fair and accurate depiction of the intersection of West

37th street and Ninth avenue in the direction of travel of defendant PHILLIPS

(westbound)  on the night of this incident (except for light and weather conditions)

*[Photo annexed hereto as exhibit "E"--PHILLIPS deposition, exhibit "C" page 33]*

19)     The photograph, marked as plaintiffs deposition exhibit 6 at defendant

PHILLIPS deposition, is a fair and accurate depiction of the view of  Ninth avenue

going southbound at the intersection of West 37th street and Ninth avenue

(except for light and weather conditions)     *[Photo annexed hereto as exhibit "F"--*

*Phillips deposition, exhibit "C" page 34]*

20)     The photograph, marked as plaintiffs deposition exhibit 3 at defendant

PHILLIPS deposition,  is a fair and accurate depiction of his view as he was

making his left turn from West 37th street into the southbound lanes of Ninth

avenue (except for light and weather conditions) .  *[Photo annexed hereto as*

*exhibit "G"--Phillips deposition, exhibit "C" page 36]*

21)     Defendant PHILLIPS understood that any pedestrian crossing Ninth

avenue at the intersection of West 37th street,  while he (PHILLIPS)  was in the

process of making his left turn at this same intersection would have the right of

way over his vehicle. *[PHILLIPS deposition, exhibit "C" pages 51-52]*

22)      Defendant PHILLIPS understood that it was his obligation to yield the right of way to any pedestrians crossing the intersection Ninth avenue at the intersection of West 37th street while he was in the process of making his left turn. *[PHILLIPS deposition, exhibit "C" page 52]*

23)      Just prior to the incident, Decedent SABINA PARADI (hereinafter "PARADI") was standing at the southwest corner of the intersection of W 37th street and Ninth avenue with her companion, MATTHEW BLANK (hereinafter "BLANK" waiting for the pedestrian signal to turn from red to green. *[BLANK deposition exhibit "H"]*

24)      When the pedestrian walk signal changed to green, PARADI and her companion MATTHEW BLANK proceeded to cross the street. They were crossing within the marked crosswalk. *[BLANK deposition exhibit "H" at pages 59-61, 63]*

*25)*      SABINA PARADI and her companion, MATTHEW BLANK were crossing Ninth Avenue with the WALK signal in their favor. *[BLANK deposition, exhibit "H" at page 63]*

26)    The accident occurred in the third or fourth lane of the five land roadway, known as Ninth avenue. *[BLANK deposition, exhibit "H" at page 65]*

27)    At the time of impact, PARADI and her companion, BLANK were within the crosswalk. *[BLANK deposition, exhibit "H" at page 83 & 95].*

*28)*    Defendant, PHILLIPS admits that *SABINA PARADI* was crossing the street with the signal light. *[See bottom portion of signed statement exhibit "D" where the box is checked crossing with signal]*

29)    SABINA PARADI was hit by the front grill of defendant's pickup truck. *[BLANK deposition, exhibit "H" at page 68-70]*

30)    Defendant PHILLIPS admitted to the police as reflected in his signed statement that his vehicle made impact with SABINA PARADI with the point of impact being the left front fender-bumper. *[See PHILLIPS statement to Police, exhibit "D", "Q: What were the points of impact? A: L/Ft Fender-Bumper" ]*

31)    SABINA PARADI let out a loud scream just prior to the time of impact with the pickup truck. *[BLANK deposition, exhibit "H" at p.82]*

32)    As a result of the impact, PARADI fell to the ground. *[BLANK deposition, exhibit "H" at page 75-76]*

33)    Two pedestrians,  MARIA EBERLINE along with her friend, SHARLENE

AQUILLER were  also crossing West 37th street and Ninth avenue at the time of

this incident.  They were crossing in front of SABINA PARARDI and MATTHEW

BLANK.  *[EBERLINE deposition, exhibit "I"  pages 27-28; AQUILLER deposition,*

*exhibit "J]*


34)    MARIA EBERLINE was  crossing the street ahead of SABINA PARADI,

she noticed the defendant's vehicle at the corner of Ninth Avenue and W. 37th

street and estimated it speed to be 40 miles per hour..  She took notice of this

vehicle because of its speed. *[EBERLINE  deposition, exhibit "I" at pages 10-11]*


35)    MARIA EBERLINE while crossing the intersection of Ninth Avenue and

W. 37th street heard a scream, a loud thud,  turned around and saw decedent,

PARADI lying on the ground within the crosswalk.  *[EBERLINE deposition,*

*exhibit "I"  pages 12-13, 31 & 38-39]*


36)    SHARLENE AQULLER was crossing the street ahead of SABINA

PARADI, she noticed the defendant's vehicle at the corner of Ninth Avenue and

W. 37th street and estimated it speed to be between 35 and 40 miles per hour.

She took notice of this vehicle because of its speed. *[AQUILLER deposition,*

*exhibit "J" at page 35].*

37)      SHARLENE AQUILLER while crossing the intersection of Ninth Avenue and West 37th street, heard a screech, a scream, a loud thud and saw decedent PARADI lying on the ground within the crosswalk. *[AQUILLER deposition, exhibit "J" pages 7-8, 39, 43-44]*

38)      At the time of this impact there was a light snowfall.  *[BLANK deposition, exhibit "H" at page 72; EBELINE  deposition, exhibit "I", page 8 ]*

39)      Defendant, PHILLIPS never saw decedent SABINA PARADI and her companion, MATTHEW BLANK prior to the incident. *[PHILLIPS statement to police, exhibit "D"]*

