RWW/ek/MSR10106/LEGAL/MTDIS102307

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BONO PARADY, as Special Administrator of the Estate
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,

Plaintiffs,

-against-

MICHAEL R. PHILLIPS,

Defendant.

---

07 CIV 3640 (VM) (JCF)
ECF CASE

Magistrate Judge James C. Francis

**NOTICE OF CROSS-MOTION
FOR PARTIAL SUMMARY
JUDGMENT DISMISSING
PUNITIVE DAMAGE CLAIMS
ONLY**

TO:    Michael V. Kaplen, Esq.
       De Caro & Kaplen, LLP
       20 Vesey Street
       New York, NY 10007
       *Attorney for Plaintiff*

       James D. Butler, Esq.
       JAMES D. BUTLER, P.A.
       ATTORNEY AT LAW
       591 Summit Avenue
       Jersey City, NJ 07306-2703
       *Attorney for Defendant*

**PLEASE TAKE NOTICE** that upon the annexed Affirmation of Richard W. Wedinger,

Esq., affirmed on January 25, 2007, and upon the exhibits attached hereto, the accompanying

Memorandum of Law in support of this motion, and the pleadings herein, Defendant MICHAEL

PHILLIPS will move this Court, before Honorable James C. Francis, United States Magistrate

Judge, at the Courthouse located at United States Courthouse, Room 18 D, 500 Pearl Street, New

York, New York, 10007, on February 8, 2008 at 9:30 o'clock in the forenoon, or as soon thereafter as counsel can be heard for the entry of an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure granting a summary judgment dismissing Plaintiffs' punitive damage claims against Defendant MICHAEL PHILLIPS and for such other and further relief as this Court may deem just, proper and equitable.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: Edison, New Jersey
      January 28, 2008

Signature:   /s/ Richard Wedigner, Esq.
Address:    1024 Amboy Avenue
               Edison, New Jersey 08837
Telephone No:(732) 225-3510
Fax Number:  (732) 225-3544

RWW/ek/MSR10106/LEGAL/MTDIS102307

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BONO PARADY, as Special Administrator of the Estate
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                    07 CIV 3640 (VM) (JCF)
                                                        ECF CASE
Plaintiffs,

                                                        Magistrate Judge James C. Francis
-against-

MICHAEL R. PHILLIPS,                                    **AFFIRMATION OF SERVICE**


Defendant.

---

        I, Richard Wedinger, Esq., **declare under penalty of perjury** that I have electronically

filed Notice of Cross-Motion for a Partial Summary Judgment Dismissing Plaintiffs' Punitive

Damage Claims Only, Affirmation in Support of Motion, Memorandum of Law in Support of

Cross-Motion for a Partial Summary Judgment Dismissing Plaintiffs' Punitive Damage Claims

Only and supporting Exhibits, and Affirmation of Service with the United States District For the

Southern District of New York, which has an address of 500 Pearl Street, New York, New York

10007.  One (1) copy was also sent via first class mail to:

Honorable James C. Francis
United States Courthouse
Room 18 D
500 Pearl Street
New York, New York, 10007

Michael V. Kaplen, Esq.
De Caro & Kaplen, LLP

20 Vesey Street
New York, NY 10007
(212) 732 – 2262
6132-MVK
*Attorney for Plaintiffs*

James D. Butler, Esq.
JAMES D. BUTLER, P.A.
591 Summit Avenue
Jersey City, New Jersey 07306-2703
201-653-1676
*Attorneys for Defendant*


January 28, 2008                           Respectfully submitted,
                                           /s/ Richard Wedinger, Esq.
                                           **BARRY, McTIERNAN & WEDINGER**
                                           1024 Amboy Avenue
                                           Edison, New Jersey 08837
                                           732-225-3510
                                           *Attorneys for Defendant in his individual capacity*

RWW/ek/MSR10106/LEGAL/MTDIS102307

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BONO PARADY, as Special Administrator of the Estate
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                              07 CIV 3640 (VM) (JCF)
                                                                 ECF CASE

Plaintiffs,

-against-                                                        Magistrate Judge James C. Francis

MICHAEL R. PHILLIPS,
                                                                 **ORDER**
Defendant.

