DOCUMENT ELECTRONICALLY FILED

**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- x
BODO PARADY, as Special Administrator of
the Estate of SABINA PARADI and BODO
PARADY and MARY MOORE, individually,

                                     07 CIV 3640 (JCF)
                                     ECF CASE

                Plaintiffs,           Magistrate Judge Francis

     -against-

MICHAEL R. PHILLIPS,

              Defendants,
------------------------------------------------------- x

---

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

                                 JAMES D. BUTLER, P.A.
                                 Attorneys for Defendant
                                 591 Summit Avenue
                                 Jersey City, NJ  07306
                                 (201) 653-1676

ON THE BRIEF:

James D. Butler, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.......................................................    ii

INTRODUCTION...................................................................    1

FACTS.................................................................................    2

MATERIAL ISSUES OF FACT..............................................    5

LAW...................................................................................    8

CONCLUSION.....................................................................    16

# **TABLE OF AUTHORITIES**

**CASES:**                                                                              **Page**

*Agramonte v. City of New York*
288 A.D.2d 75……………………………………………………………..    13

*Anderson v. Krauss*
204 A.D.2d 1074……………………………………………………………..    13

*Beamud v. Gray*
45 A.D.3d 257…………………………………………………………….    9

*Botero v. Erraez*
289 A.D.2d 274…………………………………………………………….    10

*Caristo v. Sanzone*
96 N.Y.2d 172……………………………………………………………..    13

*Celotex Corp. v. Catrett*
477 U.S. 317, 322…………………………………………………………….    8

*Deitz v. Huibregtse*
25 A.D.3d 645……………………………………………………………..    15

*DiMenna & Sons, Inc. v. City of New York*
301 N.Y. 118…………………………………………………………….    8

*Domanova v. State of New York*
41 A.D.3d 633…………………………………………………………….    10

*Guadagno v. Norward*
43 A.D.3d 1432……………………………………………………………..    11

*Guzzardi v. Grotas*
98 A.D.2d 761…………………………………………………………….    12

*Heffler v. State of New York*
96 A.D.2d 926…………………………………………………………….    13

*Hoey v. City of New York*
28 A.D.3d 717……………………………………………………………..    9

**CASES**:                                                                    **Page**

*Johnson v. Phillips*
261 A.D.2d 269.................................................................    13

*Kirchgaessner v. Hernandez*
40 A.D.3d 437.................................................................    11, 14

*Kuris v. Albano*
38 A.D.3d 849.................................................................    8

*Larsen v. Spano*
35 A.D.3d 820.................................................................    9

*Matte v. Hall*
20 A.D.3d 898.................................................................    13

*Mitchell v. Gonzalez*
269 A.D.2d 250...............................................................    13

*Nilson v. Historic Inns Group, Ltd.*
903 F.Supp. 905..............................................................    8

*O'Farrell v. Inzeo*
74 A.D.2d 806.................................................................    11

*Oxford Paper Co. v. S.M. Liquidation Co., Inc.*
257 N.Y.S.2d 395.............................................................    8

*Palmerton v. Envirogas, Inc.*
80 A.D.2d 996.................................................................    8

*Pire v. Otero*
123 A.D.2d 611...............................................................    10

*Schmidt v. S.M. Flickinger Co., Inc.*
88 A.D.2d 1068
appeal withdraw, 458 N.Y.S.2d 541..........................................    9

*Sena v. Negron*
38 A.D.3d 516................................................................    12

**CASES:**                                                                **Page**


*Sic v. Moran*
208 A.D.2d 607.................................................................    14

*Sillman v. Twentieth Century Fox Film Corp.*
3 N.Y.2d 395..................................................................    8

*Stone v. Goodson*
8 N.Y.2d 8.....................................................................    8

*Strasburg v. Campbell*
28 A.D.3d 1131................................................................    13

*Thoma v. Ronai*
189 A.D.2d 635
aff'd 82 N.Y.2d 736..........................................................    14

*Transway Finance Company, Inc. v. Gershon*
92 F.R.D. 777.................................................................    8

*Weigand v. United Traction Company*
221 N.Y. 39...................................................................    11

