UNITED STATES DISTRICT COURT  Document Electronically Filed
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  (ECF)
BODO PARADY, as Special Administrator of the Estate   07 CIV 3640 (JCF)
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                                                Magistrate Judge Francis
                                                                                              -all purposes-
    Plaintiffs,

MICHAEL R. PHILLIPS,

    Defendant,

**AFFIDAVIT IN OPPOSITION TO CROSS MOTION TO STRIKE PUNITIVE DAMAGE CLAIM**

------------------------------------------------------------------------X
STATE OF NEW YORK    )
        ss:
COUNTY OF WESTCHESTER)

  MICHAEL V. KAPLEN, being duly sworn, deposes and says:

1)  I am a member of the law firm of DE CARO & KAPLEN, LLP, attorneys for plaintiffs in the within action, I submit this affidavit in Opposition to Defendant's Cross Motion to strike plaintiffs claim for punitive damages in this matter.

  Annexed hereto are the following exhibits:

A: Police Accident Report with Accompanying Code Sheet

B: Detective Closure Report

C: Testimony Officer Redland

2)  In characterizing defendant's conduct as a mere "accident", defense counsel has chosen to totally ignore the grievous conduct of his client. However, the trier of fact in reviewing the salient features of defendant's operation of his car on the evening of February 27, 2007 would be well within their rights to determine that such conduct was "done under circumstances showing a heedlessness and utter disregard for the rights and safety of others." <u>MARSH v. FEMINA and LICHT</u>, 2006 Misc. LEXIS 1233, 819 N.Y.S.2d 211, citing <u>GRUBER</u>

1

<u>v. CRAIG</u>, 208 A.D.2d 900, 901, 618 N.Y.S.2d 84  (2nd Dept 1994)

3)    It is uncontroverted that plaintiff's decedent, SABINA PARADI and her companion, (MATTHEW BLANK)  were half way across Ninth Avenue, having already traversed several lanes of traffic before being struck by defendant's truck.  Not only were these two individuals crossing this major intersection, there were at least two other individuals (eye witnesses, MARIA EBERLINE  and SHARLENE AQUILLER) who were crossing the same intersection immediately ahead of SABINA PARADI and her companion and there were other pedestrians crossing behind them.  Yet, inexplicably, the defendant failed to see anyone crossing this intersection while in the process of making his illegal turn.

3)    The record establishes that defendant's window shield wipers were in good working order, his defogger was in good working order, the view out of his front windshield was not obstructed and he claims that he was traveling at only 3 miles per hour. [1] None the less, defendant claims that he NEVER observed ANY individuals crossing this intersection.

4)    Defendant admits that he was in the process of making a left turn from the right hand lane of the roadway,  conduct which is prohibited by Vehicle and Traffic Law § 1160 and that he had the obligation to yield to plaintiff's decedent who had the right of way. (see, Vehicle and Traffic Law §§ 1111 and  New York City Traffic Regulations Section 4-03 (a) (1)(i) and (ii).  See also, New York City Traffic Regulation Section 4-03 (c) (1) )

5)    Defendant's first excuse for his conduct was that it was snowing that

---

[1] Eyewitness testimony by EBERLINE and AQUILLER establish that defendant was driving his car at a speed of between 35 and 40 miles per hour.

2

evening and his vision was obscured.  Weather conditions do not give an individual the right to drive a dangerous instrumentality blindly into the path of oncoming pedestrians, no more than a person can fire a loaded gun into a crowd or yell fire in a move theatre.  If indeed, defendant's visibility was so impaired under the circumstances, he should not have proceeded blindly through this intersection.  He could and should have waited until it was safe to proceed.

7) Defendant's second excuse, that a car to his left, which was traveling in the left hand lane of West 37th street, failed to make a left turn onto Ninth Avenue, compelling his to stop before he made his turn from the right hand lane of West 37th street does not absolve his conduct.  In fact his conduct is in violation of the VTL which prohibits a left turn from the right hand lane of a roadway.

7) Without any question, defendant failed to exercise "due care" to avoid striking any pedestrian upon a roadway and was in violation of New York State Vehicle and Traffic Law § 1146 as well as New York City Traffic Regulation, 4-04 (d).

