RWW/ek/MSR10106/LEGAL/MTDIS102307
**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BONO PARADY, as Special Administrator of the Estate of SABINA PARADI and BODO PARADY and MARY MOORE, individually,

Plaintiffs,

-against-

MICHAEL R. PHILLIPS,

Defendant.

---

07 CIV 3640 (VM) (JCF)
ECF CASE

Magistrate Judge James C. Francis

**AFFIRMATION OF SERVICE**

I, Richard Wedinger, Esq., **declare under penalty of perjury** that I have electronically filed Notice of Reply Affidavit in Further Support of Motion for Partial Summary Judgment to Dismiss Plaintiff's Punitive Damage Claims Only, Reply Memorandum of Law in Further Support of Motion for Partial Summary Judgment to Dismiss Plaintiff's Punitive Damage Claims Only, and Affirmation of Service with the United States District For the Southern District of New York, which has an address of 500 Pearl Street, New York, New York 10007. One (1) copy was also sent via first class mail to:

Honorable James Francis
Suite 660 Courtroom 18D
United States Courthouse
500 Pearl Street
New York, NY 10007

Michael V. Kaplen, Esq.
De Caro & Kaplen, LLP
20 Vesey Street
New York, NY 10007
(212) 732 – 2262
6132-MVK
*Attorney for Plaintiffs*

James D. Butler, Esq.
JAMES D. BUTLER, P.A.
591 Summit Avenue
Jersey City, New Jersey 07306-2703
201-653-1676
*Attorneys for Defendant*

February 6, 2008

          Respectfully submitted,
          */s/ Richard Wedinger, Esq.*
          **BARRY, McTIERNAN & WEDINGER**
          1024 Amboy Avenue
          Edison, New Jersey 08837
          732-225-3510
          *Attorneys for Defendant in his individual capacity*

RWW/ek/MSR10106/LEGAL/MTDIS102307

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BONO PARADY, as Special Administrator of the Estate of SABINA PARADI and BODO PARADY and MARY MOORE, individually,

Plaintiffs,

-against-

MICHAEL R. PHILLIPS,

Defendant.

---

07 CIV 3640 (VM) (JCF)
ECF CASE
Magistrate Judge James C. Francis
**REPLY AFFIRMATION IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR A PARTIAL SUMMARY JUDGMENT DISMISSING PUNITIVE DAMAGE CLAIMS ONLY**

I, RICHARD WEDINGER, **affirm under penalty of perjury** that:

1. I am a partner with the Law Firm of Barry, McTiernan & Wedinger, attorney(s) for Defendant MICHAEL R. PHILLIPS in his individual capacity sued for punitive damages in the above entitled action, and am familiar with the facts of the above captioned matter.

2. I submit this Affidavit in connection with Defendant' Phillips' Cross-Motion for a Partial Summary Judgment to Dismiss Plaintiff's Punitive Damage Claims Only and in reply to Plaintiff's Opposition to said Cross-Motion for a Partial Summary Judgment.

3. Plaintiff filed its Opposition to Defendant's Cross-Motion for a Partial Summary Judgment to Dismiss Punitive Damages Claims Only, arguing that Mr. Phillips' conduct amounted to the level of wantonness and moral culpability required for the imposition of punitive damages. *See* Plaintiff's Memorandum of Law, P. 5.

4.  However, Plaintiff failed to present a single piece of evidence to support his assertion; rather, the fact that Mr. Phillips proceeded through an intersection and the fact that Mr. Phillips did not see Plaintiff and her companion, who were wearing dark cloths and a black umbrella only prove that it was a simple catastrophic accident.

5.  Furthermore, while Plaintiff cites several cases in support of his assertion, not a single case held the conduct of Mr. Phillips amounts to the required level for imposition of the punitive damages.

6.  In addition, Plaintiff's failure to prove Mr. Phillips' knowledge that his conduct would result in the subject accident by a preponderance of evidence entitles Mr. Phillips to dismissal of Plaintiff's punitive damages claims as a matter of law at this time.

