DOCUMENT ELECTRONICALLY FILED

**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
BODO PARADY, as Special Administrator of
the Estate of SABINA PARADI and BODO
PARADY and MARY MOORE, individually,

                                           07 CIV 3640 (JCF)
                                           ECF CASE

                Plaintiffs,                Magistrate Judge Francis

    -against-

                                         **DEFENDANT'S**
                                        **REQUEST TO CHARGE**

MICHAEL R. PHILLIPS,

                Defendants,
---------------------------------------------------------- x

It is respectfully requested that the Court charge as follows:

1.        **PJI 1:7, Consider Only Competent Evidence**:

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions and you may hear no answer, or, where an answer has been made, I may instruct that it be stricken or removed from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony which has been stricken or removed from the record in reaching your decision. The law requires that your decision be made solely upon the evidence before you. Such items as I exclude from your consideration will be excluded because they are not legally admissible.

2.          **PJI 1:10, Do Not Visit Scene**:

Since this case involves something that happened at a particular location, you may be tempted to visit the location yourself. Please do not do so. Because of the time that elapses before a case comes to trial, substantial changes may have occurred at the location in question since the event that resulted in this lawsuit. Also, in making a visit without the benefit of explanation, you might get mistaken impressions. Therefore, even if you happen to live near the location, please avoid going to it or past it until the case is over.

3.          **PJI 1:22, Falsus in Uno**:

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable". You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

4.          **PJI 1:23, Burden of Proof**:

The burden of proof rests on the plaintiff. That means that it must be established by a fair preponderance of the credible evidence that the claim plaintiff makes is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed.

A preponderance of the evidence means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiff to prevail on a claim, the evidence that supports (his, her) claim must appeal to you as more nearly representing what took place than the evidence opposed to (his, her) claim. If it does not, or if it weights so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of plaintiff.

5. **PJI 1:27, Exclude Sympathy**:

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence-both the testimony and the exhibits-find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

6. **PJI 1:39, No Inference From Rulings**:

In the course of the trial it has been necessary for me to rule on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any such ruling I have made or from any questions I may have asked or from anything

that I have said during the course of the trial or from these instructions or the manner in which they are given that I favor any party to this lawsuit. It is your recollection of evidence and your decision on the issues of fact which will decide this case.

    7.    **PJI 1:41, Weighing Testimony**:

The law does not, however, require you to accept all of the evidence I admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias of prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to decide which of the conflicting stories you will accept.

8.  **PJI 2:36, Comparative Fault**:

If you find that the defendant was negligent and that the defendant's negligence contributed to causing the accident, you must next consider whether the decedent was also negligent and whether the decedent's conduct contributed to causing the accident.

The burden is on the defendant to prove that the decedent was negligent and that her negligence contributed to causing the accident. If you find that the decedent was not negligent, or if negligent, that her negligence did not contribute to causing the accident, you must find that plaintiff was not at fault and you must go on to consider damages, if any, submitted by plaintiff.

If, however, you find that the decedent was negligent and that her negligence contributed to causing the accident, you must then apportion the fault between the decedent and the defendant.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the decedent and the defendant, and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.

For example, if you should find that the defendant and the decedent were equally at fault, you would report that each was 50% responsible. If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

You must now decide from the evidence before you the total amount of damages suffered by the plaintiff in dollars in accordance with the rules that I am about to explain to you. In arriving at the total, you must not consider the percentage of fault by must simply report the total amount of the plaintiff's damages.

9. **PJI 2:55, Implied Assumption of Risk**:

The law provides that where the defendant owes a duty of reasonable care to the decedent, but the decedent voluntarily engages in an activity involving a risk of harm and the decedent knows and fully understands, or should have known and fully understood, the risk of harm, the plaintiff's damages must be reduced by the extent to which those damages were caused by the decedent's own conduct.

The defendant claims that the decedent knew and fully understood that she might be injured if she negligently and carelessly crossed the roadway, was not in the crosswalk, was not paying attention, and failed to look for on-coming traffic, and therefore she assumed the risk of injury. It is the defendant's burden to prove that the decedent assumed the risk of injury.

If you find that the plaintiff knew and fully understood, or should have known and fully understood, the risk of injury, then you will find that she assumed the risk of injury and you must consider to what degree that assumption of risk contributed to the injury. If you find that she did assume the risk, you will state to the Court on the form I will provide to you the respective degrees of fault of the decedent and the defendant. If you find that the plaintiff did not know and fully understand the risk or injury and if you find that, based upon the evidence, she could not have known and fully understood the risk of injury, you will find that she did not assume the risk of injury and you may proceed to consider the other issues in the case.

10.     **PJI 2:277, Damages--General**:

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recovery from the defendant. If you decide that the plaintiff is not entitled to recover from the defendant, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider the measure of damages.

If you find that the plaintiff is entitled to recover from the defendant, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiff for all losses resulting from the injuries sustained.

11.     The plaintiff must prove by a preponderance of the credible evidence that the decedent sustained conscious pain and suffering in order to justify an award for claimed pain and suffering. Mere conjecture, surmise or speculation is not enough to sustain a claim for pain and suffering damages. Cummins v. County of Onondaga, 84 N.Y.2d. 322, 642 N.E. 1071, 618 N.Y.S.2d 615.

12.     Without legally sufficient proof of decedent's consciousness following the accident, you may not award any damages for claimed pecuniary damages. Cummings v. County of Onodaga, supra.

13.     One who crosses the street without exercising her faculty of sight is negligent as a matter of law. Thomas v. Ronai, 189 A.D.2d. 635, aff'd 82 N.Y.2d. 736.

14. Defendant requests the Court to charge the following provisions of:

**New York Vehicle & Traffic Law**:

(a) Pedestrian Crossing other than in Crosswalk must yield right of way to vehicles upon the road, § 1152

(b) Pedestrian to cross on right side of crosswalk, § 1155

(c) **New York City Traffic Regulation**:

No pedestrian shall cross any roadway at an intersection except within a crosswalk, § 4-04(b)(2).

15. If the defendant is found to be liable, defendant requests a charge similar to PJI § 2:320, reflecting the damages in a wrongful death action apply in the law of New York State and New York Estates Powers & Trust Law, § 5-4.3.

Dated: New York, New York
       May 23, 2008

JAMES D. BUTLER, P.A.
Attorneys for Defendant,
MICHAEL R. PHILLIPS
591 Summit Avenue
Jersey City, New Jersey  07306
(201) 653-1676

BY:   s/James D. Butler
      James D. Butler, Esq./JDB 9427