UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BODO PARADY, as Special Administrator of the
Estate of SABINA PARADI, and BODO PARADY
and MARY MOORE, individually,

                      Plaintiffs,

                                    07 Civ. 3640  (JCF)

   -against-

MICHAEL R. PHILLIPS,                   (Magistrate Judge Francis
                                   for all purposes including
                                   trial)
                 Defendant.

-----------------------------------------------------------------X

# PLAINTIFFS REQUESTS TO CHARGE
## (DAMAGES)
### (Compensatory & Punitive)

Plaintiffs in their amended complaint have asserted that the laws of the

State of New Jersey, apply to claims of compensatory damages in this action.

This request to charge has both requests based upon the laws of New

Jersey and the laws of New York.  For the convenience of the Court, the New

Jersey requested charges taken from the New Jersey Model Jury Charges (Civil)

are annexed hereto as exhibits.

## I: New Jersey Law Compensatory Damages:[1]

1) Loss of Enjoyment of Life-Pain and Suffering:  NJ Model Charge 8.11 E

2) Loss of Enjoyment of Life.

"We are satisfied that loss of enjoyment of life is a separate and distinct item

of damages, recoverable in a survival action, and the fact that the victim may be

---

[1] For the convenience of the Court, the requested New Jersey Model instructions are annexed
hereto as exhibit "A".

in a comatose state should not preclude an award of damages for the total disability and impairment inflicted by the tortuous injury." EYOMA V. FALCO, 247 N.J. Super 435, 589 A.2d 653 (1991); ARENAS v. GARI. 309 N.J. Super 1, 706 A.2d 736.

You may award plaintiff's estate damages for the loss of enjoyment of life of Sabina Paradi as a separate element of damages, separate and distinct from her conscious pain and suffering while she was hospitalized. ARENAS, supra.

Your evaluation of this element of damage should not focus on upon Sabina Paradi's consciousness of her disability. "It encompasses compensation for the inability to one's normal activities and compensates for the status of being limited or incapacitated." You may compensate Sabina Paradi "for the loss caused by existing in a comatose state including the resultant loss of enjoyment of normal activities" ARENAS, supra

3) Past Loss of Earnings:   NJ Model Charges 8.11C (A)

4) Future Loss of Earnings:   NJ Model Charge 8.11C (B)(1)

5) Loss of a Child's Services:   NJ Model Charge 8.30C

6) In addition to the pattern charge, it is requested that the Court charge:

In determining the pecuniary loss of suffered by Sabina Paradi's parents, you may consider her "parents loss of their child's companionship as they grow older, when it may be most needed and valuable as well as the advice and guidance that often accompanies it." GREEN v. BITTNER, 85 N.J. 1, 424 A.2d 210 (1980).

You may consider the testimony of plaintiff's economist in valuing the replacement cost for these services that would have been performed by Sabina Paradi as her parent's age. GREEN, supra.

7) Parental expenses for services provided to their daughter while a patient at hospitals:

Sabina Paradi's parents are entitled to an award of damages for the reasonable value of their time and their expenses while she was a patient at St. Vincent's Hospital, Columbia Presbyterian Hospital and Helen Hayes Hospital. BANDEL v. FRIEDRICH, 122 N.J. 235, 584 A.2d 800 (1991); TYNAN v. CURZI, 332 N.J. Super, 267, 753 A.2d 187.

8) Survival Action NJ Model Charge:   8.42

9) Wrongful Death NJ Model Charge:   8.43

10) Preexisting Latent Condition NJ Model Charge: 8.11F-2

## II: New York Law Compensatory Damages:

10) Circumstantial Evidence Charge NY PJI 1:70

In considering the issues of damages sustained by Sabina Paradi, you may consider circumstantial evidence.

11) Pain and Suffering NY PJI 2:280

In determining whether plaintiff sustained conscious pain and suffering at the scene of this accident, you may consider "testimony that she was "moaning and groaning" like she was in pain or otherwise evidence pain". Pattern Jury Instructions NY PJI 2:320 Commentary at page 1622.

12) Loss of Enjoyment of Life NY PJI 2:280.1

13) Sabina Paradi is entitled to recover an award for pain and suffering, not withstanding her inability to describe the pain and suffering that she experienced. See, NY PJI Practical Commentary 2:280 at page 1505.

