UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BODO PARADY, as Special Administrator of the
Estate of SABINA PARADI, and BODO PARADY
and MARY MOORE, individually,

                      Plaintiffs,

                                                             07 Civ. 3640   (JCF)

       -against-

MICHAEL R. PHILLIPS,                     (Magistrate Judge Francis
                                                        for all purposes including
                       Defendant.             trial)

-----------------------------------------------------------------X

## PLAINTIFFS REQUESTS TO CHARGE
## (LIABILITY)

I: Negligence Requests:

1) Interested Witnesses PJI 1:91

It is requested that defendant MICHAEL R. PHILLPS be considered an interested witness.

2) Use of Pre Trial Deposition Testimony PJI 1:94

Plaintiffs intend to utilize the pre trial deposition testimony of defendant PHILLPS and non party witness MARIA EBERLINE.

3) General Instruction—Burden of Proof in Death Acton PJI 1:61

4) Circumstantial Evidence PJI 1:70

5) Common Law Standard of Care: Negligence PJI 2:10

6) Forseeability PJI 2:12

It is requested that the following language be added to the Pattern Charge:

"Forseeability depends on foresight, but it is not necessary that the defendant should have had notice of the particular manner in which an accident would occur, or the precise injury which would result, if the likelihood of an accident was clear to a prudent person." PJI Commentary 2:12 (2008 Ed) p. 227.

7) Statutory Standard of Care  Vehicle and Traffic Law Violation PJI 2:26

   Plaintiffs request that the Court charge the following provisions of the Motor Vehicle and Traffic Laws of the State of New York:

 i) Vehicle and Traffic Law §112(a)  Pedestrian-control signal WALK

 ii) Vehicle and Traffic Law §1122(a) and (b) Overtaking a Vehicle

 iii) Vehicle and Traffic Law §1128(a)  Driving on roadways laned for traffic

 iv) Vehicle and Traffic Law §1129(a)  Following To Closely

 v) Vehicle and Traffic Law §1146 Drivers to exercise due care

 vi)  Vehicle and Traffic Law §1160(c) Required position on roadway for making left turn

 vii) Vehicle and Traffic Law §1180  Basic rule speed

 viii) Vehicle and Traffic Law §1212  Reckless driving

8) Statutory Standard of Care-Ordinances or Regulations  PJI 2:29

   Plaintiffs request that the Court charge the following provisions of the New York City Traffic Regulations:

 i) §4-02(c): Dangerous driving

 ii) §4-03(a)(1): Traffic Signals: Green alone

 iii) §4-03(c)(1): Pedestrian Control Signals WALK

 iv) §4-07(a)(1) Maximum speed limits and basic rule

9) Proximate Cause PJI 2:70

10) Motor Vehicle Accidents—Pedestrian Crossing Highway PJI 2:75

The pattern jury instruction must be modified to reflect a violation of VTL 1111 instead of VTL 1151 and New York City Traffic Regulations. (see comments PJI 2:75 at page 428 [first and fifth paragraphs).

It is requested that the Court add the following language to the pattern jury trial:

"Whether or not a pedestrian is in a crosswalk, a pedestrian is negligent for failing to look with care for oncoming traffic, but if the pedestrian looks as he or she starts to cross and the way seems clear, the pedestrian is not bound to look again as a matter of law." (Practical comments, PJI 2:75 at page 429)

11) Motor vehicle general duty of care: PJI 2:77

This charge must be modified to reflect a singular driver.

12) Motor vehicle generally additional charge: PJI 2:77.1

13) Motorist Turning Against Traffic PJI 2:81

This charge must be modified for turning across intersection and must be further modified to include pedestrians.

14) Right of Way:

It is requested that the court charge the jury that decedent Sabina Paradi k had the right of way and was entitled to anticipate that the vehicle operated by defendant Michael Phillps would yield the right of way to her and would obey traffic laws which required him to yield. Jacino v. Sugerman, 10 AD3d 593, 781 NYS2d 663.

15) Defendant is charged with seeing that which he ought to have seen through the proper use of his senses. <u>Ferrara v. Castro</u>, 283 AD2d 392, 724 NYS2d 81.

II: GROSS NEGLIGENCE:

16) Common Law Standard of Care—Gross Negligence PJI 2:10A

Dated: May 22, 2008

*[signature]*

Michael V. Kaplen, Esq.
DeCaro & Kaplen, LLP
427 Bedford Road
Pleasantville N.Y. 10570
Tel: 914 747 4410
Fax: 914 747 4403
Michael@brainlaw.com
6132 MVK

To:
James D. Butler, Esq.
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Tel: 201 653 1676
Fax: 201 653 3673

Richard Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Tel: 732 225 3510
Fax: 732 225 3544