Exhibit A

§ 1111-a  VEHICLE AND TRAFFIC LAW
Title VII

5. the number of violations adjudicated and results of such adjudications including breakdowns of dispositions made;

6. the total amount of revenue realized by such city; and

7. quality of the adjudication process and its results.

(Added L.1988, c. 746, § 12; amended L.1991, c. 212, § 1; L.1994, c. 479, § 1; L.1995, c. 651, § 1.)

¹ So in original. Should read "shall be".

### Historical and Statutory Notes

**1995 Amendments.** Subd. (a). L.1995, c. 651, § 1, increased to 50 intersections, from 25, the number of intersections where a city was authorized to install and operate traffic control signal photo-monitoring devices. For eff. date, see note below.

**1994 Amendments.** Subd. (e). L.1994, c. 479, § 1, omitted provision relating to the maximum amount of monetary penalties referred to in § 237; and added reference to a maximum liability of $50.00 for each violation and an additional $25.00 penalty for failure to timely respond. For eff. date, see note below.

**1991 Amendments.** Subd. (m). L.1991, c. 212, § 1, eff. July 1, 1991, extended deadline for report from Mar. 1, 1991 to Mar. 1, 1993.

**Effective Date of Amendment by L.1994, c. 479; Repeal Unaffected.** L.1994, c. 479, § 2, provided: "This act [amending this section] shall take effect immediately [July 20, 1994]; provided that the amendments made to subdivision (e) of section 1111-a of the vehicle and traffic law made by section one of this act shall not affect the repeal of the provisions of such section of the vehicle and traffic law pursuant to chapter 746 of the laws of 1988 and such amendments shall be deemed to be repealed therewith."

**Effective Date; Expiration; Local Laws.** L.1988, c. 746, § 17; amended L.1991, c. 212, § 2; L.1993, c. 582, § 1; L.1995, c. 651, § 2, eff. Aug. 8, 1995, provided: "This act [adding this section, amending Vehicle and Traffic Law §§ 235, 236, 237, 239, 240, 241, 401 and 1809, General Municipal Law § 371 and Public Officers Law § 87, and enacting provisions set out as a note under this section] shall take effect on the thirtieth day after it shall have become a law [became law Dec. 26, 1988; eff. Jan. 25, 1989] and shall remain in full force and effect until December 1, 1999 when upon such date the amendments and provisions made by this act shall be deemed repealed; provided, however, any such local laws as may be enacted pursuant to this act shall remain in full force and effect only until the expiration on December 1, 1999."

**Purchase or Lease of Equipment for Demonstration Program.** L.1988, c. 746, § 16, eff. Jan. 25, 1989, provided: "The purchase or lease of equipment for a demonstration program established pursuant to section eleven hundred eleven-a of the vehicle and traffic law shall be subject to the provisions of section one hundred three of the general municipal law."

### Legislative Histories

**L.1988, c. 746:** For memorandum of the Legislative Representative of the City of New York, see McKinney's 1988 Session Laws of New York, p. 2141.

### Cross References

Ownership and operation of vehicles; liability, see Vehicle and Traffic Law § 239.
Traffic-control signal indications, see Vehicle and Traffic Law § 1111.

---

§ 1112
SIGNS AND SIGNALS
Art. 24

Rules of the City of New York

Red light violation monitoring program, see 34 RCNY § 3-17.

### § 1112. Pedestrian-control signal indications

Whenever pedestrians are controlled by pedestrian-control signals exhibiting the words "WALK" or "DON'T WALK", or exhibiting symbols of a walking person or upraised hand, such signals shall indicate and apply to pedestrians as follows:

(a) Steady WALK or walking person. Pedestrians facing such signal may proceed across the roadway in the direction of the signal and shall be given the right of way by other traffic.

(b) Flashing DON'T WALK or upraised hand. No pedestrian shall start to cross the roadway in the direction of such signal, but any pedestrians who have partially completed their crossing on the WALK or walking person signal shall proceed to a sidewalk or safety island while the flashing DON'T WALK or upraised hand signal is showing.

(c) Steady DON'T WALK or upraised hand. No pedestrians shall start to cross the roadway in the direction of such signal, but any pedestrians who have partially completed their crossing on the WALK or flashing DON'T WALK signal shall proceed to a sidewalk or safety island while the steady DON'T WALK signal is showing.

