UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BODO PARADY, as Special Administrator of the
Estate of SABINA PARADI, and BODO PARADY
and MARY MOORE, individually,

                              Plaintiffs,

                                                 07 Civ. 3640   (JCF)
      -against-

MICHAEL R. PHILLIPS,                    (Magistrate Judge Francis
                                                 for all purposes including
                                                 trial)

                              Defendant.

-----------------------------------------------------------------X

# PLAINTIFFS MEMORANDA OF LAW
# CHOICE OF LAW:
# COMPENSATORY DAMAGES

Introduction:

Plaintiff's amended complaint has asserted that the laws of the State of New Jersey be applied by the Court to issues of compensatory damages in this matter.

Under the "center of gravity" or "grouping of contacts" test applied in New York for a determination of which State's law to apply to a particular issue, New Jersey has the most significant relationship and interest to the issue of compensatory damages in this case.

At the time of this occurrence, defendant MICHAEL R. PHILLIPS was a domicile of the State of New Jersey, driving a pick up truck that he owned which was registered in the State of New Jersey. The vehicle owned and operated by

1

defendant PHILLIPS was insured in the State of New Jersey by a New Jersey Insurance Company.

At the time of the occurrence, defendant was on his way home to his residence in New Jersey.

At the time of the occurrence, decedent, SABINA PARADI was a domicile of the State of California. Her parents, plaintiffs in the wrongful death action are Citizens of the State of California. BODO PARADI, the administrator of decedent's estate was appointed by the probate court of California which is administering her estate.

SABINA PARADI, at the time of the incident was visiting New York and attending a graduate fellowship at Columbia University, in New York. The incident happened while she was crossing an intersection in New York while on a date.

New York's sole interest in this matter is the enforcement of it's rules of the road. It has absolutely no interest in issues of compensatory damages as none of the parties to this occurrence was a New York domicile. Further, as the defendant purchased his policy of liability insurance in New Jersey and drove a vehicle registered in the State of New Jersey, both he and his insurance carrier anticipated that any liability loss would be covered and governed by the laws of the State of New Jersey.

In regard to issues of damages, decedent was not a recipient of either public assistance or Medicaid. Decedent's medical bills were paid by Blue

Cross/Blue Shield. Therefore, no interests of the State of New York are affected by the application of it's law of damages to this matter.

New York has no concern in protecting any right to compensatory damages of SABINA PARADI or her estate. In point of fact, the damage laws of the State of New Jersey provide greater recovery in actions for wrongful death and for loss of enjoyment of life then the laws of the State of New York.[1] New York's interests would not in any way be harmed by applying the compensatory damages law of the State of New Jersey to this controversy.

### I-NEW YORK'S CHOICE OF LAW ANALYSIS WILL DETERMINE WHETHER NEW YORK OR NEW JERSEY LAW APPLIED TO COMPENSATORY DAMAGES IN THIS MATTER

Since this motor vehicle accident happened in New York and is before this Court on grounds of diversity of citizenship, New York's choice of law rules will govern. FORLASTRO v. COLLINS, 2007 U.S. Dist., LEXIS 59616, 07 Civ. 3288 SDNY, J. Patterson, 8/14/07.

### II-UNDER THE CENTER OF GRAVITY TEST THIS COURT SHOULD APPLY THE LAWS OF THE STATE OF NEW JERSEY TO THE ISSUE OF COMPENSATORY DAMAGES

---

[1] Plaintiff who was in a "coma" for many months following this occurrence is entitled to an award for loss of enjoyment of life. The laws of the State of New Jersey will afford decedent a more just recovery for this significant loss. In New York, loss of enjoyment of life is not a separate element of damages but is encompassed within the damage award for pain and suffering. Additionally, plaintiff must have had some level of awareness in order to obtain these damages. McDOUGALD v. GARBER, 73 N.Y.2d 246, 538 NYS2d 937. In New Jersey, an award for loss of enjoyment of life is a separate element of damages. There is no need to prove conscious awareness in order to be awarded these damages. EYOMA v. FALCO, 247 N.J. Super 435, 589 A.2d 653.

In BABCOCK v. JACKSON, 12 N.Y.2d 473, 240 N.Y.S.2d 743 (1963), the New York Court of Appeals rejected the *lex loci delecti* approach to choice of law issues and adopted the "center of gravity" or "grouping of contacts" approach to determining issues of choice of law to a particular issue in a dispute.

The BABCOCK court recognized that "controlling effect" must be given "to the law of the jurisdiction that, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation. BABCOCK, supra at 749.

The BABCOCK test was thereafter refined for automobile cases by the Court of Appeals in NEUMEIER v. KUEHNER, 31 N.Y.2d 121, 335 NYS2d 64 (1972).

The Court has set forth three rules to determine the choice of law issue:
1. When the injured individual and the defendant driver are domiciled in the same state, and the car is registered in that state, the law of that state should control.
2. When the driver's conduct occurred in the State of own domicile and that state's law does not make him liable for his conduct, he should not be held liable merely because the law of the victim's domicile would impose liability on his for his acts. Conversely, when the victim was injured in the State of his own domicile and its law permits recovery, the driver who has come into that state should not in the absence of special circumstances be permitted to interpose the law of his own state as a defense.

