UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BODO PARADY, as Special Administrator of the     **JOINT PRE TRIAL**
Estate of SABINA PARADI, and BODO PARADY         **ORDER**
and MARY MOORE, individually,

                 Plaintiffs,

                               07 Civ. 3640   (JCF)
       -against-

MICHAEL R. PHILLIPS,            (Magistrate Judge Francis
                              for all purposes including
                Defendant.          trial)

-------------------------------------------------------------------X

## JOINT PRE TRIAL ORDER

i)     Full Caption of Case:

-------------------------------------------------------------------X
BODO PARADY, as Special Administrator of the
Estate of SABINA PARADI, and BODO PARADY
and MARY MOORE, individually,

                  Plaintiffs,

                              07 Civ. 3640   (JCF)
       -against-

MICHAEL R. PHILLIPS,         (All parties have stipulated
                              to a trial before Magistrate
               Defendant.         Judge Francis)

-------------------------------------------------------------------X

ii)     Trial Counsel:

     For Plaintiff:

     Michael V. Kaplen, Esq.
     DeCaro & Kaplen, LLP

427 Bedford Road
Pleasantville  N.Y. 10570
Tel:  914 747 4410
Fax: 914 747 4403
Email: Michael@brainlaw.com

For Defendant:

James D. Butler, Esq.
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Tel: 201 653 1676
Fax: 201 653 3673
jdb@butlerslaw.net

Richard Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Tel: 732 225 3510
Fax: 732 225 3544
rwedinger@bmctwlaw.com

Plaintiffs will object at the time of trial to the use of two counsel (James Butler, Esq. and Richard Wedinger, Esq). by defendant during the course of trial of this action.   James Butler has submitted an answer to the amended complaint concerning all issues in this case.  The use of multiple counsel by defendant is confusing to the jury and highly prejudicial to plaintiffs.


iii)    Subject Matter Jurisdiction:

This matter is brought in this Court pursuant to Diversity Jurisdiction, 28 USC 1332 as Plaintiffs and Defendants are citizens of diverse states and the amount in controversy exceeds One Hundred Thousand Dollars.  Plaintiffs are citizens of California.  Defendant is a citizen of New  Jersey.

Plaintiffs assert that the laws of the State of New York be applied to issues of liability and exemplary damages and that the laws of the State of New Jersey be applied to issues of compensatory damages under New York conflict of law principles.  (See memoranda of law submitted by plaintiffs)

2

The defendant does not contest the subject matter jurisdiction of this Court, in which the law of the locus of the tort, New York, is to be applied, both as to liability and damages, consonant with Magistrate Judge Francis' Memorandum and Order of March 5, 2008. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

iv) Plaintiffs Claims:

Plaintiffs bring this case for the personal injuries, pain and suffering, loss of enjoyment of life and for the wrongful death of their daughter, SABINA PARADI as a result of the negligence of the defendant, MICHAEL R. PHILLIPS in the operation of his truck which struck SABINA PARADI as she was crossing Ninth Avenue at the intersection of West 37th street on February 25, 2007.

It is claimed that Mr. PHILLIPS failed to observe Ms. PARADI as she was crossing the street and failed to yield the right of way to her. Plaintiffs claim that Ms. PARADI was crossing Ninth Avenue within the cross walk and with the WALK signal in her favor and that she had the right of way.

They further claim that the manner in which defendant was operating his truck that evening including driving at an excess rate of speed due to the snowy weather conditions; making a left turn from the right hand lane of the roadway in violation of New York State law;  in failing to observe the presence of any pedestrians crossing the street;  failing to observe Ms. PARADI before striking her; and in failing to yield the right of way to a pedestrian in the crosswalk were in combination so reckless as to amount to a conscious disregard of the health and safety of others  justifying an award of punitive damages.

It is contended that Mr. PHILLIPS violated the following provisions of the motor vehicle and traffic laws of the State of New York:

i)  Vehicle and Traffic Law §112(a)  Pedestrian-control signal WALK

ii)  Vehicle and Traffic Law §1122(a) and (b) Overtaking a Vehicle

iii)  Vehicle and Traffic Law §1128(a)  Driving on roadways laned for traffic

iv)  Vehicle and Traffic Law §1129(a)  Following To Closely

v)  Vehicle and Traffic Law §1146 Drivers to exercise due care

vi)  Vehicle and Traffic Law §1160(c) Required position on roadway for making left turn

