UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   (ECF)
BODO PARADY, as Special Administrator of the Estate     07 CIV 3640 (JCF)
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                                                Magistrate Judge
                                                                                                  Francis-all purposes
                                        Plaintiffs,
            -against-

MICHAEL R. PHILLIPS,

                                        Defendant,
------------------------------------------------------------------------X


# PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO BAR INTRODUCTION OF VARIOUS PHOTOGRAPHS DEPICTING VARIOUS ASPECTS OF SABINA PARADI'S LIFE

## I: AN INJURED INDIVIDUAL MAY DISPLAY A PHOTOGRAPH OF THEIR INJURY TO THE JURY

Plaintiffs seek to introduce into evidence photographs of plaintiff while she was hospitalized both to depict the nature and extent of injury and also to assist the jury in making a determination of decedent's ability to endure pain and suffering and appreciate on some level her loss of enjoyment of life.

The photographs will also be used by DR. FLANAGAN and DR. CANEDO to illustrate and assist the jury in comprehending their testimony concerning SABINA'S minimally conscious state. While defense counsel complains that the photograph shows that her eyes are open, it is this very fact that is important in establishing the SABINA was in the minimally conscious state and thus capable of some level of cognitive awareness.

1

The photographs of decedent are not gruesome, bloody, or grotesteque. They are not prejudicial in any manner and bear upon important elements of damages that the jury must consider and the expert testimony that they must evaluate.

Where photographs contribute to the presentation and understanding of the medical evidence, they are admissible. NEW v. CARTRIGHT, 32 AD2d 576, 299 NYS2d 43 (3rd Dept 1969); CAPRARA v. CHRYSLER, 71 AD2d 515, 423 NYS2d 694 (3rd Dept. 1979) affirmed 52 NY2d 114, 436 NYS2d 251. The fact that there will also be verbal testimony describing decedent's condition does not warrant the striking of the photograph which depicts her semi-conscious state. WHELAN v. PENN CENTRAL CO., 503 F.2d 886, 891 (2nd Cir. 1974)

## II: PHOTOGRAPHS OF DECEDENT MAY BE DISPLAYED TO THE JURY ON ISSUES OF LOSS OF ENJOYMENT OF LIFE AND PECUNIARY DAMAGES TO HER NEXT OF KIN

*[The right of plaintiff's estate to recover damages for her loss of enjoyment of life and for the pecuniary injuries sustained to her parents has been fully briefed in plaintiff's memorandum of law opposing defendant's in limine motion pertaining to the testimony of plaintiffs' economist, DR. SMITH and will not be repeated herein].*

The photographs sought to be admitted all pertain to the habits of decedent, her zest and joy of life, her extracurricular activities, her scholastic achievements, the warm relationship she had with her parents and grandparents

as well as her ability to get along with others.  These attributes all bear upon her the loss of ability to enjoy the pleasures and pursuits of life and the pecuniary losses and the likelihood that she will have the means to provide for the support of her parents as they age and become infirm.

In a remarkably similar case , applying Vermont law which is identical to New York law and New Jersey law concerning the issue of loss of enjoyment of life and the pecuniary losses sustained by a parent in a wrongful death action, the Second Circuit, in <u>DRINON v. WILSON</u>, 113 F.2d 654 rejected identical defense arguments and upheld the introduction of such evidence.

The Court held, "that where the kind of person the deceased in fact was has an important bearing upon the issues, the rule does not require the exclusion of the picture. (citations omitted)"

> **In this case the pecuniary benefit to the next of kin which was lost by the death was what financial aid the deceased would have given her parents had she lived.  Her next of kin were depended much upon the kind of girl she was and her photograph was certainly some evidence to aid the jury in determining that.  Having evidential value for that legitimate purpose its introduction was not erroneous**. (citations omitted)."

An identical decision on the admissibility of photographs in a wrongful death action was made in <u>MUDD v .QUINN</u>, 462 S.W.2d 757, 7631971 MO LEXIS 1151. "The photographs were relevant in depicting the condition of health of deceased and, if it showed her to be attractive, such could affect her earning power; and admissibility of photographs in death cases for such purpose has been ruled in other jurisdictions. (citations omitted)"

3

Images of an individual's condition including video recordings of a patient in a coma are admissible on the issue of cognitive awareness." MC EACHRON v. GLANS, 1999 U.S. Dist. LEXIS 21926 (NDNY 1999, J. Kahn).

## CONCLUSION

Defendants motion should be denied in all respects. The photographic evidence depicting decedent while a patient in the hospital and the photographs depicting her activities, relationship with family and friends and academic matters are relevant and material and should be considered by the trier of fact on the issue of damages and decedent's cognitive state.

Dated: Pleasantville, New York

    August 14, 2008

Respectfully submitted,

S/ *Michael V Kaplen*

MICHAEL V. KAPLEN

DE CARO & KAPLEN, LLP
Attorneys for Plaintiffs
427 Bedford Road
Pleasantville, NY 10570
(914) 747 4410

6132 MVK

To:
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Attorney for defendant Phillips

Richard W. Wedinger, Esq.

4

Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Personal attorney for defendant Phillips