UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   (ECF)
BODO PARADY, as Special Administrator of the Estate   07 CIV 3640 (JCF)
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                   Magistrate Judge
                                                       Francis-all purposes
                      Plaintiffs,

MICHAEL R. PHILLIPS,

                      Defendant,

-------------------------------------------------------------------------X


# PLAINTIFFS REPLY MEMORANDUM OF LAW
# ON CHOICE OF LAW FOR COMPENSATORY DAMAGES


MICHAEL V. KAPLEN, ESQ.

DE CARO & KAPLEN, LLP
Attorneys for Plaintiffs
427 Bedford Road
Pleasantville, NY 10570
(914) 747 4410
6132 MVK

## THE PRIOR ORDER OF THIS COURT ONLY APPLIED TO CHOICE OF LAW ISSUES PERTAINING TO EXEMPLARY DAMAGES

This Court's decision and order of March 5, 2008 only applied to issues of exemplary damages. No arguments were ever advanced by the parties on the applicable state law concerning compensatory damages, as the subject matter of the motions addressed by the Court dealt with issues of liability and of punitive damages.

Plaintiffs have never abandoned their position that New Jersey law applies to the issues of compensatory damages. Plaintiffs have clearly pled in their amended complaint the applicability of New Jersey law on the issue of compensatory damages and have continued to assert this position in the joint pre-trial order filed with this Court.

## APPLYING NEW JERSEY LAW WOULD ADVANCE JUSTICE WITHOUT IMPAIRING THE SMOOTH WORKING OF THE MULTI-STATE SYSTEM

The third rule set forth in NEUMEIR v. KUEHNER, 31 NY2d 121, 335 NYS2d 64 clearly is the applicable rule that should be followed by the Court in determining this conflict of law issue.

Clearly, the dispute regarding general damages is loss allocation rather than rules of the road or punishment as is the case for exemplary damages.

The cases cited by defendant do not apply to damages in a wrongful death case or to the issues of consciousness in determining loss of enjoyment of life. As to these issues, New York has no interest in this controversy.

The decedent is not a New York domicile, her estate is being administered in California rather than New York and her next of kin, who would recover in both the wrongful death action and the action for pain, suffering and loss of enjoyment of life are similarly domiciles of the State of California.

Sabina Paradi never abandoned her California domicile because she was attending school in New York. She maintained her California driver's license and filed income taxes as a California resident.

Defendant has failed to address the crucial fact that the law that plaintiffs seek to apply is not a foreign law to him, but is the law of the place of his domicile, the place where his vehicle is registered and the place where it is insured. No unfair burden is placed upon him in applying the law's of New Jersey, his home state. He has purposefully associated himself with New Jersey in a significant way and should not be heard to complain if the victim of this incident seeks to apply the law's of his state to the issues of damages. Unlike the determining factor in <u>PHALEN V. BUDGET RENT-A-CAR</u>, 267 AD2d 654, which defendant places significant reliance on, the law that plaintiff seeks to apply in <u>this</u> case, is the law of defendant's state. It is the law that he would reasonably expect to be applied to issues of damages for his negligent conduct.

While the defendant has cited numerous other cases, it is clear that each case involving choice of law issues must be decided on its unique set of facts utilizing the third NEUMIER rule.

## CONCLUSION:

The Court should apply the laws of New Jersey to the issues of compensatory damages and wrongful death damages in this case.

Respectfully submitted,

*S/ Michael V Kaplen*

MICHAEL V. KAPLEN

DE CARO & KAPLEN, LLP
Attorneys for Plaintiffs
427 Bedford Road
Pleasantville, NY 10570
(914) 747 4410

6132 MVK

To:
James D. Butler, P.A.
591 Summit Avenue
Jersey City, N.J. 07306
Attorney for defendant Phillips

Richard W. Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, N.J. 08837
Personal attorney for defendant Phillips