DOCUMENT ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BODO PARADY, as Special Administrator of
the Estate of SABINA PARADI and BODO
PARADY and MARY MOORE, individually,

                                             07 CIV 3640 (JCF)
                                             ECF CASE

                    Plaintiffs,                  Magistrate Judge Francis

     -against-

MICHAEL R. PHILLIPS,

                    Defendants,
------------------------------------------------------------ x

**DEFENDANT, MICHAEL R. PHILLIPS' REPLY MEMORANDUM
OF LAW TO PLAINTIFFS' OPPOSITION TO BAR
TESTIMONY OF PLAINTIFFS' ECONOMIST EXPERT,
STAN SMITH, PH.D.**

JAMES D. BUTLER, P.A.
591 Summit Avenue
Jersey City, NJ 07306
(201) 653-1676
Attorneys for Defendant

ON THE BRIEF:

PAUL A. LIGGIO, ESQ.

## INTRODUCTION

United States Magistrate Judge James D. Francis, IV, in his "Memorandum and Order" dated March 5, 2008, denying Summary Judgment Motions filed by plaintiffs and defendant, wrote on page 8:

> "Here, the plaintiffs are domiciled in California (as was Sabina Paradi prior to her death), while defendant is domiciled in New Jersey... The law of negligence regulates conduct, see In Re Ski Train Fire in Kaprun, Austria on November 11, 2000, 230 F. Supp. 2d 376, 390 (S.D.N.Y. 2002); Richardson v. Michelin North America, Inc. No. 95-CV-0760, 1998 WL 135804, at *4 (W.D.N.Y. March 18, 1998), and thus the law of New York -- where the accident occurred -- governs the claims in this case."

Therefore, plaintiffs' reference to New Jersey law is misplaced in this matter, as the law of New York clearly governs liability and damages and the Court's decision on the Summary Judgment Motion is the "law of the case." **(Exhibit "A".)**

As outlined in defendant's Statement of Facts in its Motion To Bar Dr. Smith's report and his testimony at Trial, the witness utilized his own "methodology" which he states on the first page of his report: "my methodology for estimating the losses, which is explained below, is generally based on interest rates, and consumer prices, as well as studies regarding the value of life."

Although this approach by Mr. Smith may be acceptable for seminars and general discussion of economic losses, his report is clearly inadmissible in this case based on New York law. See, CPLR § 4111(f), which prohibits reducing to present value projected money damages.

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

## STATEMENT OF FACTS

See Statement of Facts set forth in defendant's original Notice of Motion To Bar the report and testimony of plaintiff's economic expert, Stan Smith, Ph.D.

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

## POINT I

### THE LAW OF NEW YORK WHERE THE ACCIDENT OCCURRED GOVERNS CLAIMS IN THIS CASE

As set forth in "Introduction" to defendant's Reply Memorandum herein, the Court, in its Summary Judgment Motion Decision dated March 5, 2008, has already ruled that the law of New York, where the accident occurred, governs the law of this case. Page 8 of the Court's Opinion (**Exhibit "A"**) herein is quoted below:

> "Here, the parties have relied exclusively on New York tort law. Accordingly, they are bound by their assumption that New York law controls. See Mentor Insurance Co. (U.K.) v. Brannkasse, 996 F.2d 506, 513 (1993); DER Travel Services, Inc. v. Dream Tours & Adventures, Inc., No. 99 Civ. 2231, 2005 WL 2848939, at *6 (S.D.N.Y. Oct. 28, 2005)."

Plaintiffs' counsel insists on directing the Court's attention to the law of New Jersey in this matter knowing that the Court has already ruled that New York law applies. Therefore, defendant will ignore Mr. Smith's New Jersey Damage Report, since it is not relevant in this case.

Mr. Smith's report on New York Damages, as outlined in defendant's original Motion To Bar his report and testimony, is based on Mr. Smith's **"methodology"** which he admits on the first page of his report was used for "estimating the losses, not New York law."

Defendant's Memorandum of Law in its Motion To Bar Dr. Smith, POINT I, discusses the Court's "gatekeeper" responsibility under Daubert v. Merrill Dow Pharmaceutical, Inc., 1993, 509 U.S. 579, 594-595; at 113 S.Ct. 2786, at 2797.

It is unknown why Mr. Smith did not follow New York law in preparing his report for plaintiffs' in this matter, when he deliberately reduced to present value the alleged monetary losses, which is prohibited by CPLR § 4111(f).

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

4

## POINT II

### UNDER PJI 2:280, CONSCIOUS PAIN AND SUFFERING MEANS PAIN OF WHICH THERE WAS SOME LEVEL OF AWARENESS BY PLAINTIFF (DECEDENT)

This quotation is taken from PJI 2:280 and requires decedent to be aware, at some level, of a loss, but this does not permit a jury to award damages for shock and fright as a category of damages separate from pain and suffering. Eaton v. Comprehensive Care America, Inc., 233 AD2d 875, 649 NYS2d 293.

