DOCUMENT ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
BODO PARADY, as Special Administrator of
the Estate of SABINA PARADI and BODO
PARADY and MARY MOORE, individually,

                  07 CIV 3640 (JCF)
                  ECF CASE

              Plaintiffs,              Magistrate Judge Francis

    -against-

MICHAEL R. PHILLIPS,

              Defendants,
-------------------------------------------------------- x

### DEFENDANT, MICHAEL R. PHILLIPS' REPLY MEMORANDUM OF LAW TO PLAINTIFFS' OPPOSITION TO BAR INTRODUCTION OF DECEDENT'S PHOTOGRAPHS AT TIME OF TRIAL

JAMES D. BUTLER, P.A.
591 Summit Avenue
Jersey City, NJ 07306
(201) 653-1676
Attorneys for Defendant

ON THE BRIEF:

PAUL A. LIGGIO, ESQ.

## INTRODUCTION

Quoting from plaintiffs' Opposition to defendant's Motion in Limine to Bar Photographs of decedent, plaintiffs stated:

> "Plaintiffs seek to introduce into evidence photographs of plaintiff while she was hospitalized both to depict the nature and extent of injury and also to assist the jury in making a determination of decedent's ability to endure pain and suffering and appreciate on some level her loss of enjoyment of life."

Plaintiffs are asking the Court to permit photographs of decedent while in the hospital to determine her mental condition, not physical condition.

Defendant's Motion in Limine to Bar these photographs made reference to Federal Rules of Evidence 401, 402 and 403. Rule 403 will exclude relevant evidence on the grounds of prejudice, confusion or waste of time. This Rule is still applicable as to these photographs, as is Rule 702, Testimony By Experts.

Clearly in this case, expert testimony is required as to the mental condition of decedent during her hospital stay, but a photograph showing decedent's eyes open or that she may have moved her hand does not provide the "scientific, technical or other specialized knowledge" to assist the trier of fact as set forth in Rule 702, since the photographs show a physical condition, whereas the issue in the case is decedent's mental condition, i.e., was she in a vegetative state incapable of feeling pain and had no level of awareness.

AMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

2

## POINT I

### PHYSICAL CONDITION OF DECEDENT AS SHOWN IN THE PHOTOGRAPHS WILL NOT AID THE JURY IN DETERMINING HER MENTAL CONDITION FOR PURPOSES OF NEW YORK LAW

The issue as discussed herein is whether or not decedent was in a vegetative state throughout her hospital course, and therefore incapable of conscious pain and suffering of which there was some level of awareness by plaintiff (decedent).

Plaintiffs' own witness, Dr. Canedo, Ph.D., wrote in his report that, "Plaintiff was demonstrating signs of being in a vegetative state."

Plaintiffs' expert, Dr. Flanagan, is relying on nurses' notes in the hospital record, not the notes of the Neuro-ICU Attending and Residents, which stated that "the patient breathes spontaneously, that her pupils are reactive and that her eyes were open, but that she had no response to command. She may have blinked to threat on the right, but not on the left. She had opistotonis posturing (opistotonis posturing is extensor or decerebrate posturing is again not compatible with conscious state". This quote is found in Dr. Caronna's report, Exhibit "C" in defendant's Motion to Bar Dr. Flanagan, on page 6.

Nowhere in Dr. Flanagan's report, on behalf of plaintiffs, does he argue with this diagnoses by the Neuro-ICU Attending, but rather quotes from nurses' notes regarding plaintiff's blink and opening of the eyes, which is explained by the Neuro-ICU Attending.

Photographs of the physical condition of decedent do not provide the necessary scientific, technical or specialized knowledge to assist the trier of fact under Rule 702, Federal Rules of Evidence, since there is no way to tell from the photographs plaintiff's mental condition to feel pain and have some level of awareness of her environment.

The photographs could very well cause confusion in the minds of the jury if they see plaintiff's eyes open and look at the photographs which could be of a normal patient in bed.

AMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07305
(201) 653-1676

Case law cited by plaintiffs in its Reply Memorandum, <u>Caprara v. Chrysler Corporation</u>, 71 A.D.2d 515, 423 N.Y.S.2d 694 (1979), illustrated a plaintiff in a hospital room on a "Stryker frame with Crutchfield tongs attached to his scalp. Clearly those photographs show the <u>physical</u> condition of plaintiff, and the photographs were permitted by the Court to be shown to a jury.

In <u>Steven New v. R. Cortright</u>, Supreme Court of New York Appellate Division, 32 A.D.2d 576, 299 N.Y.S.2d 43 (1969), the Court permitted photographs to be shown to a jury depicting lacerations and sutures on plaintiff's face. Again, these photographs illustrated to the jury the physical condition of plaintiff and were permitted. The Court reasoned that a physical condition could easily be translated by lay people into the mental condition of pain and suffering.

However, in the Paradi matter, the Neuro-ICU Attending Physicians, referenced on page 6 of Dr. Caronna's report, explained that the patient had no evidence of consciousness and explained why. In addition, there was extensive testing of Ms. Paradi as discussed in Dr. Caronna's report, page 4, where it states:

> "CT Scans of the brain taken immediately after the head trauma and subsequently while the patient was at St. Vincent's Catholic Medical Center in Manhattan document the severity of the head trauma and the diffused brain injury. The electroencephalogram performed on 4/3/07 prior to transfer to NY-Presbyterian Hospital confirms the diffuse nature of the injury and is not compatible with a conscious state."

There were other tests done as documented in Dr. Caronna's report, all with the same conclusion.

Page 5 of Dr. Caronna's report comments that these records indicate that as of 5/1/07, Ms. Paradi had not recovered consciousness and remained in a vegetative state. At every hospital she was tested, and each Attending Physician concluded she was in a vegetative state.

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

Page 6 of Dr. Caronna's report states: "On 4/24/07, a note states that the patient is vegetative with eyes open. On 4/29/07, spontaneous eye opening was noted, but not to stimulation. Subsequently, at the end of June 2007, because of the patient's failure to regain consciousness and her poor prognosis, the family allowed her to be comfort care only, and she was allowed to die without intervention."

Again, on page 7, Dr. Caronna quotes from the occupational therapist's notes of 3/27, and nurses' note of 4/6: "On several occasions, she was noted to be agitated." "The Comment:" "These episodes was autonomic 'storms' that were the seizure-like discharges of a damaged brain, not related to any conscious agitation or upset." There are notes indicating that in spite of these movements, decedent could not have moved purposefully as described.

Dr. Caronna writes: "Dr. Flanagan bases his opinion that she was in a 'minimally conscious state' from the presence of her intermittent agitation." Dr. Caronna said "This is a misinterpretation of her disautonomia and movements of her left upper limb which were interpreted as purposeful on three occasions and following simple commands on two occasions. These observations were not confirmed by the patient's ICU Attendings, and it was the opinion of the doctors taking care of her that she never manifested any evidence of consciousness."

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

## CONCLUSION

In conclusion, photographs of the decedent's <u>physical</u> condition provide no help to the jury as to her mental condition. Use of the photographs to prove a mental condition is prejudicial, reversible error and should be barred.

DATED: August 28, 2008

                                       Respectfully submitted,

                                       JAMES D. BUTLER, P.A.
                                       591 Summit Avenue
                                       Jersey City, New Jersey  07306
                                       (201) 653-1676
                                       Attorneys for Defendant, Michael R. Phillips

                              BY:   s/ Paul A. Liggio
                                    PAUL A. LIGGIO (PAL/8122)
                                    JAMES D. BUTLER (JDB/9427)

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE,
JERSEY CITY, N.J. 07306
(201) 653-1676