40)      While in the process of making his left turn from the right hand lane of W. 37th street, defendant PHILLIPS   heard a bang and stopped his truck. *[PHILLIPS statement to police, exhibit "D"]*

41)       PHILLIPS  view while observing for pedestrians crossing Ninth avenue was not obstructed in any way.  *[PHILLIPS deposition, exhibit "C" page 54]*

42)      Defendant, PHILLIPS never observed any pedestrians crossing the intersection of Ninth Avenue and  West 37th street.  *[PHILLIPS deposition, exhibit "C" at page 30]*

43)     Defendant, PHILLIPS never observed any pedestrians standing on any of the corners waiting to cross the intersection.  *[PHILLIPS deposition, exhibit "C" at page 30]*

44)     Before making his left turn onto Ninth Avenue, defendant PHILLIPS did not see any pedestrians crossing Ninth Avenue, either westbound or eastbound.  *[PHILLIPS deposition, exhibit "C" page 37]*

45)     While in the process of making his left turn, defendant PHILLIPS continued to observe the crosswalk and never saw pedestrians crossing Ninth avenue in either direction.  *[PHILLIPS deposition, exhibit "C" page 53]*

46)      While in the process of making his left turn, defendant, PHILLIPS did hear a loud bang coming from his left front fender which indicated that his vehicle made contact with an individual.  *[PHILLIPS deposition, exhibit "C" page 30]*

47)     Defendant, PHILLIPS does not know what the position of his truck was in on the roadway of Ninth avenue when he was in the process of making his left turn and heard the bang and then immediately stopped his vehicle.  *[PHILLIPS deposition, exhibit "C" at page 35-36]*

48)      After PHILLIPS heard this loud sound, he immediately stopped his truck, got out and observed a young woman lying on the ground. *[PHILLIPS deposition,*

*exhibit "C" at page 39]*

49)    PHILLIPS does not know what the position of SABINA PARADI was on

the ground was vis is vis the crosswalk.  *[PHILLIPS deposition, exhibit "C" page*

*39]*


50)    New York State Vehicle and Traffic Law §1111(a), in effect at the

time of this incident provides:

    a) Green indications:

    1. Traffic, except pedestrians, facing a steady circular green signal
may proceed straight through or turn right or left unless a sign at such
place prohibits either such turn. Such traffic, including when turning right
or left, **shall yield the right of way** to other traffic lawfully within the
intersection **or an adjacent crosswalk** at the time such signal is
exhibited. [emphasis added]

    3. Unless otherwise directed by a pedestrian-control signal as provided
in section eleven hundred twelve, **pedestrians facing any steady green
signal**, except when the sole green signal is a turn arrow, **may proceed
across the roadway within any marked or unmarked crosswalk.**
[emphasis added]


51)    New York City Traffic Regulation Section 4-03 (a) (1)(i) and (ii), in

effect at the time of this incident provides:

**(a) Traffic control signals.** Whenever traffic is controlled by traffic control
signals exhibiting different colored lights successively, the following colors shall
indicate and apply to operators of vehicles and to pedestrians, except as
superseded by pedestrian control signals, as follows:

**(1) Green alone.**

**(i)** Vehicular traffic facing such signals may proceed straight through or
turn right or left unless a sign at such place prohibits any such movement.
But vehicular traffic, including vehicles turning right or left, shall yield the
right of way to other vehicles and to pedestrians lawfully within the

intersection or an adjacent crosswalk at the time such signal is exhibited.

**(ii)** Pedestrians facing such signal may proceed across the roadway

within any crosswalk.

52)     New York City Traffic Regulation Section 4-03 (c) (1), in effect at

the time of this incident  provides:

**(c) Pedestrian control signals.** Whenever pedestrian control signals are in operation,  exhibiting the words "WALK" and "DON'T WALK" successively, the international green colored hand symbols, figures or any other internationally recognized representation concerning the movement of pedestrians, such signals shall indicate as follows:

**(1) WALK, green hand symbol or green walking figure.** Pedestrians facing such signal may proceed across the roadway in the direction of the signal in any crosswalk. **Vehicular traffic shall yield the right of way to such pedestrians**. [emphasis added]

53)     New York State Vehicle and Traffic Law § 1146.  Drivers to

exercise due care, in effect at the time of this incident,  provides:

        Notwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any bicyclist, pedestrian or domestic animal upon any roadway and shall give warning by sounding the horn when necessary.

54)   New York State Vehicle and Traffic Law,  §1160:  Required position

and method of turning at intersections,  in effect at the time of this incident,

provides:

        The driver of a vehicle intending to turn at an intersection shall do so as follows:

        (c) Left turns on other than two-way roadways. At any intersection where traffic is restricted to one direction on one or more of the roadways, **the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane of the roadway lawfully available to traffic moving in the direction of travel**

**of such vehicle** or, where travel on the shoulder or slope has been authorized, from the shoulder or slope, and after entering the intersection the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane lawfully available to traffic moving in such direction upon the roadway being entered. [emphasis added].

Dated: Pleasantville, New York
     January  17 ,  2008          DE CARO & KAPLEN, LLP

                                   By:  S/ Michael V. Kaplen
                                   _____
                                   Michael V.  Kaplen, Esq.
                                   A member of the firm
                                   Attorneys for Plaintiff
                                   427 Bedford Road
                                   Pleasantville, NY 10570
                                   (914) 747 4410
                                   6132-MVK

To:
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Attorney for defendant Phillips

Richard W. Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Personal attorney for defendant Phillips