---

     **THIS MATTER** having been brought before the Court by Notice of Motion by Barry,

McTiernan & Wedinger, counsel for Defendant, MICHAEL R. PHILLIPS, in his individual

capacity sued for punitive damages, for the entry of an Order of this Court granting a Dismissal of

Plaintiffs' Punitive Damage Claims and the Court having considered the parties' submissions; and

for good cause shown,

     **IT IS** on this         day of           , 2007

     **ORDERED** that Defendant's Motion for a Dismissal of Plaintiff's Punitive Damage

Claims is hereby GRANTED;

     **IT IS FURTHER ORDERED** that Plaintiff's Claims for Punitive Damages against

Defendant be dismissed;

     **IT IS FURTHER ORDERED** that a copy of this Order shall be forwarded to all counsel

of record within _____ days of the date hereof.

_____
                           J.S.C.

_____ Opposed
_____ Unopposed

RWW/ek/MSR10106/LEGAL/MTDIS102307

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

BONO PARADY, as Special Administrator of the Estate
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,

Plaintiffs,

-against-

MICHAEL R. PHILLIPS,

Defendant.

_____

07 CIV 3640 (VM) (JCF)
ECF CASE

Magistrate Judge James C. Francis

**AFFIRMATION IN SUPPORT
OF CROSS-MOTION
FOR A PARTIAL SUMMARY
JUDGMENT DISMISSING
PUNITIVE DAMAGE CLAIMS
ONLY**

I, RICHARD WEDINGER, **affirm under penalty of perjury** that:

1.    I am a partner with the Law Firm of Barry, McTiernan & Wedinger, attorney(s) for
Defendant MICHAEL R. PHILLIPS in the above entitled action, and am familiar with
the facts of the above captioned matter.

2.    I submit this Affidavit in support of the instant Motion seeking an Order granting a
Partial Summary Judgment Dismissing Plaintiffs' Punitive Damage Claims against
Defendant pursuant to Fed. R. Civ. Procedure 56, and for such other further and different
relief as this Court deems just and proper.

3.    Defendant PHILLIPS is entitled to a partial summary judgment dismissing Plaintiffs'
punitive damage claims, since Plaintiff failed to show by a preponderance of the evidence
that Defendant PHILLIPS was guilty of gross recklessness or intentional, wanton or
malicious conduct aimed at the public generally or at Plaintiff PARADY, which is

equivalent to "a conscious disregard of the rights of others," or a high degree of moral culpability.

4. Under the New York law, Plaintiff, who seeks an award of punitive damages in personal injury actions based on negligence, must show that the defendant's conduct was "so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others and that the conduct demonstrates a high degree of moral culpability." *Marcoux v. Farm Services and Supplies, Inc.*, 283 F. Supp. 2d 901, 907 (Sep. 12, 2003).

5. Plaintiff's showing of the aforementioned factors to recover punitive damages must be proven by a preponderance of the evidence. *Id.*

6. Judge Owen of the Southern District Court of New York has held that "even there is gross negligence, punitive damages are awarded in singularly rare cases involving an improper state of mind or malice or cases involving wrongdoing to the public." *Id.*

7. When a driver is qualified with appropriate experience for operating a vehicle and the driver's conduct was not intentional to cause an incident, his actions "do not evidence the degree of recklessness and wantonness requisite for an award of punitive damages." *Id.* at 908-909.

8. In New York, the evidence of the intoxication of a defendant driver does not "by itself justify the imposition of punitive damages." *Id.* at 911.

9. The evidence that the defendant was aware of the condition of the defective tires and that he was operating his vehicle at a unreasonable speed at the time of the accident does not demonstrate defendant acted in "disregard for public safety and applicable rules and regulations[,]" which will allow the plaintiff to recover punitive damages. *Id.* at 907.

10.    When a plaintiff fails to show the requisite showing of wanton or reckless conduct, which is more than intoxication, the plaintiff is not allowed to present his case to a jury. *Id.* (*see also Purnick v. C.r. Engliand, Inc.,* 269 f.3d 851, 852-54 (7th Cir. 2001).

11.    When the plaintiff fails to show the requisite showing of wanton or reckless conduct on the part of the defendant, the court must find that the plaintiff does not have any legally sustainable claims against the defendant. *Id.* at 912.

12.    In the present case, Plaintiffs failed to present a scintilla of evidence that Defendant PHILLIPS committed conduct that rises to the level of wantonness and moral culpability required for the imposition of punitive damages as a matter of law.

13.    Rather, the evidence in the case shows that the subject claim was a result of a catastrophic accident, which does not involve any intentional or malicious act of Defendant PHILLPS.