*Weiser v. Dalbo*
184 A.D.2d 935................................................................    10

*Zabusky v. Cochran*
234 A.D.2d 542...............................................................    9


**COURT RULES:**


*Pattern Jury Instructions 2:75*............................................    11

*Pattern Jury Instructions 2:77*............................................    11

*Pattern Jury Instructions 2:77-1*.........................................    11

**<u>COURT RULES</u>:**                                                                     <u>**Page**</u>

*New York Vehicle & Traffic Law § 1111*..................................................   14

*New York Vehicle & Traffic Law § 1146*..................................................   14

*New York Vehicle & Traffic Law § 1152*..................................................   12

*New York Vehicle & Traffic Law § 1155*..................................................   14

*New York City Traffic Regulation 4-03*...................................................   14

*New York City Traffic Regulation 4-04(b)(2)*............................................   15

*New York City Traffic Regulation 4-04(d)*................................................   14

## **INTRODUCTION**

Plaintiffs have filed a Motion for Summary Judgment, including a Statement of Material Facts. Defendant's Counter-Statement of Material Facts responds thereto, and it, together with the facts recited hereinafter, evidence the existence of numerous issues of material facts, so that the said Summary Judgment Motion of plaintiffs should be denied.

## FACTS

On Sunday, February 25, 2007, at approximately 9:20 P.M., in heavy snow, defendant, Michael Phillips (Phillips), was driving home from work in his pick-up truck. Phillips stopped in the right-hand westbound lane of West 37th Street, waiting at the red light at Ninth Avenue in New York City. In the left-hand lane of West 37th Street were two vehicles, also stopped, with the rear vehicle having its left turn signal on. Ninth Avenue is one-way southbound, with six lanes, the westerly-most two lanes being marked exclusively for entrance into the Lincoln Tunnel. Access to the Tunnel is on the west side of Ninth Avenue, midway between West 37th Street and the next south thoroughfare, West 36th Street (EXHIBIT "I" of Defendant's Counter-Statement of Material Facts).

When the light for West 37th Street changed to green, the two vehicles to Phillips' left proceeded, but the second vehicle, despite having its left turn signal on, proceeded straight across Ninth Avenue, causing Phillips, who had, understandably, expected that vehicle to make a left turn, to stop in the intersection. When the other vehicle proceeded westerly through the intersection, Phillips started to continue his turn into the aforesaid Lincoln Tunnel lanes.

Phillips' vehicle had its headlights and left turn signal on at all times, including when he was stopped for the red light on West 37th Street, continuing through his initial turn and stop for the vehicle on his left, and as he continued to complete his turn.

2

In the course of this turn, seeing no pedestrians crossing Ninth Avenue, he proceeded about 5' - 6', traveling at 3 m.p.h., when he heard a loud bang on his left front fender. Phillips got out of his vehicle and saw decedent, Sabina Paradi (Paradi) lying in the snow covered street on the left side of his vehicle, by the left front fender. Paradi's position is further evidence of the minimal speed of the Phillips' vehicle.

Paradi was wearing a dark coat, as was her escort, Matthew Blank (Blank), who was carrying an open black umbrella over the pair. This, together with the heavy snow in the dark area, prevented Phillips from seeing the couple.

Paradi was immediately rendered unconscious and remained in a coma until her death, so no version of the accident was ever secured from her. However, her companion, Blank, gave a statement to the New York City Police the day after the accident, which statement varied substantially from his deposition testimony six months later (see Defendant's Counter Statement of Material Facts, including numbers 24, 26, 27, 29, 31 and 32).

In his statement to the Police, Blank said he was holding a black umbrella and that he and Paradi were walking across Ninth Avenue at a fast pace, talking and not really paying attention when the accident occurred. He said his visibility was obstructed by heavy snow and that he never saw the Phillips' vehicle coming (despite its headlights and left turn signal). He further stated that the accident was caused partially (10%) by Paradi and Blank not looking.

It is also interesting to note that at the time Blank gave his statement to the Police, the day after the accident (as opposed to his deposition testimony), he made no mention of a crosswalk or of Paradi screaming, two key elements in plaintiffs' case.