8) The attention of both Ms. EBERLINE and Ms. AQUILLER were drawn to defendant's vehicle because of its high rate of speed.

9) Defendant admits that the road was wet, slick and icy and it was snowing. Driving at a reckless rate of speed in view of the road and weather conditions into an intersection with pedestrian traffic is the type of conduct which can be fairly viewed as being reckless and wanton and in utter disregard for the health and safety of others. See, GRUBER, supra.

10) Defense counsel has not contested any of the facts set forth in plaintiff's rule 56 statement which must be accepted at true.

Defendant has testified that:

- The roadway was slushy, icy with wet roads. (item no 6)
- That he was able to see clearly through his front windshield. (item no 15)
- That the roadway was lighted. (item no 16)
- His lights were on. (item no 17)
- That his view while observing pedestrians crossing Ninth avenue was not obstructed in any way. (item 41)
- That he never observed any pedestrians crossing the street (item 42)
- That he never observed any pedestrians standing at any of the corners (item 43)
- That he continued to observe the crosswalk and never observed any pedestrians while in the process of making his turn (item 45)
- That he understood that any pedestrian crossing Ninth avenue at this intersection would have the right of way while he was in the process of making his left turn. (item no 21)
- That he understood that it was his legal obligation to yield to a pedestrian in the crosswalk while he was making his turn. (item no 22)

Defendant admits in his signed statement to the police that:

- He was making a left turn from the right hand lane of the roadway. (item 5)
- That he never saw the pedestrians before impact. (item 10 and 11)

4

- That his truck did strike the plaintiff's decedent with the point of impact being the left front bumper of his truck. (item no 30)
- That plaintiff's decedent was crossing within the crosswalk. (item 28)

The police investigation establishes that:

- The apparent contributing factor to this accident was defendant's failure to yield the right of way.  (See box 19  item number "7" inserted in police accident report and the question sheet, annexed hereto as exhibit "A").
- The Complaint follow up/case closure form of Detective Ryan who states:

  **AFTER REVIEWING ALL THE AVAILABLE INFORMATION IT IS THE OPINION OF THE UNDERSIGNED THAT THE CONTRIBUTING FACTOR IN THIS ACCIDENT IS THE OPERATOR OF VEHICLE # 1 FAILED TO YIELD TO PEDESTRIAN IN A MARKED CROSSWALK."  (annexed hereto as exhibit "B")

- Police Officer Redland has testified under oath at an administrative hearing that he observed that the pedestrian (PARADI), was crossing the street within the crosswalk  and within the walk signal.  At no point did the Defendant stop. (exhibit "C")

Independent eyewitnesses to this incident have given uncontradicted testimony that has not been contested in this proceeding that:

  - SABINA PARADI and MATTHEW BLANK were crossing Ninth avenue

5

within the crosswalk with a WALK signal in their favor. (items 23, 24 d 25 and 27)

- Defendant's vehicle was traveling at 40 miles per hour and was noticed because of its speed. (item 34 and 36)

11) In viewing the record and resolving all ambiguities in favor of plaintiff's and drawing all permissible inferences against the defendant, there exists a genuine issue of fact regarding the recklessness of defendant's conduct under the circumstances.  The defendant has not established as a matter of law that his conduct was not "so reckless or wantonly negligent as to be the equivalent of a conscious disregard for the rights of others and that the conduct demonstrates a high degree of moral culpability."  <u>MARCOUX v. FARM SERVICE and SUPPLIES, INC</u>. 283 F. Supp 2d 901 (SDNY 2003)

WHEREFORE, it is respectfully submitted that the Cross Motion by defendant PHILLIPS to strike those portions of plaintiffs complaint alleging wanton conduct and seeking exemplary damages should be denied in all respects.

Dated: Pleasantville, New York
      February  4,  2008         DE CARO & KAPLEN, LLP

                                              By: S/ *Michael V. Kaplen*
                                              _____
                                              Michael V.  Kaplen, Esq.
                                              A member of the firm
                                              Attorneys for Plaintiff
                                              427 Bedford Road
                                              Pleasantville, NY 10570

                                                (914) 747 4410
                                                6132-MVK

To:
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Attorney for defendant Phillips

Richard W. Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Personal attorney for defendant Phillips