7.  Attached Reply Memorandum of Law in Support of Cross-Motion for a Partial Summary Judgment further contains relevant facts and case laws, in addition to Affirmation and Memorandum of Law for Cross-Motion, which are previously filed.

WHEREFOR, the undersigned respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

Dated: Edison, New Jersey  
February 6, 2008

Signature: /s/ Richard Wedigner, Esq.  
Address: 1024 Amboy Avenue  
Edison, New Jersey 08837  
Telephone No: (732) 225-3510  
Fax NO.: (732) 225-3544

**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BONO PARADY, as Special Administrator of the Estate of SABINA PARADI and BODO PARADY and MARY MOORE, individually,,

Plaintiffs,

-against-

MICHAEL R. PHILLIPS,

Defendant.

07 CIV 3640 (VM) (JCF)
ECF CASE

Magistrate Judge James C. Francis

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS-MOTION FOR A PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFFS' PUNITIVE DAMAGE CLAIMS ONLY ON BEHALF OF DEFENDANT MICHAEL PHILLIPS'**

---

                                      **BARRY, McTIERNAN & WEDINGER**
                                      1024 Amboy Avenue
                                      Edison, New Jersey 08837
                                      (732) 225-3510
                                      *Attorneys for Defendant in his individual capacity*

**On the brief:**
Richard W. Wedinger, Esq.
Eun K. Kim, Esq.

**TABLE OF CONTENTS**

|  | PAGE NUMBER(S) |
|---|---|
| **TABLE OF AUTHORITIES**………………………………………………... | 3 |
| **INTRODUCTION**……………………………………………………………… | 4 |
| **LEGAL ARGUMENT**……………………………………………………….. | 5 |
| **POINT I** | |
| **PLAINTIFF, WHO STILL FAILS TO PRESENT A SINGLE PIECE OF EVIDENCE WHICH SHOWS THAT MR. PHILLIPS' CONDUCT WAS SO RECKLESS OR WANTONLY NEGLIGENT AS TO BE THE EQUIVALENT OF A CONSCOUS DISREGARD OF THE RIGHTS OF OTHERS WITH A HIGH DEGREE OF MORAL CULPABILITY, IS NOT ENTITLED TO AN AWARD OF PUNITIVE DAMAGES AS A MATTER OF LAW AND MUST NOT BE ALLOWED TO PRESENT THE ISSUE TO THE JURY**……………………………………….……………………….. | 5 |
| **POINT II** | |
| **PLAINTIFF'S ARGUMENT THAT DEFENDANT HAS CREATED FEIGNED ISSUES IS SIMPLY MISTATEMENT OF FACT**………………. | 9 |
| **POINT III** | |
| **EACH AND EVERY SENTENCE IN THE AFFIDAVIT IN SUPPORT AND IN THE RULE 56 STATEMENT OF FACT BY THE UNDRSGINED IS SUPPORTED BY THE EVIDENCE IN THE CASE AND WHICH IS ALSO EVINCED BY THE EXHIBITS AND THEY ARE FAR FROM CONCLUSORY ALLEGATIONS, CONFJECTURE AND SPECULATION AS PLAINTIFF CLAIMS**…………………………………………………… | 10 |
| **CONCLUSION**………………………………………………………… | 11 |

# TABLE OF AUTHORITIES
**CASES**

*Cruber v. Craig*
 208 A.D.2d 900 (2d. Dept. 1994)……………………………………………..          5, 6

*Dumesnil v. Proctor and Schwartz, Inc.,*
199 A.D. 2d 869 (3d Dept. 1993)……………………………………………          5, 6

*Finaly v. Simonovich*
1997 U.S. Dist. LEXIS 19100 (2nd Cir. 1997)…………………………........           5

*Haas v. Tishman construction. Corp. of NY*
987 U.S. Dist. LEXIS 137 (Jan. 13, 1987) ……………………………….…           7

*Hamilton v. Third Ave. R. R. Co.*
53 N. Y. 25 (1873)…………………………………………………………..           9