14) Pre-Impact Terror:

   In considering the degree of pain and suffering sustained by Sabina Paradi, you may take into account pre-impact terror, her fear of impending death or serious injury as a result of the impact with the vehicle driven by defendant. See, NY PJI Practical Commentary 2:320 at page 1623   "The courts have recognized the injured person's "-pre-impact terror" as an element of conscious pain and suffering" and 2:280 at page 1506.

15) In considering whether Sabina Paradi sustained pre-impact terror, you may consider the testimony that she screamed at the scene, immediately before impact.

16) Increased susceptibility to injury  NY PJI 2:283

17) Shock & Emotional Distress NY PJI 2:284

18) Loss of Earnings NY 2:290

19) Loss of Earnings Unrealized Profession NY PJI 2:291

20) Damages for Wrongful Death & Conscious Pain and Suffering NY PJI 2: 320

21) In determining whether plaintiff sustained conscious pain and suffering at the scene of this accident, you may consider "testimony that she was "moaning and groaning" like she was in pain or otherwise evidence pain". NY Pattern Jury Instructions PJI 2:320 Commentary at page 1622.

---

4

22) Funeral Expenses:

Sabina Paradi's estate is entitled to recover for the costs incurred in transporting her body for her funeral, her funeral costs, burial costs, monument costs and perpetual care costs of her grave site. EPTL11-3.3 and 5-4.3. See, NY PJI Pattern Jury Instructions 2:320 at page 1600 and 1624-5.

23) Parental Expenses:

Sabina Paradi's parents may recovery the reasonable value of the services that they provided to her while she was a patient in hospitals in New York. NY PJI 2:318 and 2:318.1

24) If you find that Sabina Paradi's parents had a reasonable expectation that their daughter would provide care, support and assistance to them as they aged, then they are entitled to recover reasonable sum of money to reasonably compensate them for this pecuniary loss.

"In order to establish a right to a wrongful death recovery, the plaintiff need only show that he had a reasonable expectation of support from the decedent and therefore a pecuniary loss. (citations omitted). Once that showing is made, the calculation of the precise amount of damages is a question for the jury." NY PJI Practical Commentaries 2:320 at p. 160.

"A parent's loss also includes the probability that the parent would benefit from the earnings that the child might have accumulated." "Aside from future earnings, damages may include the reasonable value of future services which decedent would have performed. NY PJI 2:320 Practical Commentaries at page 1617.

The value of these future services is not affected by whether or not the child was unemancipated, a minor, or living within the parent's abode. The standard of proof is the reasonable expectations of future services." NY PJI 2:320 Practical Commentaries at page 1617-1618. In this regard you may consider her parents increasing needs as they age, Sabina's ability to have rendered these services and the character and habits of Sabina as well as the future life expectancy of her parents. NY PJI 2:320 Practical Commentaries at page 1618.

25) Sabina Paradi's parents are entitled to recovery a reasonable sum to. compensate them for their pecuniary losses as I have explained them to you, even though they are incapable of exact proof. See, NY PJI 2:320 Practical Commentaries at page 1603. "The damages recoverable are not capable of exact proof."

## III: Punitive Damages:

26) Damages-Punitive: NY PJI 2:278

It is requested that the Court add the following language to the pattern charge:

The "reckless disregard" standard requires proof that the driver intentionally committed "an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow." (citations omitted) BURRELL v. CITY OF NEW YORK  AD2d ,853 NYS2d 598,599 (2nd Dept. March 2008).

In determining whether defendant's conduct was in reckless disregard of others you may take into account the totality of circumstances including the

weather conditions on the night of the incident, the speed of defendant's vehicle,

his visibility, violations of the the vehicle and traffic laws of the State of New York

and violations of the traffic regulations of the City of New York

Dated:  May 22,  2008

_____
Michael V. Kaplen, Esq.
DeCaro & Kaplen, LLP
427 Bedford Road
Pleasantville  N.Y. 10570
Tel:  914 747 4410
Fax: 914 747 4403
Michael@brainlaw.com
6132 MVK

To:
James D. Butler, Esq.
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Tel: 201 653 1676
Fax: 201 653 3673

Richard Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Tel: 732 225 3510
Fax: 732 225 3544