(L.1959, c. 775; amended L.1971, c. 356, § 2; L.1987, c. 228, § 1.)

### Historical and Statutory Notes

**1987 Amendments.** Opening par. L.1987, c. 228, § 1, eff. July 7, 1987, substituted " 'WALK' or 'DON'T WALK', or exhibiting symbols of a walking person or upraised hand" for " 'Walk' or 'Don't Walk' ".

Subd. (a). L.1987, c. 228, § 1, eff. July 7, 1987, substituted "WALK or walking person" for "or flashing walk".

Subd. (b). L.1987, c. 228, § 1, eff. July 7, 1987, in catchline substituted "Flashing DON'T WALK or upraised hand" for "Steady or flashing Don't Walk"; in sentence beginning "No pedestrian shall" substituted "but any pedestrians who have partially completed their crossing on the WALK or walking person signal shall" for "but any pedestrian who has partially completed his crossing on the Walk signal shall" and, "while the flashing DON'T WALK or upraised hand signal is showing" for "while the steady or flashing Don't Walk signal is showing".

Subd. (c). L.1987, c. 228, § 1, eff. July 7, 1987, added subd. (c).

**Derivation.** Vehicle and Traffic Law of 1929, § 1112, added L.1957, c. 698, § 4; amended L.1958, c. 853, § 5; and repealed by Vehicle and Traffic Law § 2314.

Said section 1112 of the Vehicle and Traffic Law of 1929 was derived from subdivision 1 of section 85 of the Vehicle and Traffic Law of 1929; amended L.1930, c. 756, § 3; L.1938, c. 341; L.1946, c. 835, § 1; repealed L.1957, c. 698, § 5.

### Historical and Statutory Notes

**1990 Amendments.** Subd. (a), pars. 4 to 6. L.1990, c. 162, § 1, eff. May 21, 1990, added par. 4 and redesignated former pars. 4 and 5 as 5 and 6.

**Derivation.** Vehicle and Traffic Law of 1929, § 1120, added L.1957, c. 698, § 4; and repealed by Vehicle and Traffic Law § 2314.

Said section 1120 of the Vehicle and Traffic Law of 1929 derived in part from subd. 5 of section 81 of the Vehicle and Traffic Law of 1929; amended L.1930, c. 756, § 3; L.1953, c. 280, § 1; L.1954, c. 90, § 1; repealed L.1957, c. 698, § 5; and in part from subd. 26 of section 81 of the Vehicle and Traffic Law of 1929, added L.1938, c. 365; repealed L.1957, c. 698, § 5.

Said section 81 derived from sections 11, 12, 14, 17, 18, 19 and 20 of the former General Highway Traffic Law; repealed L.1929, c. 54.

### Legislative Histories

L.1990, c. 162: For memorandum of the State Department of Transportation, see McKinney's 1990 Session Laws of New York, p. 2365.

### Cross References

Roadway defined, see Vehicle and Traffic Law § 140.

### Notes of Decisions

Instructions 4
One-way roadways 2
Overtaking and passing vehicles 1
Passing lanes 3

**1. Overtaking and passing vehicles**

Where southbound driver moved into northbound lane of travel to pass automobile ahead of her and collided with oncoming vehicle, automobiles were about one and one-half car lengths apart at time driver changed lanes, it was snowing, road was covered with snow and was slippery, oncoming vehicle was approaching at speed of approximately 15 miles per hour and subsequently driver was convicted of failure to keep right, driver's operation of her vehicle under all circumstances was negligent and sole proximate cause of accident. Weir v. Slate (4 Dept. 1976) 51 A.D.2d 665, 378 N.Y.S.2d 181.

**2. One-way roadways**

To drive on the left-hand side of a one-way street does not constitute negligence. Bender v. Fink Baking Corporation, 1931, 257 N.Y. 530, 178 N.E. 782.

Pedestrian who was struck by vehicle which had crossed over center line, and which was traveling in wrong lane in order to avoid traffic jam created by bus, was not contributorily negligent as matter of law for looking in only one direction after he had reached center divider lane; pedestrian's alleged negligence was question for jury. Holt v. New York City Transit Authority (2 Dept. 1989) 151 A.D.2d 460, 542 N.Y.S.2d 250.