4

3- When the victim and the driver are domiciled in different states, the rules must be applied on a case by case basis to advance the ends of justice. In this situation, while in the first instance, the laws of the place of occurrence will govern, where it can be shown that displacing this rigid rule would advance justice without impairing the smooth working of the multi-state system or produce uncertainty, then the Court should apply a more just choice of law.

In this case, the third NEUMEIER rule should be applied. In issues involving standards of conduct, i.e. issues of liability, then under the NEUMEIER approach, the laws of the situs of the accident will usually be applied . However, when the issue is not that of conduct, but an allocation of losses, then other factors can be taken into account by the Court. SCHULTZ v. BOY SCOUTS OF AMERICA, INC. 65 NY2d 189, 491 NYS2d 90, 96 (1985); COONEY v. OSGOOD MACHINERY, 81 NY2d. 66, 595 NYS2d 919 (1993).

It is conceded that for issues of liability and punitive damages New York law should apply. For issues concerning allocation of losses or damages for pain and suffering and wrongful death (compensatory damages), under the NEUMEIER approach, New Jersey law should apply.

New York has a minimal interest in enforcing its law of damages since the both the defendant and plaintiff are non domiciles. New York has no interest in advancing it's more restrictive rules of compensatory damages to this controversy. Defendant's reasonable expectation and that of his liability carrier, was that the laws of New Jersey would govern the extent of his responsibility for damages if he was involved in an automobile accident. That the accident

happened in New York is merely fortuitous and should not be a reward for defendant's negligent conduct.

The loss allocation rules, favor the application of the laws of New Jersey. Defendant cannot be heard to complain, since New Jersey is both defendant's domicile and place of insurance coverage. He is in no way prejudiced by applying the damage rules of his home jurisdiction to this controversy. New York has no interest in the application of its limitations on recovery of damages in an action between non domiciliaries. <u>MARILLO v. BENJAMIN MOORE & CO</u>, 32 AD2d 1313, 822 NYS2d 195 (3rd Dept. 2006).

In <u>SCHULTZ v. BOY SCOUTS OF AMERICA, INC</u>. 65 NY2d 189, 491 NYS2d 90, 96 (1985) the Court affirmed that in a tort action, when the issue is not standards of conduct, but loss allocation then, the locus jurisdiction has at best a minimal interest in determining the right of recovery or the extent of the remedy in an action by a foreign domiciliary for injuries resulting from the conduct of another foreign domiciliary.

Significantly, the SCHULTZ court in applying the third <u>NEUMEIER</u> rule, determined that New Jersey loss allocation rules should govern the conduct of the co-defendant Franciscan Brothers even though the tort occurred in New York, "<u>because New York had no significant interest in applying its own law to this dispute</u>." The Court further observed that "application of New Jersey law will enhance "the smooth working of the multi-state system" by actually reducing the incentive for forum shopping and it will provide certainty for the litigants whose only reasonable expectation surely would have been the law of the jurisdiction"

where defendant resides and where it purchased it's insurance policy and where it registered it's vehicle would govern. SHULTZ, supra at 98

The "grouping of contacts" rule "requires courts to apply the law of the State which the parties understood would be the principal location of the insured risk and the one most intimately concerned with the outcome of the litigation." COLONIAL PENN v. ISAIAH MINKOFF, 40 AD2d 819, 338 NYS2d 444 (1st Dept. 1972) aff'd 33 NY2d 542, 347 NYS2d 437. In the instant case, the defendant and his carrier understood and expected that the principal location of his risk would be New Jersey. They cannot be heard to complain of their host state's law is applied to this controversy.

In the context of insurance contracts, "the State which is the "principal location of the insured risk" bears the most significant relationship to the contract...." GLOWSKI v. ALLSTATE INSURANCE, 134 N.H. 196, 589 A.2d 593. (1991). Similarly, in MATTER OF ARBITRATION BETWEEN ALSTATE INSURANCE AND KATHLEEN STOLARZ, 81 NY2d 219, 597 NYS2d 90, the Court of Appeals applied a grouping test and determined that New Jersey law should apply rather then New York law, even though the accident happened in New York since the policy of insurance was written in the State of New Jersey.

In MATTER OF LIBERTY MUTUAL INSURANCE v. JEAN GUERRER, 307 AD2d 1033, 763 NYS2d 772 (2nd Dept. 2003), utilizing a grouping of contacts analysis, the Court concluded that the place where the insurance contact was issued, the insured was domiciled and where the vehicle was registered had a greater interest in the application of its laws then did the State of New York.

7

## CONCLUSION

Utilizing a center of gravity or grouping of contacts test to determine whether to apply New York or New Jersey law to the issue of compensatory damages in this matter, New Jersey has a greater interest in the outcome. Thus, this court must apply the laws of the State of New Jersey to the issue of compensatory damages in this matter.

Dated: May 23, 2008

Respectfully submitted,

Michael V. Kaplen, Esq.
DeCaro & Kaplen, LLP
427 Bedford Road
Pleasantville N.Y. 10570
Tel: 914 747 4410
Fax: 914 747 4403
Michael@brainlaw.com
6132 MVK

To:
James D. Butler, Esq.
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Tel: 201 653 1676
Fax: 201 653 3673

Richard Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Tel: 732 225 3510
Fax: 732 225 3544