vii)  Vehicle and Traffic Law §1180  Basic rule speed

viii)  Vehicle and Traffic Law §1212  Reckless driving

and the following provisions of the Traffic Regulations of the City of New York:

i)  §4-02(c): Dangerous driving

ii)  §4-03(a)(1): Traffic Signals: Green alone

iii)  §4-03(c)(1): Pedestrian Control Signals WALK

iv)  §4-07(a)(1) Maximum speed limits and basic rule

As a result of being struck by defendant's truck, SABINA PARADI was thrown to the ground and struck her head. She was taken by ambulance in an unconscious state to St. Vincent's Hospital.  She was diagnosed as suffering from a traumatic brain injury including fractures to her skull and bleeding within the brain.  Emergency neurosurgery was performed to relieve the pressure with her brain and skull. During her hospitalization at St. Vincent's Hospital she suffered from numerous complications and required additional surgery. She was eventually transferred to Columbia Presbyterian Medical Center and then Helen Hayes Hospital for rehabilitation.  She was transferred back to Columbia Presbyterian Hospital where she passed away from her injuries on June 30, 2007.

At the scene of this incident, it is claimed that SABINA PARADI suffered shock and fright as well as fear and apprehension of impending death as a result of noting imminent impact by the PHILLIPS vehicle. Additionally, SABAINA PARADI  endured pain  and suffering as a result of being struck.

While an in- patient at these three hospitals, it is claimed that SABINA PARADI endured pain and suffering and on some level was aware of her losses and therefore also suffered loss of enjoyment of life.

Her estate brings a claim for her personal injuries, pain and suffering, and loss of enjoyment of life on her behalf and for the financial losses, both present and future suffered by her mother and father as a result of her death.

Defendant claims:

By James Butler:

Defendant objects to any effort to present evidence of damages other than those for wrongful death as permitted by EPTL § 5-4.3

4

Defendant asserts that he was not negligent but, contrarily, decedent's negligence was the cause of this accident.

Defendant claims that as decedent was crossing easterly on Ninth Avenue at West 37th Street, she failed to make proper observation and in fact was talking with her friend, Matthew Blank, walking at a fast pace, and not paying attention, while their view was obstructed by heavy snow and an umbrella held by her friend. They did not notice the Phillips' vehicle until after Paradi's accident. Both decedent and Blank were wearing dark outer garments, in a steady heavy snowfall, on a street described by the investigating police as snow covered with a layer of ice, and, after belatedly commencing to cross the 6 lane wide Ninth Avenue, decedent was either outside the crosswalk or in the area of a street depression, which may have caused her to slip on the snow/ice surface, with the resultant accident. ·

Defendant did not see the dark-clad, umbrella-shielded decedent in the heavy snow, as he proceeded at approximately 3 m.p.h. with his headlights and left turn signal on, and first knew of her presence when he heard a bang on his front left fender. At that time, defendant was turning into the far southbound lanes leading to the Lincoln Tunnel entrance.

With regard to the allegations as to the speed of defendant's vehicle, decedent was lying by the front left fender of the Phillips' vehicle, and there were no skid marks.

Defendant denies violation of any of the 8 cited Statutes in Vehicle & Traffic Law of New York, or any of the 4 cited Traffic Regulations of the City of New York. To the contrary, defendant contends that decedent violated the following provisions of the Vehicle & Traffic Laws of the State of New York:

1. § 1150
2. § 1151(b)
3. § 1152
4. § 1155

Defendant contends that decedent, who was initially described by Blank as talking and not paying attention, had no compensable awareness prior to being rendered unconscious at the scene. Decedent never again regained consciousness, and, as reflected in the records of St. Vincent's Hospital, Columbia Presbyterian Hospital and Helen Hayes Hospital, had no conscious pain and suffering from that time until her death on 6/30/07.

As is aforestated, damages herein, if any, are restricted to those set forth in EPTL § 5-4.3 (see Wedinger submission re: inapplicability of punitive damages).

5

Plaintiffs object to any speculative testimony and opinions concerning the actions or attention of plaintiff's decedent.

By Richard Wedinger, Esq.:

Plaintiff in the present case is not entitled to an award of punitive damages, since there is no evidence, not alone a preponderance of the evidence, that Defendant was guilty of gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or at Plaintiff, which is equivalent to "a conscious disregard of the rights of others," or a high degree of moral culpability.