The loss of enjoyment of life maybe considered in affixing the amount awarded plaintiff for pain and suffering, but the loss of enjoyment of life does not by itself constitute a separate and distinct item of damages. See McDougald v. Garber, 73 N.Y.2d 246, 536 N.E.2d 372, 538 N.Y.S.2d 937 (1989). There the Court said: "Advocates of separate awards contend that because pain and suffering and loss of enjoyment of life can be distinguished, they must be treated separately if the plaintiff is to be compensated fully for each distinct injury suffered. We disagree."

Plaintiffs' expert, in his report, has provided an estimate of Hedonic damages for the loss of value of life for Sabina Paradi, stated to be $5,060,628.00 on page 5 of his report. This is totally improper under New York law and should be stricken.

The issue of conscious awareness is addressed in defendant's other Motion To Bar the reports of plaintiffs' medical expert. In this case, because of the fact that decedent was unconscious and in a vegetative state from the day of the accident until she died, only medical experts can testify as to alleged conscious awareness, as lay testimony is totally without foundation, technical expertise, and is prejudicial, as set forth in defendant's Motion.

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

### POINT III

### PLAINTIFFS' ECONOMIC EXPERT, IN HIS REPORT, ASSUMES DECEDENT WOULD HAVE WORKED TO THE AGE OF DEATH, 81.3 YEARS OLD AND CONTRIBUTED TO HER PARENTS

Under PJI 2:320, "Damages – Action For Wrongful Death" include economic loss for compensation for her death and for pain and suffering endured by decedent at the time she was conscious. Plaintiffs' expert has calculated economic losses suffered by decedent's parents up to the time of decedent's death at 81.3 years. Clearly, the decedent's parents would have long been gone by that time and decedent would not be expected to have worked until 81.3 years.

In addition, Mr. Smith has opined from decedent's monthly stipend of $524.16, (take home pay), she would have been earning at some point in time $61,000.00 a year, with a lifetime wage loss for full time employment of $1,572,213.00 if she worked to age of death, 81.3 years. This methodology, again, exhibits Mr. Smith's unrealistic assumptions in an effort to increase the estimate of economic loss.

In proving decedent's prospective earnings, evidence of what others actually earned and could earn is admissible if there is a fair basis for comparison. Wanamaker v. Pietraszek, 107 A.D.2d 1020, 486 N.Y.S.2d 523. However, the Court has discretion to refuse to allow an economist to testify as to the prospect loss of earning of the deceased when the testimony is too speculative. Franchell v. Simms, 73 A.D.2d 1, 424 N.Y.S.2d 959; Bartkowaik v. St. Adalberts Roman Catholic Church, 40 AD.2d 306, 340 N.Y.S.2d 137.

Plaintiffs' counsel argues that the standard is the "present value" of reasonable expectations of services, but fails to mention that decedent was living in New York, enrolled in a Fellowship, while the parents lived in California, leading a jury to speculate as to whether decedent would have ever returned to California or would ever had made any

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

6

contribution to the parents. Information obtained in discovery is that decedent's parents were contributing to the decedent's support, not the other way around, and whether that would ever change is pure speculation.

Hedonic damages or loss of enjoyment of life are not recognized separate causes of action together with pain and suffering under the law of New York.

PJI 2:280.1 permits damages for pain and suffering if the person is aware at some level of the loss that she has suffered, but the loss of enjoyment of life, by <u>itself</u>, does not constitute a <u>separate</u> and distinct item of damages, as plaintiffs' expert, Smith, has proposed. <u>See</u>, <u>McDougald v. Garber</u>, 73 N.Y.2d 246, 536 N.E.2d 372, 538 N.Y.S.2d 937 (1989). Notwithstanding the clear law of New York, Mr. Smith is proposing that in some jurisdictions, Hedonic damages are permitted as separate damages, in addition to damages for pain and suffering, but this has no relevance to New York law.

Therefore, the Hedonic damages in Mr. Smith's report under New York law should be stricken.

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

## CONCLUSION

For the aforesaid reasons, it is respectfully urged that Mr. Smith not be permitted to testify at trial.

DATED: August 28, 2008

                              Respectfully submitted,

                              JAMES D. BUTLER, P.A.
                              591 Summit Avenue
                              Jersey City, New Jersey  07306
                              (201) 653-1676
                              Attorneys for Defendant, Michael R. Phillips

                         BY:   s/ Paul A. Liggio
                                 PAUL A. LIGGIO (PAL/8122)
                                 JAMES D. BUTLER (JDB/9427)

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676