14.    At the time of the alleged accident, Defendant PHILLIPS was making a left turn from 37th Street to 9th Avenue and came into contact with Plaintiff PARADY who was walking across 9th Avenue.  The subject intersection was very dark, since the alleged incident occurred around 9:15 PM.  In addition, the road condition was extremely bad due to snow, slush and a layer of ice from a steady heavy snow.

15.    In addition, Plaintiff PARADY and his companion Mr. Blank were wearing dark cloths and were also wearing a black umbrella, making Defendant PHILLIPS observe the pedestrians on the road.  Mr. Blank also admitted that Plaintiff PARADY and he was not looking at the traffic, while crossing the road.

16.    The Police Report relates that Defendant PHILLIPS was proceeding at a low speed, and, therefore, did not leave any skid mark on the road.  The Police Report further states that

Defendant PHILLIPS' vehicle was operating in a perfect condition.  The Police Report further states that Defendant PHILLIPS was not under influence of any substances at the time of the alleged accident.

17.    Defendant PHILLIPS testified that he did not see Plaintiff PARADY crossing the road, but realized what had occurred only when he got out of his vehicle after he heard a bang sound.  Defendant PHILLIPS testified that he was in total shock when he saw Plaintiff PARADY lying on the ground.  This testimony of Defendant PHILLIPS corresponds to the testimony of Sharlene Aquiler, an independent witness of the alleged accident, who testified that "[Defendant PHILLIPS] was [] out of his vehicle . . . and I remember her was . . . very distressed, almost in shock."

18.    All the evidence in the case proves that the subject incident was simply an accident, which does not allow Plaintiff to recover any punitive damages.  Therefore the undersigned respectfully request the Court to grant a partial summary judgment in favor of Defendant PHILLIPS, dismissing Plaintiff's punitive damages claims against Defendant.  In seeking the relief, the undersigned further rely on the Memorandum of Law in Support of Defendant's Cross-Motion for a Partial Summary Judgment dismissing Punitive Damage Claims Only.

**WHEREFORE**, the undersigned respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

Dated: Edison, New Jersey
      January 28, 2008

Signature:    /s/  Richard Wedigner, Esq.
Address:    1024 Amboy Avenue
            Edison, New Jersey 08837
Telephone No:(732) 225-3510
Fax NO.:    (732) 225-3544

RWW/ek/MSR10106/LEGAL/MTDIS102307

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BONO PARADY, as Special Administrator of the Estate
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,,

Plaintiffs,

-against-

MICHAEL R. PHILLIPS,

Defendant.

---

07 CIV 3640 (VM) (JCF)
ECF CASE

Magistrate Judge James C. Francis

---

## MEMORANDUM OF LAW IN SUPPORT OF A PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFFS' PUNITIVE DAMAGE CLAIMS ONLY ON BEHALF OF DEFENDANT MICHAEL PHILLIPS'

---

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

**On the brief:**
Richard W. Wedinger, Esq.
Eun K. Kim, Esq.

# TABLE OF CONTENTS

|  | PAGE NUMBER(S) |
|---|---|
| **TABLE OF AUTHORITIES**………………………………………………... | iii |
| **INTRODUCTION**………………………………………………………… | 2 |
| **STATEMENT OF MATERIAL FACT**…..……………………………… | 3 |
| **LEGAL ARGUMENT**……………………………………………….. | 7 |

**POINT I**

**PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PUNITIVE DAMAGES MUST BE GRANTED IN FAVOR OF DEFENDANT MR. PHILLIPS, SINCE THERE IS NO GENUINE ISSUES OF MATERIAL FACT THAT MR. PHILLIPS DID NOT COMMIT ANY WANTON, MALICIOUS, OR GROSS AND OUTRAGEOUS CONDUCT**…………………………………………..          7

**POINT II**

**THE PUNITIVE DAMAGE CLAIMS BY PLAINTIFF MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT MR. PHILLIPS' CONDUCT WAS SO RECKLESS OR WANTONLY NEGLIGENT AS TO BE THE EQUIVALENT OF A CONSCIOUS DISREGARD OF THE RIGHTS OF OTHERS AND THE CONDUCT DEMONSTRATES A HIGH DEGREE OF MORAL CULPABILITY; RATHER THE EVIDENCE IN THE CASE SHOWS THAT THE SUBJECT INCIDENT WAS AN ACCIDENT, WHICH DEFENDANT DID NOT EXPECT AT ALL**………………………………………………          9