3

In addition, Blank admitted seeing a depressed construction area in the middle of the street, but does not know whether Paradi slipped or even where the depressed area was with relation to the incident (see Defendant's Counter Statement of Material Facts, including number 55 and EXHIBIT "H").

It should also be noted that, in addition to Blank's version of the accident changing radically from his Police Statement to his deposition, the two pedestrians, Maria Eberline (Eberline) and Sharlene Aquiler (Aquiler), described in plaintiffs' Memorandum as "eyewitnesses" (although, as reflected in their respective Police Statements [EXHIBITS "L" and "M" of Defendant's Counter-Statement of Material Facts], neither saw the accident), also gave a much more imaginative version when they were deposed nine months later.

## MATERIAL ISSUES OF FACT

As is reflected in Defendant's Counter-Statement of Material Facts, contrary to plaintiffs' assertion that there are no issues of fact, there are numerous discrepancies which give rise to material issues compelling the denial of Summary Judgment, including:

(a)    The intensity of snowfall and the degree to which it prevented Phillips from seeing Paradi.

(b)    The amount of snow on the roadway and its effect on the ability to discern the crosswalk lines.

(c)    Whether Paradi was in the crosswalk.

(d)    Whether Paradi and Blank were paying attention as they were talking and walking at a fast pace across Ninth Avenue.

(e)    Whether Paradi and Blank saw the Phillips vehicle before any impact.

(f)    Whether the speed of the Phillips vehicle was 3 m.p.h. (Phillips), 15 m.p.h. (Blank) or 35-40 m.p.h. (Eberline and Aquiler).

(g)    Whether the Phillips' vehicle's brakes screeched for 3-5 seconds (Aquiler) or whether, because of the icy roadway and low speed of the Phillips' vehicle, no skids were placed (Detective Rooney's inspection and Phillips).

(h)    Whether the dark clothes of Paradi and Blank and the black umbrella held by the latter were factors in the ability of Phillips to see them.

(i)    Whether the umbrella Blank was holding obstructed the vision of Paradi and Blank.

(j)     Whether the Phillips vehicle had on its headlights and left directional signal.

(k)     Whether the impact point was on the left front fender or in the front of the Phillips vehicle.

(l)     Whether the fact that the rear car in the left lane proceeded through the intersection, despite leading Phillips to believe he would make a left turn, since its left turn signal was on, was a factor in the ability of Phillips to see Paradi and Blank.

(m)     Whether Paradi's failure to observe the Phillips vehicle as she was talking and walking at a fast pace, not really paying attention, constitutes negligence on her part.

(n)     If there was a scream, was it decedent or another female pedestrian?

(o)     Did Paradi slip in the depression in the snow-covered roadway, causing her to fall with a loud bang against the left front fender of the Phillips vehicle?

(p)     With Paradi walking directly to Blank's left, if, as plaintiffs' contend, she was hit by the front of the Phillips vehicle, why didn't either the vehicle or Paradi come in contact with Blank?

(q)     If Paradi was struck by the front of Phillips' vehicle, how did she wind up lying on the ground next to the front left fender of the Phillips vehicle?

(r)     Which of Blank's two versions – that given to the Police or that provided in his deposition – is to be believed.

(s)     Whether the deposition testimony of the two pedestrians, Eberline and Aquiler, regarding the Phillips' vehicle's speed and movement is credible, in view of its complete variance from the respective statements given to Police at the scene.

6

(t)    Whether the cited provisions of the New York State Vehicle and Traffic Law are applicable to the subject incident.

## LAW

Summary Judgment will lie only where there is no genuine issue of material fact, and further it must clearly appear that no material and triable issues of fact are presented, DiMenna & Sons, Inc. v. City of New York, 301 N.Y. 118. The burden rests on the movants to demonstrate the absence of a genuine issue of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 322. However, in the instant case, there are numerous material issues, as enumerated in the litany of Material Issues of Fact, supra.