*Ingle v. Mark*
58 Misc. 2d 895, 896 (2nd Cir. 1969)……………………………………..           9

*Marcoux v. Farm Services and Supplies, Inc.*
283 F. Supp. 2d 901 (Sep. 12, 2003)……………………………………….      4, 5, 7

*Soucy v. Greyhound Corp.*
27 A.d.2d 112 (3d Dept. 1967)……………………………………………..           5

*Santiago v. Pyramid*
394 A.d. 2d 789, 742 NYS 2d 448 (3rd Dept. 2002)……………………………           6

*Rinaldo v. Mashayekhi*
185 A.d.2d 435, 585 N.U.S.2d 615 (3rd Dept. 1992)…………………………..         6, 7

**COURT RULES**

Fed. R. Civ. P. 56(c)……………………………………………………….…         7, 10

3

## **INTRODUCTION**

In response to Plaintiff's Motion for Summary Judgment, the undersigned, an attorney for Defendant Mr. Phillips in his individual capacity sued for punitive damages, filed Cross-Motion for a Partial Summary Judgment to dismiss Plaintiff's Punitive Damage Claims Only on January 28, 2008. On February 4, 2008, Plaintiff filed an Opposition to our Partial Summary Judgment Motion. This is Defendant Phillips' Reply Brief in support of our Cross-Motion for a Partial Summary Judgment to Dismiss Punitive Damages Only.

## **LEGAL ARGUMENT**

### **POINT I**

**PLAINTIFF, WHO STILL FAILS TO PRESENT A SINGLE PIECE OF EVIDENCE WHICH SHOWS THAT MR. PHILLIPS' CONDUCT WAS SO RECKLESS OR WANTONLY NEGLIGENT AS TO BE THE EQUIVALENT OF A CONSCOUS DISREGARD OF THE RIGHTS OF OTHERS WITH A HIGH DEGREE OF MORAL CULPABILITY, IS NOT ENTITLED TO AN AWARD OF PUNITIVE DAMAGES AS A MATTER OF LAW AND MUST NOT BE ALLOWED TO PRESENT THE ISSUE TO THE JURY.**

The general rule of punitive damages states that a plaintiff must not be entitled to an award of punitive damages, unless the plaintiff proves by a preponderance of the evidence that the defendant's conduct was so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the right. *Hamilton v. Third Ave. R. R. Co.*, 53 N.Y. 25 (1873); *Marcoux v. Farm Services and Supplies, Inc.*, 283 F. Supp. 2d 90, 907-9081 (Sep. 12, 2003). When it comes to the punitive damage award in personal injury actions based on negligence, the Southern District Court of New York unambiguously held that Plaintiff must prove "an improper state of mind or malice or cases involving wrongdoing to the public" "by a preponderance of the evidence." *Marcoux*, 283 F. Supp. 2d, 907-9081. In this regard, Plaintiff's counsel also cites various cases which explain the same standard. *See* Plaintiff's Memorandum of law, p. 4. Furthermore, as argued by Plaintiff's counsel, the aforementioned standard for an award of punitive damages must be considered on a case by case basis. *See* Plaintiff's Memorandum of law, p. 5 (*citing Sweeny v. McCormick*, 159 A/D/2d 832, 552 N.Y.S.2e 707 (3rd Dept. 1990) and *Rinaldo v. Mashayekhi*, 185 A.D.2d 435, 585 N.Y.2d 615 (3rd Dept. 1992).

Exploration of the numerous cases which discuss punitive damage claim in the context of defendant's operation of an automobile with the case by case analysis approach reveals that the fact that a defendant driver was intoxicated, was speeding, was extremely fatigued due to the

5

long hours of driving in violation of the relevant rule, or driving a defective vehicle did not afford sufficient basis to find "the level of wantonness and moral culpability required for the imposition of punitive damages." *See generally Marcoux*, 283 F.Supp. 2d; *Finaly v. Simonovich*, 0997 U.S. Dist. LEXIX 19100 (2nd Cir. 1997). Rather, the courts have granted summary judgment for defendants before the punitive damage claims were presented to the jury. *Id.* The courts clearly held that, in addition to aforementioned factors, Plaintiff must present "evidence [that shows that defendant **_knew_** his] misconduct would probably result in injury." *Marcoux*, 283 F.Supp. 2d, at 911.