**3. Passing lanes**

Evidence including testimony that State's truck was making authorized U-turn from passing lane for westbound traffic and had left turn signal and taillights operating, but that plaintiffs' decedent had been driving his automobile in same passing lane for approximately two miles prior to collision in apparent violation of vehicle and traffic law and also was operating two-way radio in his vehicle just before the mishap permitted finding that decedent was negligent in remaining in passing lane and failing to observe ahead and that such negligence was sole cause of accident. Franks v. State (3 Dept. 1977) 55 A.D.2d 978, 390 N.Y.S.2d 689, appeal denied 41 N.Y.2d 805, 395 N.Y.S.2d 1026, 363 N.E.2d 1386.

**4. Instructions**

In negligence action arising from an automobile accident, trial court erred in instructing jury that the unexplained violation of this section providing that a vehicle be driven upon right side of the roadway and section 1180 pertaining to reducing speed when one approaches a hazard created by weather constituted negligence; by use of term "unexplained" in the charge, jury could have misconstrued applicable legal principles to mean that road conditions created by the inclement weather sufficed to explain defendant's failure to comply with the statutory provisions and thus relieved defendant of liability whereas defendant's omission could be excused only by evidence that he exercised reasonable care under the inclement circumstances in an effort to comply with the statutory provisions. Aranzullo v. Seidell (2 Dept 1983) 96 A.D.2d 1048, 466 N.Y.S.2d 690.

---

## § 1121. Passing vehicles proceeding in opposite directions

Drivers of vehicles proceeding in opposite direction[1] shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half of the main-traveled portion of the roadway as nearly as possible.

(L.1959, c. 775.)

[1] So in original. Probably should read "directions".

### Historical and Statutory Notes

**Derivation.** Vehicle and Traffic Law, § 1121, of 1929 added L.1957, c. 698, § 4; and repealed by Vehicle and Traffic Law § 2314.

Said section 1121 of the Vehicle and Traffic Law of 1929 was from subd. 2 of section 67 and subd. 5 of section 82 of the Vehicle and Traffic Law of 1929.

Said section 67 was repealed L.1957, c. 698, § 5, and was from subd. 9 of section 286 of the Highway Law of 1909, added L.1910, c. 374; amended L.1918, c. 540; repealed L.1929, c. 54.

Said section 82 was repealed L.1957, c. 698, § 5, and was from former General Highway Traffic Law, § 12; amended L.1926, c. 513, § 2; L.1928, c. 680; and from section 18, subd. 2, of said law repealed L.1929, c. 54.

### Notes of Decisions

Weather conditions 1

**1. Weather conditions**

The ordinary rule, that when two cars traveling in opposite directions are about to meet, each driver must keep to his right without regard to the center line of the highway, is not applicable where the presence of snow on the pavement has resulted in the creation of two or three deep ruts or lanes for traffic use. Glas v. Ahlers (4 Dept. 1932) 236 A.D. 379, 259 N.Y.S. 399.

## § 1122. Overtaking a vehicle on the left

The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:

(a) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

(b) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

(L.1959, c. 775.)

### Historical and Statutory Notes

**Derivation.** Vehicle and Traffic Law of 1929, § 1122, added L.1957, c. 698, § 4; and repealed by Vehicle and Law § 2314.

Said section 1122 of the Vehicle and Traffic Law of 1929 was from subds. 5, 7, 8 of section 81 of the Vehicle and Traffic Law of 1929; repealed L.1957, c. 698, § 5. Said subds. 5, 7, were amended L.1930, c. 756, § 3; L.1953, c. 280, §§ 1, 2.

### Cross References

Marking of highways to indicate hazards of overtaking, determination by,
  Cities and villages, see Vehicle and Traffic Law § 1640.
  County superintendent of highways, see Vehicle and Traffic Law § 1650.
  Towns, see Vehicle and Traffic Law § 1660.
  Transportation department, see Vehicle and Traffic Law § 1621.
New York State thruway authority regulation, see Vehicle and Traffic Law § 1631.
When overtaking on the right is permitted, see Vehicle and Traffic Law § 1123.

### Notes of Decisions

Audible signal  2
Duty of overtaken vehicle  1

#### 1. Duty of overtaken vehicle

There may be cases in which a forward machine is bound to draw to the side of the road and stop to permit an overtaking machine to pass, as where the forward machine is the slower one and the road is too narrow for miles to permit passage while the vehicles are both moving. Mark v. Fritsch, 1909, 195 N.Y. 282, 88 N.E. 380.