Under the New York law, Plaintiff, who seeks an award of punitive damages in personal injury actions based on negligence, must show that the defendant's conduct was "so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others and that the conduct demonstrates a high degree of moral culpability." *Marcoux v. Farm Services and Supplies, Inc.*, 283 F. Supp. 2d 901, 907 (Sep. 12, 2003). Plaintiff's showing of the aforementioned factors to recover punitive damages must be proven by a preponderance of the evidence. *Id.* Judge Owen of the Southern District Court of New York has held that "even there is gross negligence, punitive damages are awarded in singularly rare cases involving an improper state of mind or malice or cases involving wrongdoing to the public." *Id.*

When a driver is qualified with appropriate experience for operating a vehicle and the driver's conduct was not intentional to cause an incident, his actions "do not evidence the degree of recklessness and wantonness requisite for an award of punitive damages." *Id.* at 908-909. When the plaintiff fails to show the requisite showing of wanton or reckless conduct on the part of the defendant, the court must find that the plaintiff does not have any legally sustainable claims against the defendant. *Id.* at 912.

The evidence in the case shows that the subject claim was simply a result of a catastrophic accident, which does not involve any intentional or malicious act of Defendant. At the time of the alleged accident, Defendant was making a left turn from 37th Street to 9th Avenue and came into contact with Plaintiff who was walking across 9th Avenue. The subject intersection was very dark, since the alleged incident occurred around 9:15 PM. In addition, the road condition was extremely bad due to snow, slush and a layer of ice from a steady heavy snow. In addition, Plaintiff and his companion Mr. Blank were wearing dark cloths and were also wearing a black umbrella, making Defendant observe the pedestrians on the road. Mr. Blank also admitted that Plaintiff and he was not looking at the traffic, while crossing the road.

6

The Police Report relates that Defendant was proceeding at a low speed, and, therefore, did not leave any skid mark on the road. The Police Report further states that Defendant vehicle was operating in a perfect condition. The Police Report further states that Defendant was not under influence of any substances at the time of the alleged accident.

Defendant testified that he did not see Plaintiff crossing the road, but realized what had occurred only when he got out of his vehicle after he heard a bang sound. Defendant testified that he was in total shock when he saw Plaintiff lying on the ground. This testimony of Defendant corresponds to the testimony of Sharlene Aquiler, an independent witness of the alleged accident, who testified that "[Defendant] was [] out of his vehicle . . . and I remember her was . . . very distressed, almost in shock."

All the evidence in the case proves that the subject incident was simply an accident, which does not allow Plaintiff to recover any punitive damages.

Considering the evidence of the case in its totality, the jury must find that Plaintiff is not entitled to any punitive damages.

v)    Trial by Jury

Plaintiff have demanded a trial by jury on all issues.

Plaintiffs contend that the laws of the State of New York should be applied to issues of liability and exemplary damages and that the laws of the State of New Jersey should be applied to issues of compensatory damages. (See memoranda of law submitted by plaintiffs)

The defendant does not contest the subject matter jurisdiction of this Court, in which the law of the locus of the tort, New York, is to be applied, both as to liability and damages, consonant with Magistrate Judge Francis' Memorandum and Order of March 5, 2008. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

The parties anticipate that the trial will last 12-14 days.

vi)    The parties have consented to a trial in this action by Magistrate Judge James C. Francis, IV

vii)    Stipulations:

No factual or legal stipulations.

7

The parties have stipulated to the authenticity of the following medical and other records:

**Plaintiff's exhibits :**

1) St. Vincent's Hospital and Medical Center,  hospital record:

   2/25/07-4/18/07

2) Columbia Presbyterian Hospital, hospital record: 4/18/07-5/1/07

3) Columbia Presbyterian Hospital, hospital record: 5/7/07-6/30/07

4) Helen Hayes Hospital, hospital record: 5/1/07-5/7/07

5) University of California, Berkley, College Transcript of Sabina

   Paradi

6) Records of Sabina Paradi from Columbia Presbyterian Nutrition

   Fellowship Program  (excepting photographs)

7) New York City Police Accident  Report (MV 104AN)

8) Defendant PHILLIPS signed statement to New York City Police

   Department (marked as exhibit 7 at defendant's deposition)

9)  Chapel of San Ramon Valley, funeral charges $9,275.40, paid

   invoice (amount only)

10)  Alamo-Lafayette Cemetary: $3,545.00, paid invoice (amount only)

11)  Serenity Headstones and Memorials, $1,732.00, paid invoice

   (amount only).