**CONCLUSION**…………………………………………………………          15

# TABLE OF AUTHORITIES

## CASES

*Celotex Corp. Catrett*
U.S., 106 S.Ct. 2548 (1986)………………………………………………    7

*Finaly v. Simonovich*
1997 U.S. Dist. LEXIS 19100 (2nd Cir. 1997)……………………….......    9, 10

*Haas v. Tishman construction. Corp. of NY*
987 U.S. Dist. LEXIS 137 (Jan. 13, 1987) …………………………….….    7

*Hamilton* v. *Third Ave. R. R. Co.*
53 N. Y. 25 (1873)………………………………………………………..    9

*Ingle v. Mark*
58 Misc. 2d 895, 896 (2nd Cir. 1969)…………………………………..    9

*Marcoux v. Farm Services and Supplies, Inc.*
283 F. Supp. 2d 901 (Sep. 12, 2003)…………………………………….7, 9, 11, 12, 14

## COURT RULES

Fed. R. Civ. P. 56(c)………………………………………………………    7, 10

**INTRODUCTION**

On or about May 8, 2008, Plaintiffs BODO PARADY and MARY MOORE, the guardians of PARADY PARADI, a judicially declared incapacitated person, brought the present action against Defendant MICHAEL PHILLIPS, alleging that PARADY PARADI sustained injuries at the intersection of West 37th Street and 9th Avenue, County of New York, New York on February 25, 2007. Mr. Phillips appeared through his counsel James Butler, Esq. by filing an Answer on June 6, 2007. On October 5, 2007, Plaintiffs, BODO PARADY, as special administrator of the estate of PARADY PARADI and BODO PARADY and MARY MOORE, individually, filed an Amended Complaint, alleging that PARADY PARADI has deceased, as a result of the aforementioned accident (*please see* Exhibit A of Plaintiff's Motion for Summary Judgment: Plaintiffs' Amended Complaint filed October 5, 2007). On or about October 24, 2007, the law firm of Barry, Mctiernan & Wedinger filed a Notice of Appearance on behalf of Mr. Phillips, in his individual capacity, sued for punitive damages.

## DEFENDANT MICHAEL PHILLIPS' STATEMENT MATERIAL FACT
## PURSUANT TO RULE 56

1. In the Amended Complaint, Plaintiffs seek actual and exemplary damages against Mr. Phillips alleging that Mr. Phillips operated his truck in a negligent, careless, reckless, willful, wanton and grossly negligent manner (*please see* Exhibit A of Plaintiff's Motion for Summary Judgment).

2. According to the Police Report and the testimonies of Mr. Phillips and the witness Mathew Blank, when the alleged accident occurred, Mr. Phillips was proceeding to 9th Avenue making a left turn from 37th Street and Plaintiff Parady and Mr. Blank were crossing the 9th Avenue crosswalk (*please see* Exhibit C of Plaintiff's Motion for Summary Judgment: Dep. Trans. of Michael Phillips, 11:25-12:3 & *please see* Exhibit D of Plaintiff's Motion for Summary Judgment: Witness Statement to the police by Mr. Phillips & *please see* Exhibit A: Police Accident Report  dated February 26, 2007)).

3. It was after 9:15 PM when the alleged accident occurred (Exhibit E: 37:6).

4. According to the Police Report "[t]he [w]eather conditions at the time of [the alleged incident] were a steady heavy snow" and "[t]he roadway surface was covered with snow and a layer of [i]ce."  (Exhibit D).

5. The Police Report further states that "[t]he [w]eather conditions at the time of [the alleged incident] were a steady heavy snow" and "[t]he roadway surface was covered with snow and a layer of [i]ce."  (Exhibit D, p. 2).

6. More specifically, the Police Report states that

    The undersigned did inspect the collision scene for evidence.  The roadway surface was a snow/slush and ice covered asphalt surface.  The C.O.F. was found to be a  .30% due to the icy roadway and *the low speed* of Vehicle #1 no skids were placed.

2

(Exhibit D: p. 2)

7. The Police Report further states as follows:

> The undersigned (Police Officer Rooney Patrick, Jr.) did inspect the interior of Vehicle # 1 (Mr. Phillips' car). No evidence of any alcoholic beverages or narcotics were detected. The operator of Vehicle #1 (Mr. Phillips) did have a cellphone however it was not in use at the time of this collision. The undersigned also checked the defroster and the windshield wipers of Vehicle #1. The defroster did work and cleared the entire window. The windshield wipers cleared the outside of the windshield with out streaking. The exterior of Vehicle #1 was also inspected. Vehicle #1 was also inspected [sic] Vehicle #1 received no damage in this collision. The undersigned did roadtest Vehicle #1 and found no mechanical defects with vehicle #1.