Additionally, the varying versions given by the witnesses at the scene, as opposed to their later deposition testimony, raises issues of credibility, and Summary Judgment may not be invoked when the depositions of the principal witnesses present conflicting versions of fact, which require credibility determinations Nilson v. Historic Inns Group, Ltd., 903 F.Supp. 905. See also, Transway Finance Company, Inc. v. Gershon, 92 F.R.D. 777.

Summary Judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue, Palmerton v. Envirogas, Inc., 80 A.D.2d. 996, or where the issue is arguable, Sillman v. Twentieth Century Fox Film Corp., 3 N.Y. 2d. 395 or debatable, Stone v. Goodson, 8 N.Y. 2d. 8.

The burden is on plaintiffs, as the movant, to produce evidence as would be required on a trial, Oxford Paper Co. v. S.M. Liquidation Co., Inc., 257 N.Y.S. 2d. 395.

In order for Summary Judgment to lie, the movants must establish, as a matter of law, that Paradi was free from comparative negligence, Kuris v. Albano, 38 A.D.3d 849.

Plaintiffs cite cases which are inapposite herein.

8

Beamud v. Gray, 45 A.D.3d 257, is distinguishable in that, unlike plaintiff therein, there is no unsupported speculation as to Paradi's comparative negligence, including crossing Ninth Avenue in dark clothing, in heavy snow, utilizing a black umbrella, walking at a fast pace, talking and not really paying attention, and not observing the slow-moving Phillips' vehicle which had its headlights and left turn signal on. Paradi, even if she had the right of way, had a duty to use due care to look at traffic and avoid unnecessary accidents, Schmidt v. S.M. Flickinger Co., Inc., 88 A.D.2d 1068, appeal withdrawn, 458 N.Y.S.2d. 541. By not exercising due care, Paradi's negligence must be measured by a jury against any negligence of Phillips, necessarily precluding Summary Judgment.

Plaintiffs also cite Hoey v. City of New York, 28 A.D.3d 717, in which the testimony of both plaintiff and a non-party witness established sufficient explanation for plaintiff not observing the turning bus. However, herein, Paradi's actions in crossing the street in the manner set forth supra, clearly demonstrate negligence on her part sufficient to raise material issues of fact regarding relative liability.

In Zabusky v. Cochran, 234 A.D.2d 542, the defendants failed to present any evidence in admissible form sufficient to raise a triable issue of fact with respect to their claim that the plaintiff pedestrian was negligent. Herein, there is a plethora of triable issues of fact, as enumerated in the Material Issues of Fact, supra.

Plaintiffs additionally cite Larsen v. Spano, 35 A.D.3d 820, in which, interestingly, Summary Judgment for plaintiff was denied due to an issue of fact as to whether plaintiff was also at fault in causing the accident. The court further stated that the respective negligence of the parties is a factual question for the jury. Herein, the negligence of Paradi certainly raises factual questions for the jury.

9

Neither Botero v. Erraez, 289 A.D.2d 274 nor Weiser v. Dalbo, 184 A.D.2d 935, deals with a pedestrian, such as is the issue in the Paradi case. Botero involves a passenger and in the Weiser case, plaintiff was exiting his parked vehicle when a two-vehicle collision resulted in one automobile throwing plaintiff against the open door of his car. Obviously, in both of these cases, unlike Paradi, neither involved comparative negligence on the part of the respective plaintiffs.

In Pire v. Otero, 123 A.D.2d 611, there was an eyewitness to the accident (unlike the instant case, where both Eberline and Aquiler admitted they did not see the accident, and Paradi's companion, Blank, gave disparate versions, one to the Police and the other at his deposition). That case, which involved an appeal after a jury verdict, concerned a daylight accident (the instant incident occurred at 9:20 P.M. in heavy snow and darkness), and the issue dealt with by the Appellate Division did not involve plaintiff's comparative negligence, but rather the negligence of the driver. Herein, the operative question is whether material issues of fact are raised, including Paradi's comparative negligence. This question must be answered in the affirmative, in view of the many issues raised and the acts of Paradi's negligence enumerated in the Material Issues of Fact, supra.