In the present case, Plaintiff's counsel opposes Mr. Phillips' Cross-Motion for a Partial Summary Judgment based on only one ground. Plaintiff is arguing that Mr. Phillips' "callous decision to proceed through an intersection without visibility and with the knowledge that any pedestrian in that intersection would have the right of way requiring the driver to yield" amounts to the level of wantonness and moral culpability required for the imposition of punitive damages. *See* Plaintiff's Memorandum of law, p. 5. However, Plaintiff failed to cite a single case law to support the assertion. Rather, several cases cited by Plaintiff are simply irrelevant to the instant action. *Soucy v. Greyhound Corp.*, 27 A.d.2d 112 (3d Dept. 1967), the case heavily relied upon by Plaintiff, only deals with an issue whether the plaintiff can allege punitive damage cause of action in the amended pleading. No one in the present action is arguing that Plaintiff should not have alleged punitive damage claims in the pleading. This is simply not an issue of the case and is not an issue of Cross-Motion for a Partial Summary Judgment.

Other cases cited by Plaintiff, *Cruber v. Craig*, 208 A.D.2d 900 (2d. Dept. 1994) and *Dumesnil v. Proctor and Schwartz, Inc.*, 199 A.D. 2d 869 (3d Dept. 1993), do not have anything to do with the conduct of drivers in the context of automobile accidents. In *Cruber*, it was a

landlord, who failed to repair a gas pipe even though his tenant notified the landlord that there was an odor of gas emanating from the stove for several months after she moved into the apartment, not a driver of a vehicle, who was punished with punitive damages. 208 A.D.2d 900. The landlord ignored the complaint of the tenant, violating residential housing codes and, as a result, an explosion occurred, in which the tenant was severely injured. *Id*. The court held that the landlord's conduct was so flagrant as to transcend mere carelessness, since he had knowledge as to the possibility of the catastrophic consequences, but failed to remedy the condition for such a significant period of time. *Id*. The case is in no way dispositive or relevant in deciding the issue of punitive damages in the present case, since the instant action does not involve negligence of landlord. *Id*. More importantly, Mr. Phillips absolutely did not have any notice or knowledge that his conduct would bring about the catastrophic consequences. In *Dumesnil*, the court held that a plaintiff has a right to allege punitive damage claims against a defendant manufacturer who failed to equip a machine with a safety device. 199 A.D. 2d 869 (3d Dept. 1993). Again, this case is about whether a plaintiff can allege punitive damage cause of action in its amended pleading. *Id*. The case does not discuss anything in relation to the issue of punitive damages of a defendant driver. *Id*. Similarly, *Santiago v. Pyramid* discusses punitive damage issue against a threater who had actual knowledge of the dangerous condition of its premises, which is totally relevant to the present case.

  The last case cited by Plaintiff is *Rinaldo v. Mashayekhi*, 185 A.d.2d 435, 585 N.U.S.2d 615 (3rd Dept. 1992). Plaintiff argues that the level of wantonness and moral culpability of the defendant in *Rinaldo* is equal to the conduct of Mr. Phillips in the present case. *Id*. However, Plaintiff's assertion is absolutely groundless. The defendant in *Rinaldo* was operating his vehicle with a blood alcohol level of .19%, almost twice the threshold level for driving while intoxicated.

7

Also, the defendant himself also admitted that he was speeding at the time of the accident. Furthermore, the accident occurred at 5:30PM on a busy public thoroughfare that was even more heavily trafficked than normal with Christmas shoppers. *Id.* at 436. The area that the defendant was driving was well illuminated and the weather was clear and the road surface was dry. *Id.* The evidence in the case further indicated that the defendant drove directly into the rear of Plaintiff's vehicle without taking any action whatsoever to avoid the collision. *Id.* Based on the foregoing, the court held that the jury could find wanton negligence and recklessness on the part of the defendant.