When one vehicle overtakes another upon the highway and the driver of the overtaking vehicle signals a desire to pass, it is the duty of the driver of the overtaken vehicle to turn to the right so as to allow the overtaking vehicle a reasonable space in which to pass, or to warn by signal the impossibility of such passage and accordingly, where the driver of an overtaken vehicle turned to the right on a signal from the overtaking vehicle but turned to the left as the latter was in the act of passing, thus forcing the overtaking vehicle also to turn to the left and collide with a tree, it was held that under the circumstances the driver of the overtaking vehicle was justified in attempting to pass, that the driver of the overtaken vehicle had no right to turn back to the left for the purpose of passing a truck two hundred feet ahead of him, and that, therefore, it was error for the court to dismiss the complaint at the close of the plaintiff's case. Dunston v. Greenberger (3 Dept. 1923) 205 A.D. 778, 200 N.Y.S. 426.

Of two vehicles travelling in same direction, forward one may maintain its position in center of highway provided there is sufficient space to left accessible to passing vehicles but such vehicle, in any event is required on request or equivalent notice to leave room for passage, if practical and safe to do so. Tooker v. Fowler & Sellars Co. (2 Dept. 1911) 147 A.D. 164, 132 N.Y.S. 213.

#### 2. Audible signal

In view of fact that trial court charged on statute dealing with overtaking of vehicle on the left, trial court did not err in refusing to charge the jury that motorcycle policeman, who was passing another vehicle on the left and who was injured

Traffic circle sign, see 17 NYCRR 232.3.

### West's McKinney's Forms

The following form appears in Selected Consolidated Laws under Vehicle and Traffic Law § 1127:

Complaint by passenger to recover damages for injuries sustained in accident while vehicle was traveling in the prohibited direction on one-way roadway, see SCL, VEH & TRAF § 1127, Form 1.

### Notes of Decisions

Backing up one-way street    1

**1. Backing up one-way street**

Accident which occurred when motorist backed his automobile, going the wrong way on a one-way street, into an automobile behind him occurred solely and wholly because of the backing motorist's violation of law. Lanni v. Clark Disposal, Inc., 1979, 100 Misc.2d 1023, 420 N.Y.S.2d 547.

## § 1128. Driving on roadways laned for traffic

Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:

(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

(b) Upon a roadway which is divided into three lanes and provides for two-way movement of traffic a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle traveling in the same direction when such center lane is clear of traffic within a safe distance, or in preparation for making a left turn or where such center lane is at the time allocated exclusively to traffic moving in the same direction that the vehicle is proceeding and such allocation is designated by official traffic-control devices.

(c) When official traffic-control devices direct slow-moving traffic, trucks, buses or specified types of vehicles to use a designated lane or designate those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, drivers of vehicles shall obey the directions of every such sign, signal or marking.

(d) When official markings are in place indicating those portions of any roadway where crossing such markings would be especially hazardous, no driver of a vehicle proceeding along such highway shall at any time drive across such markings.

(L.1959, c. 775; amended L.1964, c. 653, § 8; L.1971, c. 206, § 1.)

## § 1127

Traffic circle sign, see 17 NYCRR 232.3.

### West's McKinney's Forms

The following form appears in Selected Consolidated Laws under Vehicle and Traffic Law § 1127:

Complaint by passenger to recover damages for injuries sustained in accident while vehicle was traveling in the prohibited direction on one-way roadway, see SCL, VEH & TRAF § 1127, Form 1.

### Notes of Decisions

Backing up one-way street   1

**1. Backing up one-way street**

Accident which occurred when motorist backed his automobile, going the wrong way on a one-way street, into an automobile behind him occurred solely and wholly because of the backing motorist's violation of law. Lanni v. Clark Disposal, Inc., 1979, 100 Misc.2d 1023, 420 N.Y.S.2d 547.

## § 1128. Driving on roadways laned for traffic

Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:

(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

(b) Upon a roadway which is divided into three lanes and provides for two-way movement of traffic a vehicle shall not be driven in the center lane except when overtaking and passing another vehicle traveling in the same direction when such center lane is clear of traffic within a safe distance, or in preparation for making a left turn or where such center lane is at the time allocated exclusively to traffic moving in the same direction that the vehicle is proceeding and such allocation is designated by official traffic-control devices.