12)  Sallei Mae student loan outstanding balance: $6,392.29

13)  U.S. Department of Education, student loan balance: $10,195.69

14)  It is stipulated that $11,394.68  was expended by MARY MOORE

and BODO PARADY for expenses incurred while attending to their

daughter while she was hospitalized in New York.  (Itemized

expenses annexed as exhibit)

15)   Report of autopsy

16)  Death Certificate

17)  Letters of Administration, Superior Court of California

18)  Order for Probate, Superior Court of California

19)  2005 Tax Return of Sabina Paradi

20) Photo of scene marked as exhibit 1, defendant's deposition

21)  Photo of scene marked as exhibit 2, defendant's deposition

22)  Photo of scene marked as exhibit 3, defendant's deposition

23)  Photo of scene marked as exhibit 4, defendant's deposition

24)  Photo of scene marked as exhibit 5, defendant's deposition

25)  Photo of scene marked as exhibit 6, defendant's deposition

26)   New York City Police Diagram of accident scene.

27)   New York City Police Diagram of accident scene with site
measurements

28)   Transcript, Department of Motor Vehicles, Administrative Hearing,
"In the Matter of Michael R. Phillips" June 1, 2007.

**Defendant's exhibits:**

2.      Report of Missing Persons Squad to Medical Examiners Unit,
dated 7/1/07.

3.      Statement of Witness Matthew C. Blank to New York City Police
Department (P1 for identification at Blank deposition on
8/27/07).

4.    New York City Police Department Preliminary Report, HD #684, dated 2/25/07.

5.    New York City Police Department Accident Investigation Squad Report, PD 313-081A (Rev. 4/89) – 31, dated 2/26/07.

6.    Notes of Detective Joseph Barbara re: Sharlene Aquler.

7.    Notes of Detective Cipolli re: Maria Eberline.

8.    FDNY Pre-Hospital Care Report.

9.    Handwritten notes of Detective William Ficken re: interviews and condition of Sabina Paradi.

10.    Property Clerk's Invoice.

11.    Photograph of accident area taken by plaintiffs' investigator.

12.    Photograph of accident area taken by Plaintiffs' investigator (PLF 4 at Phillips' deposition on 8/21/07).

20.    St. Vincent's Hospital and Medical Center records:  2/25/07 – 4/18/07 (see plaintiffs' Exhibit 1)

21.    Columbia Presbyterian Hospital records:  4/18/07 – 5/1/07 (see plaintiffs' Exhibit 2).

22.    Helen Hayes Hospital records:  5/1/07 – 5/7/07 (see plaintiffs' Exhibit 4).

23.    Columbia Presbyterian Hospital records:  5/7/07 – 6/30/07 (see plaintiffs' Exhibit 3).

24.    Photograph of accident area taken by plaintiffs' investigator (PLF 2 for identification at Phillips' deposition on 8/21/07).

25.    Photograph of accident area taken by plaintiffs' investigator (PLF 3 for identification at Phillips' deposition on 8/21/07).

26.    Photograph of Ninth Avenue and Lincoln Tunnel entrance lanes taken by plaintiffs' investigator (PLF 6 for identification at Phillip' deposition on 8/21/07).

27.    Police Accident Report MV-104AN

30.    New York Police Department Motor Vehicle Accident and Mechanism Report, PD301-151, with witness statements of Matthew Blank (PD301-081) and Michael Phillips (PD301-061).

viii)    Witnesses:

**Plaintiffs intend to call the following witnesses:**

1) Bodo Parady

2) Mary Moore (in person and by deposition)

3) Matthew Chin Blank

3) Sharlene Aquiler (in person and by deposition)

4) Maria Eberline (by video non party witness deposition)

5) Michael R. Phillips (by defendant deposition transcript and in person)

6) Cristine Lee

7) Pastor Kenny Marchietti

8) Susan Marshall

9) Caroline Simpson

10) Cathryn Stauffer

10) Police Officer Mirenda

11) Steven R. Flannagan, M.D.

12) Angelo R. Canedo, PhD.

13) Stan Smith, PhD.

Defendant objects to the testimony and presentation by the plaintiffs' proposed economist, Stan Smith, including all materials, references, calculations, exhibits and opinions set forth and referred to in his report of December 10, 2007.

Defendant objects to any testimony regarding decedent's condition and opinions regarding same by Steven R. Flannagan, M.D.

Defendant objects to any testimony regarding decedent's condition and opinions of Angela R. Canedo, PhD.