*Id.*

8. Mr. Phillips testified in his deposition that, when he had a green light, he observed whether any pedestrians were crossing and then moved to make a left turn (*please see* Plaintiff's Exhibit C to Motion for Summary Judgment, at 36:10-37:14).

9. However, Mr. Phillips also stated in his witness statement to the police that his visibility was obstructed because there were two cars on his left side and because it was snowing (*please see* Exhibit D of Plaintiff's Motion for Summary Judgment).

10. While crossing the 9th Avenue, Mr. Blank and Plaintiff Parady were wearing a black umbrella and were not looking at the traffic (Exhibit B: Witness Statement –Vehicle Accident by Matthew Blank; the part where Mr. Blank states that us 10% by not looking & *please see* Exhibit H to Plaintiff's Motion for Summary Judgment, at 33:12-22).

11. Mr. Phillips testified in his deposition that he proceeded to 9th Avenue making a left turn, heard a loud banging sound, and immediately stopped and got out of his vehicle (Plaintiff's Exhibit C, at 38:4-38:24).

3

12. Mr. Phillips further testified that he saw Plaintiff Parady lying on the street and a guy (Mr. Blank) who was standing near her, both of them wearing very dark clothes on (Plaintiff's Exhibit C, at 42:6-21).

13. Sharlene Aquiler, an independent witness, also testified that both Plaintiff Parady and Mr. Blank were wearing long dark colored coats at the time of the alleged accident (*please see* Exhibit J of Plaintiff' Motion for Summary Judgment: Saharlen Aquiler Dep. Trans. dated December 20, 2008, at 22:5-12).

14. Plaintiff Parady and Mr. Blank were using a black umbrella together when the alleged accident occurred (Plaintiff's Exhibit H, at 70:21-24; 72:18-73:22).

15. Prior to when the alleged accident occurred, Ms. Maria Eberlinem, an independent witness, saw Defendant's vehicle traveling at 30 - 40 miles per hour, however, she was not sure when he slowed down after his car passed her (*please see* Plaintiff's Exhibit I Motion for Summary Judgment,  at 40:11-19).

16. Mr. Blank testified that immediately before Mr. Phillips' vehicle made contact with Plaintiff Parady, Defendant's vehicle was traveling approximately at 15 or 20 miles per hour (Plaintiff's Exhibit H, at 71:3-5).

17. Mr. Blank further testified that Plaintiff Parady simply fell at the spot without any "real forward trajectory" when the impact was levied on Plaintiff Parady due to the contact with Defendant's vehicle (*Id.* at 75:-14-24).

18. More specifically, Mr. Blank described Plaintiff Parady's fall as following: "she was hit straight on and essentially just crumpled. . .  She just fell.  She didn't go flying or anything, just feel hard on the ground. . . ."  (*Id.* at 76:11-16).

4

19. Mr. Blank further testified that Mr. Phillips was able to immediately stop his vehicle without traveling further from the point of impact and he does not remember Defendant's vehicle sliding forward (*Id.* at 77:3-12).

20. Mr. Blank further testified that he was walking extremely close to Plaintiff Parady being a step away from her (*Id.* at 82:2-5).

21. More specifically Mr. Blank testified that "[i]t was literally a matter of inches" between Plaintiff Parady and himself. *Id.*

22. However, Mr. Blank testified that he did not come in contact with either Plaintiff Parady or Defendant's vehicle, when the alleged accident occurred, even though he was only an inch away from Plaintiff. *Id.* at 82:1-22.

23. When Mr. Phillips immediately got out of his vehicle, he saw Plaintiff Parady on the street, was shocked and did not know what exactly happened at the time. *Id.* at 78:6-9 & Plaintiff's Exhibit C at 40:6-9.

24. Mr. Blank and Ms. Aquila testified that Mr. Phillips looked extremely disturbed and shocked, when he saw Plaintiff Parady (Plaintiff's Exhibit H, 78:6-20) (Plaintiff's Exhibit J, at 42:23-43:4).

25. More Specifically, Ms. Aquiler testified that "[Mr. Phillips] was . . . very distressed, almost in shock." (Plaintiff's Exhibit J, 42:23-43:4).

26. Due to the aforementioned accident, a Summon was issued to Mr. Phillips for failure to yield to pedestrians (Exhibit C: Summon).

27. However, in the hearing before the Administrative Law Judge, Mr. Phillips was found not guilty (Exhibit D: Hearing Trans., dated June 1, 2007).