Domanova v. State of New York, 41 A.D.3d 633 did not involve a Motion for Summary Judgment, but rather was concerned with the defendant's negligence, with the Appellate Division remitting the case to the Court of Claims for a new trial on the issue of liability, including the apportionment of fault between plaintiff and defendant, since the record reflected that the former, who was in a crosswalk pushing a stroller, was partially at fault.

Again, Guadagno v. Norward, 43 A.D.3d 1432, did not involve a pedestrian, but rather was an action between two drivers.

Weigand v. United Traction Company, 221 N.Y. 39, concerned a "deaf and dumb" plaintiff who testified through an interpreter that she looked in the direction of an approaching car in full view and did not see it. The Appellate Division ordered a new trial with respect to the negligence of the parties. In the instant action, the statement of Blank made at the time of the accident (as opposed to his deposition 6 months later), was that he and Paradi were talking, not paying attention, as they walked at a fast pace across Ninth Avenue and that, in the heavy snow, they did not see the well-lighted Phillips' vehicle.

O'Farrell v. Inzeo, 74 A.D.2d 806, involved a motor vehicle rear-end hit accident in which the issue was stopping distance. In the instant action, the physical facts and Detective Rooney's investigation make it clear that the slow-moving Phillips' vehicle stopped immediately on hearing a loud bang on his left front fender, with Paradi lying on the street on the side of that fender.

In Kirchgaessner v. Hernandez, 40 A.D.3d 437, the defendant driver admitted he had an unobstructed view of the intersection in clear weather, and his experts did not raise issues of fact as to the decedent's comparative negligence. Herein, Phillips' view was obstructed, first by the westbound vehicle that, despite its signal, did not make a left turn, and also by the heavy snow and by the dark-clad, black umbrella-carrying Paradi and Blank.

Plaintiffs refer to Pattern Jury Instructions (PJI) 2:77.1. However, they do not mention that the relevant section, PJI 2:77 is entitled "Motor Vehicle Accidents – Duty Toward Other Motorists In General". Thus, this section refers to the duty toward other motorists, as opposed to PJI 2:75, entitled "Motor Vehicle Accidents – Pedestrian Crossing

Highway", which requires both the defendant and plaintiff to use that degree of care that a reasonably prudent person would have used under the same circumstances. While this instruction prescribes certain duties on the part of Phillips, significantly it states that "*** while crossing the road (Paradi) was required to look with care for oncoming traffic to avoid placing herself in a position of danger and to see what was there to be seen".

Additionally, if Paradi was not within the crosswalk, Phillips was still required to use reasonable care under the circumstances, but the jury must consider § 1152 of the New York Vehicle and Traffic Law which provides: "(a) every pedestrian crossing a roadway at any point other than within a marked crosswalk shall yield the right of way to all vehicles upon the roadway".

Again, Guzzardi v. Grotas, 98 A.D.2d 761 involved not a pedestrian, but rather a passenger in a vehicle that swerved and hit a pole. Therefore, plaintiff's comparative negligence was never in issue, unlike the instant action, in which Paradi's negligence is of paramount importance, raising material issues of fact sufficient to deny Summary Judgment herein.

In Sena v. Negron, 38 A.D.3d 516, the accident involved a head-on collision between two vehicles, with resultant suits by the respective drivers and one passenger. Since neither of the drivers offered a non-negligent explanation for the collision, the Appellate Division ordered a retrial as to apportionment of liability. Herein, not only are material issues of fact raised as to the non-negligence of Phillips, e.g., heavy snow, dark-clad pedestrians, etc., but, more significantly, there clearly are issues of material fact as to the conduct of Paradi constituting comparative negligence.

In <u>Anderson v. Krauss</u>, 204 A.D.2d 1074, unlike the instant action, there was no issue as to comparative negligence on plaintiff's part.

<u>Strasburg v. Campbell</u>, 28 A.D.3d 1131, also involved a motor vehicle passenger to whom no comparative negligence was ascribed.

<u>Heffler v. State of New York</u>, 96 A.D.2d 926, did not concern a pedestrian, but rather was a driver vs. driver suit in which the issue was the concurrent proximate cause of the accident, and the proportionate responsibilities arising therefrom.