However, as discussed in the previous memorandum of law, which was also admitted by Plaintiff, Mr. Phillips was driving on a roadway which was covered with snow and slush at approximately 9:15PM. Defendant's Statement of Material Fact (DSMF), #5. Furthermore, Plaintiff and her companion, who were wearing dark clothes, were also wearing a black umbrella. *Id.* at # 10. As the Police Report indicates, Mr. Phillips, who was not intoxicated, was driving at the low speed, leaving no skid marks. *Id.* at # 6. The police report further indicates that Mr. Philips' vehicle was in a good condition without any defects. Accordingly, the facts of the instant case are totally distinguishable from the facts of *Rinaldo*. However, Plaintiff asserts: "Is the rule any different where a driver who claims total lack of visibility, nonetheless chooses to driver through a crowded intersection at a dangerous rate of speed . . . ?" This is a merely exaggerated contention of Plaintiff without any factual support.

Even assuming *arguendo* that Mr. Phillips was traveling over the speed limit, it has been clearly established that the fact that a driver was speeding alone does not allow a plaintiff to be awarded punitive damages. *See Marcoux*, 283 F. Supp. 2d, 908-909.

8

## POINT II

## PLAINTIFF'S ARGUMENT THAT DEFENDANT HAS CREATED FEIGNED ISSUES IS SIMPLY MISTATEMENT OF FACT.

Both Plaintiff and Defendant cited to the deposition of Mr. Phillips and attached the same as an exhibit. However, Plaintiff asserts that the fact that Defendant is citing to some parts of the Deposition of Mr. Phillips is merely a sham. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Cross-Motion, p. 8. Plaintiff argues that Defendant's testimony that he had no idea of what happened at the time of the incident contradicts his own signed statement to the police. *Id*. However, this is simply not true. In the police report, Mr. Phillips clearly stated that he realized what had happened only when he heard the bang and got out of his vehicle. *See* Exhibit B to Defendant's Cross-Motion for a Partial Summary Judgment. Therefore, Plaintiff's assertion that Defendant's deposition testimony must be rejected by the Court must be denied by the Court.

## POINT III

### EACH AND EVERY SENTENCE IN THE AFFIDAVIT IN SUPPORT AND IN THE RULE 56 STATEMENT OF FACT BY THE UNDRSGINED IS SUPPORTED BY THE EVIDENCE IN THE CASE AND WHICH IS ALSO EVINCED BY THE EXHIBITS AND THEY ARE FAR FROM CONCLUSORY ALLEGATIONS, CONFJECTURE AND SPECULATION AS PLAINTIFF CLAIMS.

Plaintiff asserts that:

> [d]efense counsel lacks any personal knowledge of the facts of this matter. His affidavit and this accompanying Rule 56 statement are replete with conclusory allegations, conjecture and speculation concerning not only the actions of plaintiff's decedent, but what her thoughts were when she was crossing the street that night.

Plaintiff further contends that:

> Defendant himself is precluded from offering these opinions as he has testified that he has no knowledge of what happened, why he struck the plaintiff's decedent as well as where he or she was on the roadway.

However, each and every sentence in said affidavit in support and in the Rule 56 Statement Fact by the undersigned is supported by the admissible evidence in the case. Without actually refereeing to or citing to any of the stated facts that are purported to be conclusory and speculative, Plaintiff's counsel is simply accusing the undersigned of the violation of the Court Rule. However, this is simply an assertion without any factual or legal support. Therefore, the undersigned respectfully requests that the Court deny Plaintiff's assertion that the Court must reject Affidavit in Support and Rule 56 Statement by the undersigned.

10

## CONCLUSION

For the foregoing reasons and the reasons stated in Affirmation in support and Memorandum of Law for Cross-Motion for a Partial Summary Judgment, it is respectfully requested that the Court find in favor of Defendant Mr. Phillips and dismiss Plaintiffs' punitive damage claims as a matter of law this time.

Dated: February 6, 2008                Respectfully submitted,

*/s/ Richard Wedinger*
_____
Richard Wedigner, Esq.
**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual*

11