(c) When official traffic-control devices direct slow-moving traffic, trucks, buses or specified types of vehicles to use a designated lane or designate those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway, drivers of vehicles shall obey the directions of every such sign, signal or marking.

(d) When official markings are in place indicating those portions of any roadway where crossing such markings would be especially hazardous, no driver of a vehicle proceeding along such highway shall at any time drive across such markings.

(L.1959, c. 775; amended L.1964, c. 653, § 8; L.1971, c. 206, § 1.)

---

## § 1129

### Historical and Statutory Notes

**Derivation.** Vehicle and Traffic Law of 1929, § 1128, added L.1957, c. 698, § 4; and repealed by Vehicle and Traffic Law § 2314.

Said section 1128 of the Vehicle and Traffic Law of 1929 was from section 81-a of the Vehicle and Traffic Law of 1929, added L.1953, c. 712; repealed L.1957, c. 698, § 5.

### New York Codes, Rules and Regulations

Pavement markings, generally, see 17 NYCRR 260.1 et seq.
Pavement markings, no passing zones, center lane allocations and lane designations on state highways, see 15 NYCRR 4000.1 et seq.

### Notes of Decisions

Conduct within section   1

**1. Conduct within section**

Police officer's testimony that he observed motorcyclist making unsafe lane change sustained identical determination of Commissioner of Department of Motor Vehicles. Miranda v. Adducci (2 Dept. 1991) 172 A.D.2d 526, 567 N.Y.S.2d 869.

Claim by plaintiff driver of southbound vehicle that accident with northbound motorist was partially caused by motorist's failure to yield to operator of second northbound vehicle, forcing operator to pass motorist by going into driver's southbound lane, was merely bald, speculative conclusion, insufficient to overcome prima facie complete defense established by motorist's testimony that driver's vehicle suddenly careened into lane where motorist was lawfully driving and that there was nothing motorist could have done to avoid collision. Eisenbach v. Rogers (3 Dept 1990) 158 A.D.2d 792, 551 N.Y.S.2d 385, appeal dismissed 76 N.Y.2d 983, 563 N.Y.S.2d 770, 565 N.E.2d 519, appeal denied 79 N.Y.2d 752, 580 N.Y.S.2d 199, 588 N.E.2d 97.

## § 1129. Following too closely

(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

(b) The driver of any motor truck or motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district and which is following another motor truck or motor vehicle drawing another vehicle shall, whenever conditions permit, leave sufficient space so that an overtaking vehicle may enter and occupy such space without danger, except that this shall not prevent a motor truck or motor vehicle drawing another vehicle from overtaking and passing any like vehicle or other vehicle.

(c) Motor vehicles being driven upon any roadway outside of a business or residence district in a caravan or motorcade whether or not towing other vehicles shall be so operated as to allow sufficient space between each such vehicle or combination of vehicles so as to

island shall yield the right of way to any vehicle already traveling on such circle or around such island.

(Added L.1963, c. 234; amended L.1968, c. 82.)

### Historical and Statutory Notes

**Effective Date.** Section effective October 1, 1963, pursuant to L.1963, c. 234, § 2.

### Cross References

Direction of vehicle passing around a rotary traffic island, see Vehicle and Traffic Law § 1127.

### New York Codes, Rules and Regulations

Traffic circle sign, see 17 NYCRR 232.3.

## § 1146. Drivers to exercise due care

Notwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any bicyclist, pedestrian or domestic animal upon any roadway and shall give warning by sounding the horn when necessary. For the purposes of this section, the term "domestic animal" shall mean domesticated sheep, cattle and goats which are under the supervision and control of a pedestrian.

(Added L.1984, c. 429, § 1; amended L.1988, c. 559, § 2.)

### Historical and Statutory Notes

**1988 Amendment.** L.1988, c. 559, § 2, eff. Jan. 1, 1989, removed horses from definition of domestic animal.

**Effective Date.** Section effective Aug. 18, 1984, pursuant to L.1984, c. 429, § 3.

**Derivation.** Former section 1154, L.1959, c. 775; repealed by L.1984, c. 429, § 2. Said former section 1154 was from Vehicle and Traffic Law of 1929, § 1154, added L.1957, c. 698, § 4; and repealed by section 2314 of this chapter. Said Vehicle and Traffic Law of 1929 § 1154, was from Vehicle and Traffic Law of 1929 § 85, subd. 4, added L.1930, c. 756, § 3; and repealed by L.1957, c. 698, § 5.