**Defendant may call the following witnesses in its case in chief:**

1.   Defendant, Michael R. Phillips (Deposition and in person)

2.   Mathew C. Blank (Deposition and in person)

3.   Detective Patrick Rooney (In person)

4.   Police Officer Loukopoulos (in person)

5.   Police Officer Robertson (in person)

6.   Detective William Ficken (in person)

7.   Detective Robert Bourne (in person)

8.   Emily Gilmore, M.D. (in person)

9.   John Freese, M.D. (in person)

10.   Glenn Seliger, M.D. (in person)

11.   Sander Connolly, M.D. (in person)

12.   Alan Herschfeld, M.D. (in person)

13.   Augusto Parra, M.D. (in person)

14.   Errol Gordon, M.D. (in person)

15.   Stephan Mayer, M.D. (in person)

16.   Richard Temes, M.D. (in person)

17.   John J. Caronna, M.D. (in person)

18.   Maria Eberline (Video Deposition and transcript)

19.    Sharlene Aquiler (Deposition and in person)

20.    Bobo Parady (Deposition and in person)

21.    Mary Michelle Moore (Deposition and in person)

22.    Personnel of New York City Fire Department, including Lieutenant Patrick Keefe and emergency personnel responding to accident (in person)

23.    Custodian of records and personnel of New York State

Plaintiffs object to any testimony regarding decedent's condition and opinions regarding same by John J. Caronna, M.D.

Plaintiffs object to any opinion and/or expert testimony by the following witnesses: Detective Rooney, Police Officers Loukopoulos, Robertson, Detective Ficken, Bourne, personnel of New York City Fire department including Lieutentant Keefe and emergency personnel.

Plaintiffs object to any expert and/or opinion testimony from the following Physicians Gilmore, Freese, Seliger, Connolly, Herschfled, Parra, Gordon, Mayer, Temes.

Plaintiffs object to the use by defendant of defendant's deposition in their case in chief pursuant to Fed Rule of Civ. Pro. 32.

Plaintiffs object to the use by defendant of the non party deposition testimony of witnesses SHARLENE AQUILER and MATTHEW BLANK in their case in chief pursuant to Fed Rule of Civ. Pro. 32.


ix)    Deposition Testimony

Plaintiffs intend to introduce the following deposition video testimony as part of their case in chief:

MICHAEL R. PHILLIPS (defendant)
Deposition taken August 21, 2007

Pages 5- page 6 line 14

Page 8 line 3- page 8 line 16

Page 10 line 21- page 13 line 8

13

Page 14 line 24- page 21 line 23

Page 22 line 22- page 22 line 17

Page 23 line 8- page age 24 line 6

Page 24 line 25- page 25 line 16

Page 29 line 24- page 41 line 11

Page 42 line 22- page 44 line 18

Page 46 line 17 – page 54 line 19

Page 55 line 25- page 60 line 3

Page 61 line 17 – page 61 line 23


MARIA EBERLINE (out of state non party witness deposition)

Plaintiffs intend to play the video tape deposition of Maria Eberline in full with transcript.

MARY MOORE

Plaintiffs intend to introduce Ms. Moore's deposition testimony in full if she does not appear at trial.


Plaintiff reserves the right to offer deposition testimony designated by defendant and portions of the depositions which in fairness should be read into evidence following the reading of any deposition testimony by defendant.


Defendant objects to plaintiffs' proposed deposition readings as follows:

            AS TO MICHAEL PHILLIPS' DEPOSITION OF AUGUST 21,
2007:

            Page 20 line 16 – Page 20 line 22

            Page 51 line 5 to Page 52 line 10

Page 57 line 20 – Page 57 line 22

Page 58 line 2 – Page 58 line 11

Page 61 line 22 – line 23

AS TO MARIA EBERLINE'S DEPOSITION OF DECEMBER 18, 2007:

Page 10 line 22 - line 24

Page 11 line 9 – line 22

Page 12 line 8 – line 24

Page 13 line 6

Page 13 line 21 – line 24

Page 14 line 7 – line 8

Page 15 line 3 – line 6

Page 15 line 10 – Page 16 line 3  (See Page 21 line 2 – line 14,

Page 22 line 2 – line 3 and Page 30 line 8 – line 14)

Page 16 line 11 – line 17

Page 38 line 15 – line 23

Defendant objects to plaintiffs' attempted presentation of videotapes of defendant and Maria Eberline consonant with Civ. R. 32.  Additionally, defendant reserves the right to object to portions of the proposed videotapes of depositions of Michael Phillips and Maria Eberline pending the parties' review and requisite excisions thereof.