# LEGAL ARGUMENT

## POINT I

### PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF PUNITIVE DAMAGES MUST BE GRANTED IN FAVOR OF DEFENDANT MR. PHILLIPS, SINCE THERE IS NO GENUINE ISSUES OF MATERIAL FACT THAT MR. PHILLIPS DID NOT COMMIT ANY WANTON, MALICIOUS, OR GROSS AND OUTRAGEOUS CONDUCT.

> Under Fed. R. Civ. P. 56, summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The burden rests on the movant to demonstrate the absence of a genuine issue of material fact (citation omitted). A genuine factual issue exists if there is sufficient evidence favoring the nonmovant for a reasonable jury to return a verdict in his favor. In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. To defeat summary judgment, the nonmovant must go beyond the pleadings and 'do more than simply show that there is some metaphysical doubt as to the material facts.' The court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist.

*Marcoux v. Farm Services and Supplies, Inc.*, 283 F. Supp. 2d 901, 907 (Sep. 12, 2003).

Fed. R. Civ. P. 56(c) "also allows for partial summary judgment on [the] issue of liability only." *Haas v. Tishman construction. Corp. of NY*, 1987 U.S. Dist. LEXIS 137, *6-*8 (Jan. 13, 1987) (*citing* Celotex Corp. Catrett, U.S., 106 S.Ct. 2548 (1986)). Under the United States Supreme Court's standard for summary judgment set forth in *Celotex*, the Court must find for Mr. Phillips, unless Plaintiffs in the present case make "a sufficient showing of [Mr. Phillips' alleged reckless and wanton disregard of public rights to avoid summary judgment on the issue of punitive damages." *Id*. at *8.

It is respectfully submitted in the case at bar, based upon the evidence which is presented herein, which shows that Plaintiffs' claims for punitive damages are without factual support, that Mr. Phillips is entitled to Summary Judgment, as a matter of law, at this time, under the *Celotex*, *Marcoux* and *Haas* standards, set forth above. Given the lack of any material question of fact,

6

and further given the applicable law, it is respectfully submitted that partial summary judgment on Plaintiffs' claims for punitive damages should be granted for Mr. Phillips with prejudice at this time, and without costs.

## POINT II

**THE PUNITIVE DAMAGE CLAIMS BY PLAINTIFF MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT MR. PHILLIPS' CONDUCT WAS SO RECKLESS OR WANTONLY NEGLIGENT AS TO BE THE EQUIVALENT OF A CONSCIOUS DISREGARD OF THE RIGHTS OF OTHERS AND THE CONDUCT DEMONSTRATES A HIGH DEGREE OF MORAL CULPABILITY; RATHER THE EVIDENCE IN THE CASE SHOWS THAT THE SUBJECT INCIDENT WAS AN ACCIDENT, WHICH DEFENDANT DID NOT EXPECT AT ALL.**

"Punitive damages are penal in nature as distinguished from compensatory damages." *Hamilton* v. *Third Ave. R. R. Co.*, 53 N. Y. 25 (1873).  The purpose of imposing punitive damages is "to punish and deter a defendant from indulging in similar conduct in the future and are allowed where the wrong complained of is morally culpable" or "is actuated by evil and reprehensible motives," since it is a social exemplary remedy, not a private compensatory remedy.  *Ingle v. Mark*, 58 Misc. 2d 895, 896 (2nd Cir. 1969); *Finaly v. Simonovich*, 1997 U.S. Dist. LEXIS 19100, *11-*12 (2nd Cir. 1997).  "[U]nder well established principles of New York Law[,]" "the standard for an award of punitive damages [ ] is a demanding one." *Marcoux*, 283 F. Supp. 2d, 907-908.  In personal injury actions based on negligence,

> Plaintiff must show the defendant's conduct to be so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others and that the conduct demonstrates a high degree of moral culpability. Indeed, New York courts have used a variety of phrases to describe the moral culpability that will support punitive damages for ***nonintentional torts*** including utter recklessness**,** reckless and of a criminal nature, and clearly established, wanton or malicious, or gross and outrageous, or a design to oppress and injure, conscious indifference to the effect of his acts, action committed recklessly or wantonly, i.e., without regard to the rights of the plaintiff, or of people in general.  ***Indeed, as Judge Owen of the Southern District of New York observed in West, in New York, even where there is gross negligence, punitive damages are awarded in singularly rare cases such as cases involving an improper state of mind or malice or cases involving wrongdoing to the public."*** Indeed, the Southern District has held that a plaintiff seeking punitive damages in New York must prove the existence of these factors ***by a preponderance*** *of the evidence*.