Plaintiffs' Memorandum contains string citations, none of which seek Summary Judgment or involve a pedestrian, and all of which are distinguishable, to wit:  <u>Johnson v. Phillips</u>, 261 A.D.2d 269, concerns a passenger in a vehicle which was rear-ended, with no issue as to plaintiff's comparative negligence; <u>Agramonte v. City of New York</u>, 288 A.D.2d 75, also involved a motor vehicle collision in which the plaintiff driver's vehicle was rear-ended by a city truck.  The truck driver did not provide a non-negligent explanation for the collision, unlike the instant action, where evidence of Paradi's comparative negligence is compelling;  <u>Matte v. Hall</u>, 20 A.D.3d 898, involved two motor vehicles, one careening across the highway into the path of the other, with the defendant failing to meet her burden of providing a non-negligent explanation, in evidentiary form, for the collision; <u>Mitchell v. Gonzalez</u>, 269 A.D.2d 250, involved a passenger in a two car collision, with, of course, no allegation of negligence as to the plaintiff passenger;  In <u>Caristo v. Sanzone</u>, 96 N.Y.2d 172, the defendant slid on an icy hill past a stop sign with the resultant collision with another vehicle.  Herein, there is no claim of skidding, but to the contrary, as reflected in Phillips' statement and deposition, Detective Rooney's investigation, and the physical facts, Phillips came to an immediate stop on hearing the loud bang on his left front fender.

Plaintiffs cite New York Vehicle & Traffic Law § 1111 and New York City Traffic Regulation 4-03. These provisions apply to pedestrians within an adjacent crosswalk. Whether Paradi was within the crosswalk is in serious dispute. (See, EXHIBITS "C"- Eberline's deposition, p. 36, ll. 13-22, and "H" – Photograph Plaintiff P2 of Defendant's Counter-Statement of Material Facts.)

Additionally, Paradi clearly violated the provisions of New York Vehicle & Traffic Law § 1155, which requires that pedestrians, whenever practicable, move upon the right half of the crosswalk. Even if it were to be found that Paradi was within the crosswalk (a material issue of fact in dispute), at best, she would have been at the far left of the crosswalk heading east across Ninth Avenue.

One who crosses the street without any exercise of her faculty of sight is negligent as a matter of law, Thoma v Ronai, 189 A.D.2d 635, aff'd 82 N.Y.2d 736.

In Sic v. Moran, 208 A.D.2d. 607, the Court held that the fact that the defendant was executing or had just executed a left hand turn at the time of the impact does not, by itself, establish that he was negligent as a matter of law.

The re-cited case of Kirchgaessner, supra, is differentiated on page 11 herein.

With respect to the sounding of the horn provisions of the New York Vehicle & Traffic Law § 1146 and New York City Traffic Regulation 4-04(d), defendant did not see the darkly-clad Paradi in the heavy snowfall prior to hearing a loud bang on his left front fender. Therefore, he had no opportunity to sound his horn. Additionally, Paradi's actions in walking at a fast pace, talking and not really paying attention violated her duty to utilize her eyes and exercise due care in crossing the 6-lane wide, major roadway of Ninth Avenue.

14

A significant provision of New York City Traffic Regulation 4-04 is § (b)(2), stating that no pedestrian shall cross any roadway at an intersection except within a crosswalk and, as aforestated, a material fact exists as to whether Paradi was within the crosswalk.

Plaintiffs cite Deitz v. Huibregtse, 25 A.D.3d 645, which is inapposite in that, unlike the instant action, it concerned a daylight incident in which the driver ignored a yellow caution sign.

## CONCLUSION

Based on the numerous material issues of fact set forth herein, it is respectfully submitted that Summary Judgment for plaintiffs as to liability is inappropriate and should be denied, leaving the many factual and credibility issues in their rightful forum, before a jury.

Respectfully submitted,

s/James D. Butler

James D. Butler, Esq. (JDB/9427)
JAMES D. BUTLER, P.A.
Attorneys for Defendant, Phillips
591 Summit Avenue
Jersey City, New Jersey  07306
(201) 653-1676

DATED:  February 1, 2008