### Cross References

Operation of bicycles and play vehicles, see Vehicle and Traffic Law § 1230 et seq.

### West's McKinney's Forms

The following form appears in Selected Consolidated Laws under Vehicle and Traffic Law § 1146:

Complaint by pedestrian to recover damages for injuries sustained in automobile accident, see SCL, VEH & TRAF § 1146, Form 1.

**§ 1160. Required position and method of turning at intersections**

The driver of a vehicle intending to turn at an intersection shall do so as follows:

(a) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right hand curb or edge of the roadway or, where travel on the shoulder or slope has been authorized, from the shoulder or slope.

(b) Left turns on two-way roadways. At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

(c) Left turns on other than two-way roadways. At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane of the roadway lawfully available to traffic moving in the direction of travel of such vehicle or, where travel on the shoulder or slope has been authorized, from the shoulder or slope, and after entering the intersection the left turn shall be made so as to leave the intersection, as nearly as practicable, in the left-hand lane lawfully available to traffic moving in such direction upon the roadway being entered.

(d) When markers, buttons, signs, or other markings are placed within or adjacent to intersections and thereby require and direct that a different course from that specified in this section be traveled by vehicles turning at an intersection, no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by such markers, buttons, signs, or other markings.

(e) U-turns. U-turns shall be made from and to that portion of the highway nearest the marked center line. Where more than one lane of a highway has been designated for left turns, U-turns shall be made only from the lane so designated that is adjacent to the marked center line.

(L.1959, c. 775; amended L.1989, c. 294, § 1; L.1990, c. 162, § 4.)

### Research References

**Encyclopedias**

NY Jur. 2d, Automobiles & Other Vehicles § 646, Obstructing Intersection or Highway-Railroad Grade Crossing.

### Notes of Decisions

Intervening acts, negligence liability 1

**1. Intervening acts, negligence liability**

Motorist's conduct in driving car onto railroad tracks, when backed-up traffic did not leave her room to safely pass over them, was intervening and unforeseeable action which broke any causal nexus between injuries she sustained in collision with train and any alleged negligence on part of train operator and railroad. Prysock v. Metropolitan Transp. Authority (2 Dept. 1998) 251 A.D.2d 308, 673 N.Y.S.2d 736, leave to appeal denied 92 N.Y.2d 817, 684 N.Y.S.2d 488, 707 N.E.2d 443. Railroads ⇐ 335(5); Railroads ⇐ 337(1)

## ARTICLE 30—SPEED RESTRICTIONS

Section
1180.   Basic rule and maximum limits.
1180–a. Maximum speed limits.
1182.   Speed contests and races.

### § 1180. Basic rule and maximum limits

(a) No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

(b) Except as provided in subdivision (g) of this section and except when a special hazard exists that requires lower speed for compliance with subdivision (a) of this section or when maximum speed limits have been established as hereinafter authorized, no person shall drive a vehicle at a speed in excess of fifty-five miles per hour.

(c) Except as provided in subdivision (g) of this section, whenever maximum school speed limits have been established on a highway adjacent to a school as authorized in section sixteen hundred twenty, sixteen hundred twenty-two, sixteen hundred thirty, sixteen hundred forty-three or sixteen hundred sixty-two-a, no person shall drive in excess of such maximum school speed limits during:

(1) school days at times indicated on the school zone speed limit sign, provided, however, that such times shall be between the hours of seven o'clock A.M. and six o'clock P.M. or alternative times within such hours; or

(2) a period when the beacons attached to the school zone speed limit sign are flashing and such sign is equipped with a notice that indicates that the school zone speed limit is in effect when such beacons are flashing, provided, however, that such beacons shall only flash during student activities at the school and up to thirty minutes immediately before and up to thirty minutes immediately after such student activities.

(d) 1. Except as provided in subdivision (g) of this section, whenever maximum speed limits, other than school speed limits, have been established as authorized in sections sixteen hundred twenty, sixteen hundred twenty-two, sixteen hundred twenty-three, sixteen hundred twenty-seven, sixteen hundred thirty, sixteen hundred forty-three, sixteen hundred forty-four, sixteen hundred fifty-two, sixteen hundred sixty-two-a, sixteen hundred sixty-three, and sixteen hundred seventy, no person shall drive in excess of such maximum speed limits at any time.