Defendant objects to any attempted presentation by plaintiffs of deposition testimony of Mary Moore, if she does not appear at trial.

Defendant may introduce the following deposition testimony as part of his case in chief:

**WITNESS, MATTHEW CHIN BLANK**
**Deposition taken August 27, 2007:**

Page 26 line 11 - Page 27 line 3

Page 29 line 12 – line 15

Page 30 line 12 – line 23

Page 33 line 12 – line 24

Page 41 line 9 – line 25

Page 44 line 13 – Page 45 line 10

Page 46 line 20 – Page 47 line 12

Page 47 line 21 – Page 48 line 25

Page 54 line 25 – Page 55 line 11

Page 57 line 6 – line 21

Page 58 line 12 – line 15

Page 67 line 11 – Page 68 line 7

Page 77 line 3 – line 9

Page 79 line 16 – line 17

Page 80 line 5 – line 10

Page 80 line 16 – Page 81 line 14

Page 84 line 23 – Page 85 line 10

Page 85 line 19 – Page 86 line 2

Page 87 line 9 – Page 91 line 7

Page 99 line 6 – Page 101 line 7

**DEFENDANT, MICHAEL PHILLIPS**
**Deposition taken August 21, 2007:**

Page 13 line 23 – Page 14 line 3

Page 15 line 11 – line 19

Page 21 line 24 – Page 22 line 6

Page 22 line 25 – Page 23 line 5

Page 24 line 7 – line 24

Page 29 line 20 – Page 31 line 6

Page 31 line 20 - Page 32 line 2

Page 33 line 7 – line 16

Page 38 line 4 – line 15

Page 38 line 20 – Page 39 line 3

Page 39 line 9 – line 12

Page 41 line 11 – line 15

Page 42 line 3 – line 16

Page 43 line 6 – line 18

Page 44 line 24 – Page 45 line 5

Page 46 line 8 – line 16

Page 47 line 8 – Page 49 line 21

Page 53 line 10 – line 17

Page 55 line 19 – line 24

Page 56 line 19 – Page 57 line 9

Page 57 line 4 – line 9

Page 58 line 17 – Page 59 line 13


**WITNESS, SHARLENE AQUILER**
**Deposition taken December 20, 2007:**

Page 4 line 21 – Page 7 line 8

Page 7 line 15 – Page 8 line 3

Page 13 line 8 – line 23

Page 14 line 3 – Page 18 line 8

Page 20 line 7 – Page 21 line 8

Page 27 line 3 – Page 28 line 8

Page 29 line 12 – line 16

Page 32 line 8 – line 12

Page 36 line 11 – line 22

Page 38 line 5 – line 19

Page 45 line 6 – line 14


**WITNESS, MARIA EBERLINE**
**Deposition taken December 18, 2007:**

Page 8 line 14 – 21

Page 9 line 20 – Page 10 line 6

Page 10 line 12 – line 21

Page 13 line 25 - Page 14 line 9

Page 14 line 4 – line 6

Page 14 line 16 – line 20

Page 16 line 11 – Page 17 line 3

Page 17 line 8 – Page 20 line 25

Page 19 line 3 – Page 20 line 19

Page 21 line 2 – line 14

Page 21 line 15 – line 22

Page 22 line 4 – Page 23 line 20

Page 25 line 25 – Page 26 line 19

Page 26 line 10 – line 24 – Page 28 line 18

Page 30 line 22 – Page 32 line 16

Page 32 line 20 – Page 33 line 15

Page 34 line 10 – Page 36 line 22

**PLAINTIFF, BODO PARADY**
**Deposition taken August 23, 2007:**

Page 7 line 10 – Page 9 line 23

Page 11 line 20 – Page 12 line 14

Page 17 line 10 – Page 18 line 17

Page 20 line 20 – Page 21 line 15

**PLAINTIFF, MARY MICHELLE MOORE**

**Deposition taken August 23, 2007**:

Page 19 line 1 – Page 20 line 12

Page 21 line 9 – line 18

Page 30 line 3 – line 5

Page 35 line 16 – Page 36 line 16

Page 37 line 3 – line 5

Page 39 line 25 – Page 40 line 8

Page 49 line 18 – Page 50 line 6

Page 51 line 8 – line 13

Plaintiff objects to defendant's use of the deposition testimony of MATTHEW CHIN BLANK in his direct case pursuant to Fed Rule of Civ. Pro. 32 .

Plaintiff objects to defendant's use of the deposition testimony of defendant MICHAEL PHILLIPS for any purpose pursuant to Fed Rule of Civ. Pro. 32.