8

*Id.* (citations omitted) (internal quotation marks omitted) (emphasis added).

When a driver is qualified with appropriate experience for operating a vehicle and the driver's conduct was not intentional to cause an incident, his actions "do not evince the degree of recklessness and wantonness requisite for an award of punitive damages." *Id.* at 908-909. A series of New York cases are instructive to show "how truly wanton and outrageous a defendant's conduct must be to justify the imposition" of punitive damages. *Id.* at 909. For example, in New York, "it is well established that 'evidence that a defendant was driving while intoxicated will not by itself justify the imposition of punitive damages.'" *Id.* at 911. "The requisite showing of 'wanton or reckless conduct' requires more than intoxication, the plaintiff must prove conduct of that nature, in addition to intoxication, in order to present a jury question." *Id.* (*see also Purnick v. C.r. Engliand, Inc.,* 269 f.3d 851, 852-54 (7th Cir. 2001), where the court dismissed the plaintiff's punitive damages claim holding under Indianan's punitive damages, standard, which is similar to that of New York, "even assuming that [plaintiff] has shown that [the driver] falsified his logs, drove beyond the ten-hour limit several time in the week preceding the crash and was fatigued when he hit her car, she presents no evidence that [the defendant] knew that his misconduct would probably result in injury.")

"Under Rule 11, Fed. R. Civ. P., by submitting a complaint asserting a punitive damages against [a defendant], plaintiff counsel would be 'certifying that to the best of [counsel's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [ ] the allegation and other factual contentions have evidentiary support or, if specifically identified, are likely to have evidentiary support after a further reasonable opportunity for further investigation or discovery." *Finaly,* 1997 U.S. Dist. LEXIS, *17.

In *Marcoux*, plaintiff brought a personal injury action against defendant alleging negligence. 283 F. Supp. 2d, 904-5. The plaintiff was proceeding northbound and the defendant driver was proceeding southbound. *Id*. The defendant drove his vehicle around the curve to westbound, approached the intersection, applied the truck's brakes, but unable to stop in time on the wet pavement. *Id*. Thereafter, the defendant's vehicle swung out slightly into the opposing traffic lane and its rear wheels struck plaintiff's car. *Id*. Defendant's vehicle came to stop a few hundred feet from the scene of the accident and plaintiff sustained serious injuries as a result of the accident. *Id*. According to the police investigation, defendant's vehicle was "over the double yellow line, and that it had been operated at a unreasonable speed" and defendant was issued five traffic tickets, which included the ones for unsafe trailer tires. *Id*.

The main issue that was considered by the *Marcoux* court was plaintiff's claims for punitive damages against defendant. Plaintiff argued that the fact that defendant was aware of the condition of the defective tires and the fact that the defendant was issued with the unreasonable speed ticket after the accident demonstrate defendant's "disregard for public safety and applicable rules and regulations." *Id*. at 909. Answering these allegations, defendant asserted that the imposition of punitive damages is simply improper, since defendant possessed appropriate experience and qualification for operating the vehicle. After a long discussion of the motor vehicle accident cases which involves punitive damages claims, the court held that the conduct of the driver did not, "as a matter of law, rise to the level of wantonness and moral culpability required for the imposition of punitive damages." The court held that "[g]iven the high degree of wantonness, malice and conscious disregard for the rights and safety of others needed for the imposition of punitive damages in New York . . ., we conclude that the instance

case is not one of the 'singularly rare' situations wherein punitive damages are legally sustainable. *Id.* at 912.

In the present case, the alleged accident occurred at the intersection of 37th Street and 9th Avenue, when Mr. Phillips was making a left turn onto 9th Avenue and Plaintiff Parady was walking across 9th Avenue with her companion Mr. Blank. *Supra*, Introduction # 6. The alleged accident occurred when it was very dark at 9:15 PM. In addition to the time of the day, the subject intersection was very dark due to the bad weather. As explained in the police report and as testified by Mr. Phillips as well as other witnesses, Ms. Eberline and Ms. Aquiller, the weather conditions at the time of the accident were a steady and heavy snow, leaving the roadway surface covered with snow and a layer of ice. Moreover, Mr. Phillips' visibility was more restricted, since both Plaintiff Parady and Mr. Blank were wearing dark clothes. Notably, Plaintiff Parady and Mr. Blank were sharing a black umbrella, when they were crossing the crosswalk. More specifically, Mr. Blank provided testimony to the Police that they were walking side by side using a black umbrella, not looking at the traffic. The statement by Mr. Blank corresponds to the testimony of Sharlene Aquiler, an independent witness, who testified that both Plaintiff Parady and Mr. Blank were wearing very dark colored long coats.