Plaintiff objects to defendant's use of the deposition testimony of SHARLENE AQUILLER in his direct case pursuant to Fed Rule of Civ. Pro. 32 .

Plaintiff objects to the use of the following portion's of the deposition testimony of BODO PARADY:

Page 7 line 10-Page 9 line 23

Page 11 line 20 –Page 12 line 14

X)  Exhibits:

Plaintiffs intend to offer the following exhibits into evidence:

1)  *  St. Vincent's Hospital and Medical Center,  hospital record:

2/25/07-4/18/07

2)  *  Columbia Presbyterian Hospital, hospital record: 4/18/07-5/1/07

3)  *  Columbia Presbyterian Hospital, hospital record: 5/7/07-6/30/07

4)  *  Helen Hayes Hospital, hospital record: 5/1/07-5/7/07

5)  *  University of California, Berkley, College Transcript of Sabina Paradi

6)  ** (except for picture)  Records of Sabina Paradi from Columbia Presbyterian Nutrition Fellowship Program

7)  * Police reports

8)  * Defendant PHILLIPS signed statement to New York City Police Department (marked as exhibit 7 at defendant's deposition)·

9)   ** Chapel of San Ramon Valley, funeral charges $9,275.40, paid invoice

10)  ** Alamo-Lafayette Cemetery: $3,545.00, paid invoice

11)  ** Serenity Headstones and Memorials, $1,732.00, paid invoice.

12)  ** Sallei Mae student loan outstanding balance: $6,392.29

13)  ** U.S. Department of Education, student loan balance: $10,195.69

14)  ** It is stipulated that $11,394.68  was expended by MARY MOORE and BODO PARADY for expenses incurred while attending to their daughter while she was hospitalized in New York.  (Summary Sheet Attached)

15)  * Report of autopsy

16)  ** Death Certificate

17)  ** Letters of Administration, Superior Court of California

18)  ** Order for Probate, Superior Court of California

19) * Photo of scene marked as exhibit 1, defendant's deposition

20) * Photo of scene marked as exhibit 2, defendant's deposition

21) * Photo of scene marked as exhibit 3, defendant's deposition

22) * Photo of scene marked as exhibit 4, defendant's deposition

23) * Photo of scene marked as exhibit 5, defendant's deposition

24) * Photo of scene marked as exhibit 6, defendant's deposition

25) * New York City Police Diagram of accident scene.

26) * New York City Police Diagram of accident scene with site measurements.

27) ** Sabina Paradi, resume.

28) 2005 Tax Return of Sabina Paradi

29) Stan Smith (Economist): Summary of Losses For Sabina Paradi

30) Stan Smith (Economist): Table 9 Summary Page: Present Value of Net Wages and Benefits

31) Stan Smith (Economist): Table 12 Summary Page: Present Value of Net Guidance to Bodo

32) Stan Smith (Economist): Table 15 Summary Page: Present Value of Net Guidance to Mary

33) Stan Smith (Economist): Table 18 Summary Page: Present Value of Net Accompaniment to Bodo

34) Stan Smith (Economist): Table 21 Summary Page: Present Value of Net Accompaniment to Mary

35) Medical Illustration of CT scans with reproduction of actual CT scans of Sabina Paradi taken at St. Vincent's Hospital and Medical Center

36) Model of Brain

37) Model of Interior of Skull

38) Anatomical diagram of brain and mechanism of traumatic brain injury to Sabina Paradi.

39) [A-D] Photographs of Sabina Paradi

40) [A-E] Photographs of Sabina Paradi with friends

41) [A-C] Photographs of Sabina Paradi with Family

42) [A-G] Photographs of Sabina Paradi in Hospital

43) Testimony of Officer Redland, Department of Motor Vehicles, Administrative Hearing, June1, 2007.

Defendant objects to plaintiffs' proposed Exhibits 28 through 43, inclusive.


Defendant may offer the following exhibits into evidence:


1. * Supplemental Case Information Report of City of New York Chief Medical Examiner dated 6/30/07.

2. * Report of Missing Persons Squad to Medical Examiners Unit, dated 7/1/07.

3. * Statement of Witness Matthew C. Blank to New York City Police Department (P1 for identification at Blank deposition on 8/27/07).

4. * New York City Police Department Preliminary Report, HD #684, dated 2/25/07.

5. * New York City Police Department Accident Investigation Squad Report, PD 313-081A (Rev. 4/89) -- 31, dated 2/26/07.

6. ** Notes of Detective Joseph Barbara re: Sharlene Aquler.

7. ** Notes of Detective Cipolli re: Maria Eberline.

8. ** FDNY Pre-Hospital Care Report.

9. * Handwritten notes of Detective William Ficken re: interviews and condition of Sabina Paradi.

10. *   Property Clerk's Invoice.

11. *   Photograph of accident area taken by plaintiffs' investigator.

12. **  Photograph of accident area taken by Plaintiffs' investigator (PLF 4 at Phillips' deposition on 8/21/07).

13. **  Police Photograph at scene (EA for identification at Eberline's deposition on 12/18/07).

14. **  Police Photograph of weather conditions at scene.

15. **  Police Photograph of Phillips' vehicle and road conditions at scene.

16. *   Police Photograph of Phillips' vehicle and area where Paradi fell.

17.    Expert Report of John J. Caronna, M.D., dated 1/28/08.

18.    Dr. Caronna's Curriculum Vitae.

19.    Dr. Caronna's List of Depositions and Court Appearances since 2004.

20.**  St. Vincent's Hospital and Medical Center records: 2/25/07 – 4/18/07 (see plaintiffs' Exhibit 1)

21.**  Columbia Presbyterian Hospital records: 4/18/07 – 5/1/07 (see plaintiffs' Exhibit 2).

22.**  Helen Hayes Hospital records: 5/1/07 – 5/7/07 (see plaintiffs' Exhibit 4).

23. **  Columbia Presbyterian Hospital records: 5/7/07 – 6/30/07 (see plaintiffs' Exhibit 3).

24. **  Photograph of accident area taken by plaintiffs' investigator (PLF 2 for identification at Phillips' deposition on 8/21/07).

25.**   Photograph of accident area taken by plaintiffs' investigator (PLF 3 for identification at Phillips' deposition on 8/21/07).

26.**    Photograph of Ninth Avenue and Lincoln Tunnel entrance
lanes taken by plaintiffs' investigator (PLF 6 for
identification at Phillip' deposition on 8/21/07).

27.**    Police Accident Report MV-104AN

28.    The finding of "Not Guilty" in the Transcript of State of
New York, Department of Motor Vehicle Administrative
Adjudication Bureau dated June 7, 2007.

29. *    New York Police Department, Diagram by
Loukopoloulos, P.D. 301-151B.

30. *    New York Police Department Motor Vehicle Accident and
Mechanism Report, PD301-151, with witness statements
of Matthew Blank (PD301-081) and Michael Phillips
(PD301-061).

Plaintiff objects to the use of defendant's exhibits 1, 17,18,19, 28  for any
purpose.

The parties reserve the right to introduce and use at trial any of the pleadings
served in this action.

Plaintiffs reserve the right to introduce and use at trial any exhibits offered by
defendant.

Defendant reserves the right to introduce and use at trial any exhibits offered
by plaintiffs.

Plaintiffs reserve the right to introduce as exhibits those documents and
learned treaties used or relied upon by defendant's experts in formulating
their opinions.

Defendant reserves the right to introduce as exhibits those documents and
learned treatises used or relied upon by plaintiffs' experts in formulating their
opinions.

Plaintiffs reserve the right to introduce into evidence, or otherwise use, any
documents or exhibits for impeachment purposes or in rebuttal of defendant's
proofs.

Defendant reserves the right to introduce into evidence, or otherwise use, any documents or exhibits for impeachment purposes or in rebuttal of plaintiffs' proofs.

Plaintiff reserves the right to introduce as exhibits any documents that are produced to the defendant by plaintiffs after the submission of this Order to the Court.

Defendant reserves the right to introduce as exhibits any documents that are produced to the defendant by plaintiffs after the submission of this Order to the Court.

Defendant reserves the right to present exhibits in demonstrative form.

Dated:  May 20,  2008

s/ Michael V Kaplen

Michael V. Kaplen, Esq.
DeCaro & Kaplen, LLP
427 Bedford Road
Pleasantville  N.Y. 10570
Tel:  914 747 4410
Fax: 914 747 4403
Michael@brainlaw.com
6132 MVK

s/ James D. Butler

James D. Butler, Esq.
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Tel: 201 653 1676
Fax: 201 653 3673
jdb@butlerslaw.net
JDB/9427

s/ Richard Wedinger

Richard Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Tel: 732 225 3510
Fax: 732 225 3544
rwedingerbmctwlaw.com