When the alleged incident occurred, Mr. Phillips had a green light and was proceeding to 9th Avenue. While making a left turn onto 9th Avenue, Mr. Phillips suddenly heard a banging sound, immediately stopped the vehicle and got out of the vehicle. At this point, Mr. Phillips found Plaintiff Parady lying on the street. Mr. Phillips testified that he was shocked and he did not know what exactly happened at the time. Ms. Aquila testified that Mr. Phillips looked extremely disturbed and shocked, when he found out what just occurred. More specifically, Ms. Aquiler testified that "[Mr. Phillips] was . . . very distressed, almost in shock." As the

11

independent witness Aquiler testified, the reaction of Mr. PHILLIPS shows that the alleged accident was not in any way a case which involves "an improper state of mind or malice" or "wrongdoing to the public."

Moreover, the police officers, who conducted a thorough investigation of the vehicle and Mr. Phillips, found that Mr. Phillips did not consume any alcoholic beverages or narcotics and Mr. Phillips was not using his cellular phone. It was also found that Mr. Phillips' vehicle was in a good condition without any mechanical defects and the vehicle did not sustain any damage from the collision. Particularly, the police report indicated that Mr. Phillips was proceeding with low speed that there was no skid mark on the road. The low speed of the vehicle driven by Mr. Phillips is also evinced by a testimony of the witnesses. Mr. Blank, who testified that he was a extremely close to Plaintiff Parady sharing his black umbrella, described that Plaintiff Parady simply fell at the spot without any "real forward trajectory" when the contact was made. Mr. Blank further testified that "[Plaintiff] Parady was hit straight on the essentially just crumpled. . . She just fell. She did not go flying or anything, just fell hard on the ground. . . ." Mr. Blank further testified that Mr. Phillips was able to immediately stop his vehicle without traveling further from the point of the impact. Mr. Blank further testified that he did not remember Mr. Phillips' vehicle sliding forward. Notably, Mr. Blank, who described the distance between Plaintiff Parady and him as "literally a matter of inches," testified that he did not come in contact with either Plaintiff Parady or Mr. Phillips' vehicle, when the impact was made.

As shown above, the evidence in the case clearly shows what occurred at said intersection on February 25, 2007 was simply an unfortunate accident. There is absolutely no evidence that Mr. Phillips was guilty of gross recklessness or intentional, wanton or malicious conduct aimed at the public generally, which is equivalent to "a conscious disregard of the rights

12

of others," or a high degree of moral culpability.  Needless to say, there is no proof whatsoever that Mr. Phillips acted with "an improper state of mind or malice [ ] involving wrongdoing to the public."  Rather, all the evidence presented in the instance action points to the other direction. Mr. Phillips, who was proceeding slowly to make a left turn, was totally taken by surprise when he heard a bang sound and immediately stopped the car.  The road condition was horrific due to the snow and ice.  His visibility was severely limited, since it was late at night and the victim was wearing a black umbrella.

As the Court in *Marcoux* held a plaintiff who failed to prove defendant's improper state of mind or malice or defendant's wrongdoing to the public by preponderance of the evidence is not allowed to present its case to a jury.  As shown above, even the conduct of defendants who were intoxicated, who were driving defective cars, or who were extremely fatigued due to over ten hour driving was not found to be wanton or malicious or outrageous under the meaning of punitive damage law in New York. Plaintiffs has not shown *any* evidence, not alone preponderance of evidence, suggesting that Defendant's acts were actuated by reprehensible motives or were morally corrupt.  The law is very clear.  Plaintiff who does not satisfy her obligation to show those factors to recover punitive damages simply does not have any right to present the case to the jury as a matter of law.  Therefore, it is respectfully requested that the Court grant a Partial Summary Judgment to Mr. Phillips dismissing Plaintiff's punitive damage claims against Defendant as a matter of law at this time.

13

## **CONCLUSION**

For the foregoing reasons, Mr. Phillips's motion for a partial summary judgment as to Plaintiffs' punitive damage claims must be granted.


Respectfully submitted,

*/s/ Richard Wedinger*

_____

Richard Wedigner, Esq.
**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual*