DOCUMENT ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
BODO PARADY, as Special Administrator of
the Estate of SABINA PARADI and BODO
PARADY and MARY MOORE, individually,

                                     07 CIV 3640 (JCF)
                                     ECF CASE

                 Plaintiffs,               Magistrate Judge Francis-all purposes

    -against-

MICHAEL R. PHILLIPS,                 **DEFENDANT'S RESPONSE TO**
                                        **PLAINTIFFS' ORDER TO SHOW**
                Defendants,             **CAUSE RETURNABLE 9/17/08**
-------------------------------------------------------- x

       **ALEXANDER T. WEST, JR.,** an attorney duly admitted to practice law before the

Courts of the State of New York and the United States District Court for the Southern District

of New York, affirms the following under penalties of perjury and upon information and

belief:

       I am an associate of the law firm of James D. Butler, P.A., attorneys for the

defendant, Michael R. Phillips, and am fully familiar with the facts and circumstances of this

matter.

       This affirmation is submitted in Response to Plaintiff's Order to Show Cause

returnable before the Court on September 17, 2008, which, in substance, seeks an Order

extinguishing the claims that certain creditors may assert against the estate of Sabina

Parady, or, in the alternative, permitting plaintiffs the right to amend their pre-trial order to

assert those damages at the trial of the within action.

The Order to Show Cause was filed with the permission and under the direction of the Court during a telephonic Conference that took place on Thursday, September 4, 2008. However, the Court directed that the relief sought in the Order to Show Cause would be to extinguish and/or bar any and all claims and/or liens that Blue Cross Blue Shield and/or any other health care providers may claim or assert against the Estate of Sabina Paradi, Michael Phillips and Travelers of New Jersey.   A copy of the Order to Show Cause and the supporting Affirmation were not given to opposing counsel before it was submitted to the Court.   It was only when this office received the executed Order, did counsel have an opportunity to review the relief requested.

Although it would appear that it seeks to bar the right of subrogation and lien interests asserted by Blue Cross Blue Shield, it does not ask that this protection apply to Michael Phillips and/or Travelers of New Jersey.  It also fails to identify the possible claims or liens that may be asserted by New York Presbyterian Hospital and/or Blue Cross Blue Shield and/or other health care providers during decedent's hospitalization for the seven weeks prior to her death.

Plaintiffs' Order to Show Cause requests an Order providing the following:

1.    Extinguishing the rights of any creditor listed in the Notice of Administration of the Estate of Sabina Paradi by virtue of their failure to comply with the notice and filing requirements of California Probate Code 9100 and/or the failure to timely commence a lawsuit pursuant to California Code of Civil Procedure 366.2.

2. In the event that this Court determines that the rights of the Creditors listed in aforesaid Notice to Creditors are not extinguished, then allowing and permitting plaintiffs to amend their pre trial order to assert these damages as part of the trial of the within action.

3. In the event that this Court determines that the purported rights of Empire Blue Cross Blue Shield are not extinguished by virtue of the failure to timely file a claim pursuant to California Probate Code 9100 and/or timely file a suit against the Estate of Sabina Paradi pursuant to California Code of Civil Procedure 366.2 then to extinguish the purported right or subrogation and/or lien interest asserted by Empire Blue Cross Blue Shield through their recovery representative, Meridian Resource Company, LLC for payments made for medical hospital and other care rendered to Sabina Paradi pursuant to New York CPLR 4545 and/or pursuant to Perreira v. Rediger T/A, 169 N.J. 399, 788 A2nd 429.

4. In the alternative, allowing and permitting plaintiffs to amend the Pre-Trial Order in this case to seek damages for the medical, hospital and other expenses paid by Blue Cross Blue Shield on behalf of Sabina Paradi.

The defendant's counsel has at all times taken the position that it must protect the interests of our client, Michael Phillips, and in doing so, would be remiss in that duty if it settled the plaintiffs' case without knowing he had coverage sufficient to cover any remaining claims. Even though plaintiffs' attorney is aware of our obligation to our client, he has crafted his Complaint to avoid all claims for cost of medical treatment. The plaintiffs do, in fact, claim the cost of medical treatment in his letter of February 7, 2008 – Exhibit "H" of plaintiffs' Order to Show Cause papers in which he informs that the plaintiffs are claiming in

MES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

3

this lawsuit $195,499.46 by way of a spread sheet claimed to be items which have not been paid by Empire Blue Cross Blue Shield.

The plaintiff contents that all the claims of all creditors and lienors are barred if they have not filed their claim with the California Probate Court. Although this may be true with respect to the estate, this would not protect the defendant, Phillips, or Travelers of New Jersey, as to any claims asserted by Blue Cross Blue Shield and/or any health care providers may have against the third party tortfeasor or his insurance company. Plaintiff's estate insists that there are no other outstanding claims, but is unwilling to support this statement with an agreement to indemnify and hold defendant and his insurance carrier harmless of any such claims. Clearly, plaintiffs are confident that they are protected by the California Civil Code, but is unsure if it will protect the tortfeasor or Travelers.

This is the dilemma which was faced when the Order to Show Cause was adopted to alleviate the problem and permit a possible settlement of this matter. The Order to Show Cause as presently drafted will not free the defendant and his insurance carrier from the need of protection from claims of health insurers or hospitals.

The defendant has made several efforts to obtain the full extent of any possible claims resulting from plaintiffs' accident. In those attempts, this office sent the following requests to plaintiffs' attorney:

■    **Exhibit "A"** – Letter of December 5, 2007, notifying that Empire Blue Cross Blue Shield intended to subrogate.

■    **Exhibit "B"** – Letter of June 10, 2008, requesting further information concerning any further claims from Meridian, and the agreement with Blue Cross Blue Shield, and other dealings between plaintiffs' attorney and Meridian.

MES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1576

4

■   **Exhibit "C"** – E-mail letter of June 20, 2008, requesting a copy of Sabina Paradi's Blue Cross Blue Shield Health Plan.

■   **Exhibit "D"** – Letter of August 7, 2008, requesting information on the charges for the entire stay at Presbyterian Hospital.

■   **Exhibit "E"** – Letter of August 13, 2008, requesting information to establish plaintiffs' claim that California Surrogate Court procedures will bar health care providers' claims.

■   **Exhibit "F"** – Letter of August 13, 2008, requesting HIPAA authorizations to obtain information on bills of the three hospitals that treated Ms. Paradi.

The relief plaintiffs are requesting is based upon provisions of the California Probate Code and California Code of Civil Procedure, which are designed to limit the time of creditors to claim against an Estate and bar claims which do not comply. Nowhere in the statute does it provide protection to anyone other than the Estate.

There is no certainty that the claims of Blue Cross Blue Shield and/or hospitals against Mr. Phillips or his insurance carrier are barred because claims against the Estate are barred. We are informed that the agreement with Blue Cross Blue Shield extends to Blue Cross Blue Shield the right to subrogate against Mr. Phillips, but that agreement does not provide Blue Cross Blue Shield with a claim against the estate. At the time of the Notice requesting the filing of Surrogate Court claims, there was no violation of the terms of the agreement, therefore Blue Cross Blue Shield had no claim against the estate. Even if there was some claim by Blue Cross Blue Shield against the Estate, would the failure to file such a claim bar Blue Cross Blue Shield's claims against Mr. Phillips?

MES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

5

The fact that no <u>action</u> has yet been instituted does to collect medical bills not mean there will not be actions instituted later.  Little more than a year has lapsed since the last services were rendered.  There is no Statute of Limitations which has been exceeded.

Plaintiffs' position that the claims against the defendant for medical costs are eliminated by New York CPLR § 4545 when they are covered by a collateral source is not valid since two Court of Appeals decisions have stated the opposite, stating CPLR § 4545 "does not alter the [insurers] traditional remedy because a defendant still must be held responsible in subrogation.", <u>Blue Cross & Blue Shield of New Jersey, Inc. v. Phillip Morris U.S.A. Incorporated</u>, 3 N.Y.3rd 200, 208, 785 N.Y.S.2d 399, 404, 818 N.E.2d 1140, 1145 (2004), <u>Fisher v. Qualico Contracting Corp.</u>, 98 N.Y.2d 534, 540, 79 N.Y.S.2d 467, 471, 779 N.E.2d 178, 182 (2002).  Also see, <u>Teichman v. Community Hospital of Western Suffolk</u>, 87 N.Y.2d at 523, 640 N.Y.S.2d at 467-77, 632 N.E.2d at 632, which suggests the purpose of CPLR § 4545 is to prevent double recovery by plaintiffs and assuring that the tortfeasors, not the ratepayers, will ultimately bear the expense.

As plaintiffs have stated, the parties to this action are still unaware of the extent of Blue Cross Blue Shield's claim for subrogation.  Although requested by plaintiffs' attorney, Blue Cross Blue Shield has refused to provide a copy of their alleged agreement by which the right of subrogation is claimed.

Plaintiffs claim that Blue Cross Blue Shield has no right to claim against the defendant because the plaintiffs have no right to claim against the defendant for items covered by CPLR § 4545 is not legally correct.  The plaintiffs do have the right to include its medical bills in a claim against the defendant (and in fact, plaintiffs' attorney is now requesting an amendment of its Pre Trial Order to include these), and if the plaintiffs have

MES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1675

such rights, then a properly worded subrogation agreement may give such right of action to Blue Cross Blue Shield.

After reviewing documents plaintiffs have supplied to the defendant's attorney, there is the glaring absence of information concerning the treatment of the plaintiff at Presbyterian Hospital from May 7, 2007 to June 30, 2007 (see plaintiffs' Exhibit "E", Joint Pre-Trial Order, Pg. 10). This office has requested that information from plaintiffs' attorney but has never received it (**Exhibit "D"**). Failing to receive a response, a further request was made to plaintiffs' attorney for HIPAA authorizations to obtain that information (**Exhibit "F"**), as well as information concerning other possible claimants but to date, these authorizations have not been provided.

The defendant therefore respectfully requests that any Order of this Court provide that it will bar and/or extinguish any liens or claims that Blue Cross Blue Shield, Meridian Resource Companies, LLC, or any hospital or health care provider may have against the Estate of Sabina Paradi, Michael Phillips or Travelers of New Jersey.

DATED: September 12, 2008

Respectfully submitted,

JAMES D. BUTLER, P.A.
591 Summit Avenue
Jersey City, New Jersey 07306
(201) 653-1676
Attorneys for Defendant, Michael R. Phillips

BY:  s/ Alexander T. West, Jr.
ALEXANDER T. WEST, JR. (ATW/1033)

TO:  Michael V. Kaplen, Esq.
427 Bedford Road
Pleasantville, NY 10570
Attorney for Plaintiffs

JAMES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

7

Richard W. Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, NJ 08837
Personal Attorney for Defendant

American Medical Response
520 S. Main Street, Suite 2422
Akron, OH 44311

Columbia University Radiologists
PO Box 29737
New York, NY 10087

Columbia University Medicine
Medicine Sub-Specialties
PO Box 10209
Newark, NJ 07193

New York Epilepsy & Neurology, PLLC
18 East 41st Street, Suite 1203
New York, NY 10017

Sallie Mae
PO Box 9500
Wiles-Barre, PA 18773

US Dept of Education
PO Box 530260
Atlanta, GA 30353

Adult EKG Group
GPO Box 27050
New York, NY 10087

Columbia Presbyterian Hospital
Dept of Medicine
Clinical Revenue Office
Parker Plaza
400 Kelby Street
Fort Lee, NJ 07024

Columbia Presbyterian Hospital
Department of Neurology
PO Box 29784
New York, NY 10087

MES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

Columbia University Medicine Cardiology
PO Box 10209
Newark, NJ 07193

Rehabilitation Medicine
GPO Box 29986
New York, NY 10087

Eastside Orthotics & Prosthetics
34 Commerce Drive, Suite 200
Riverhead, NY 11901

Gagliardi Smith & Tietjen, MD
36 Seventh Avenue, Suite 512
New York, NY 10011

Greenbaum Wagner, MD
222 West 14th Street
New York, NY 10011

Moon Hi Lee, MD
PO Box 29228
Pathology Dept
New York, NY 10087

Medical Assoc Group
St. Vincent's Hospital
PO Box 6074
New York, NY 10249

New York Presbyterian Hospital
622 West 168th Street
New York, NY 10032

New York Presbyterian Hospital
2020 Lindell Avenue
Nashville, TN 37203

Village Park Medical, PC
31 Washington Sq West
New York, NY 10011

Bank of America
PO Box 15713
Wilmington, DE 19886

MES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1678

9

Errol Gordon, MD
622 West 168th Street
New York, NY 10032

Manhattan Neurosurgical Associates
170 W 12th Street
New York, NY 10011

Anil Mendriatta, MD
622 W 168th Street
New York, NY 10032

St. Vincent's Hospital
PO Box 32454
Hartford, CT 06150

Anna Rozenschtein, MD
622 West 168th Street
New York, NY 10032

Helen Hayes Hospital
Route 9W
East Haverstraw, NY 10993

FDNY/EMS
PO Box 1248
Americus, GA 31709

E. Connoloy Jr. MD
710 W 168th Street
New York, NY 10032

New York Presbyterian EMS
525 East 68th Street, Room M 101
New York, NY 10021

Mark E. Astiz, MD
222 West 14th Street
New York, NY 10011

Elizabeth W. Lazzara, MD
Columbia Presbyterian Radiology
PO Box 29737
New York, NY 10087

MES D. BUTLER, P.A.
ATTORNEY AT LAW
591 SUMMIT AVE.
JERSEY CITY, N.J. 07306
(201) 653-1676

10

William Mandell, MD
31 Washington Sq W # 4
New York, NY 10011

Jeffrey H. Newhouse, MD
Columbia Presbyterian Hospital
177 Fort Washington Ave #3-250
New York, NY 10032

John H. Austin, MD
Milstein Hospital
177 Fort Washington Ave # 124
New York, NY 10032

Charles M. Carpati, MD
222 West 14th Street
New York, NY 10011

Linda A. Kirschenbaum, DO
222 West 14th Street
New York, NY 10011

Blue Cross/Blue Shield
15 Metrotech Center
Brooklyn, NY 11201

Meridian Resource Company
Recovery Services
20725 Watertown Road
Waukesha, WI 53186

# EXHIBIT

# "A"

# JAMES D. BUTLER, P. A.

### ATTORNEY AT LAW

591 SUMMIT AVENUE, JERSEY CITY, NEW JERSEY 07306-2703
(201) 653-1676    FAX (201) 653-3673
111 John Street, Suite 800, New York, New York 10038-3002 (212) 684-0742



JAMES D. BUTLER *✝
WARREN C. FARRELL Ψ
PAUL A. LIGGIO ◇
ALEXANDER T. WEST, JR.*
WILLIAM T. HILLIARD

\* Also admitted in New York
✝ Also admitted in District of Columbia
◇ Admitted in New York Only
Ψ "Certified by the Supreme Court of New Jersey
   as a Civil Trial Attorney"

December 5, 2007

DeCaro & Kaplen, LLP
427 Bedford Road, Ste 260
Pleasantville, NY  10570

Attention:  Michael V. Kaplen, Esq.

> **RE:  Sabina Paradi, et als. v. Michael Phillips**
> **D/L: 2/25/07**
> **OUR FILE NO.  17925/T10766**

Dear Mike:

Please provide a more specific answer to interrogatory number 7 regarding a breakdown and the total amount of medical expenses claimed herein, which you intend to present at trial.

Thank you.

Very truly yours,

JAMES D. BUTLER

JDB/mr

cc:  Richard Wedinger, Esq.

# EXHIBIT

# "B"

# JAMES D. BUTLER, P. A.
### ATTORNEY AT LAW
591 SUMMIT AVENUE, JERSEY CITY, NEW JERSEY 07306-2703
(201) 653-1676    FAX (201) 653-3673
111 John Street, Suite 800, New York, New York 10038-3002 (212) 684-0742

JAMES D. BUTLER * ✝
WARREN C. FARRELL Ψ
PAUL A. LIGGIO ◇
ALEXANDER T. WEST, JR. *

* Also admitted in New York
✝ Also admitted in District of Columbia
◇ Admitted in New York Only
Ψ "Certified by the Supreme Court of New Jersey
     as a Civil Trial Attorney"

June 10, 2008

DeCaro & Kaplen, LLP
427 Bedford Road, Ste 260
Pleasantville, NY  10570

Attention:  Michael V. Kaplen, Esq.

### RE: Sabina Paradi, et als. v. Michael Phillips
### D/L: 2/25/07
### OUR FILE NO.  17925/T10766

Dear Mike:

Re: the purported lien materials that you sent to us, please:

1.    Advise if there are any claims over and above $349,393.81.

2.    Clarify the statement in Meridian's 1/16/08 letter to you in which they refer to "total subrogation/reimbursement interest".  I see no mention of statutory or contractual interest in the claim.  Am I correct in that phrase is merely a poorly constructed effort at cleaver rechauffe?

3.    Send me the complete Plan language and other information pertaining to the bills rejected and co-pays referred to in your 3/24/08 letter to Meridian.

Thank you.

Very truly yours,

JAMES D. BUTLER

JDB/mr

cc:  Richard Wedinger, Esq.

# EXHIBIT

# "C"

**James D. Butler**

| | |
|---|---|
| From: | James D. Butler [jdb@butlerslaw.net] |
| Sent: | Friday, June 20, 2008 5:01 PM |
| To: | mvk.brainlaw@verizon.net |
| Cc: | rwedinger@bmctwlaw.com |
| Subject: | Paradi v. Phillips |

Dear Mike,

Please send me a complete copy of Sabina Paradi's Empire Blue Cross Blue Shield health insurance plan, including all Endorsements and Riders.

Thank you.

James D. Butler, Esq.
591 Summit Ave
Jersey City, NJ   07306
201-653-1676
201-653-3673 (Fax)

This communication, including any attachments hereto or links contained herein, is for the exclusive use of the intended recipients(s) only and may contain information that is confidential or legally protected.  If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED.  If you have received this communication in error, please notify the sender immediately by return e-mail and delete all copies of the original communication, along with any attachments hereto or links herein, from your system.

# EXHIBIT

# "D"

# JAMES D. BUTLER, P. A.

### ATTORNEY AT LAW

591 SUMMIT AVENUE, JERSEY CITY, NEW JERSEY 07306-2703
(201) 653-1676    FAX  (201) 653-3673
111 John Street, Suite 800, New York, New York  10038-3002  (212) 684-0742



JAMES D. BUTLER *✝
WARREN C. FARRELL Ψ
· PAUL A. LIGGIO ◇
ALEXANDER T. WEST, JR.*

*  Also admitted in New York
✝  Also admitted in District of Columbia
◇ Admitted in New York Only
Ψ "Certified by the Supreme Court of New Jersey
    as a Civil Trial Attorney"

August 7, 2008

DeCaro & Kaplen, LLP
427 Bedford Road, Ste 260
Pleasantville, NY  10570

Attention:  Michael V. Kaplen, Esq.

> **RE: Sabina Paradi, et als. v. Michael Phillips**
> **D/L: 2/25/07**
> **OUR FILE NO.  17925/T10766** _____

Dear Mr. Kaplen:

      I thank you for our recent discussion.

      A review of the medical bills of plaintiff that have been supplied to us indicate that they do not include the charges of Presbyterian Hospital for the entire time Ms. Paradi was confined in that hospital.

      Before arriving at any settlement, we must be aware of all exposure to our client. Since you represent Ms. Paradi's parents and her estate, your clients would be more intimate with the charges of Presbyterian Hospital, and perhaps you or your clients could obtain evidence of the true status of the Presbyterian Hospital charges.

      Thank you.

                    Very truly yours,

                    JAMES D. BUTLER, P.A.

BY:_____
              PAUL A. LIGGIO

JDB/PAL/mr

cc: Richard Wedinger, Esq.

# EXHIBIT

# "E"

# JAMES D. BUTLER, P. A.
## ATTORNEY AT LAW
591 SUMMIT AVENUE, JERSEY CITY, NEW JERSEY 07306-2703
(201) 653-1676    FAX  (201) 653-3673
111 John Street, Suite 800, New York, New York 10038-3002 (212) 684-0742

JAMES D. BUTLER * ✝
WARREN C. FARRELL Ψ
PAUL A. LIGGIO ◇
ALEXANDER T. WEST, JR.*

Reply to: New Jersey

*  Also admitted in New York
✝  Also admitted in District of Columbia
◇  Admitted in New York Only
Ψ "Certified by the Supreme Court of New Jersey
    as a Civil Trial Attorney"

August 13, 2008

DeCaro & Kaplen, LLP
427 Bedford Road, Ste 260
Pleasantville, NY  10570

Attention:  Michael V. Kaplen, Esq.

**RE:  Sabina Paradi, et als. v. Michael Phillips**
**D/L: 2/25/07**
**OUR FILE NO.  17925/T10766**

Dear Mr. Kaplen:

As per our conversation yesterday afternoon, please fax or email to us complete copies and information of the procedures in California Surrogate Court which will bar any claim from health care providers concerning Ms. Paradi's injuries and treatment.

Thank you.

Very truly yours,

JAMES D. BUTLER, P.A.

BY:_____
          PAUL A. LIGGIO

JDB/PAL/mr

cc:  Richard Wedinger, Esq.

# EXHIBIT

# "F"

# JAMES D. BUTLER, P. A.

### ATTORNEY AT LAW

591 SUMMIT AVENUE, JERSEY CITY, NEW JERSEY 07306-2703

(201) 653-1676    FAX (201) 653-3673

111 John Street, Suite 800, New York, New York 10038-3002  (212) 684-0742

JAMES D. BUTLER * ✝
WARREN C. FARRELL Ψ
PAUL A. LIGGIO ◇
ALEXANDER T. WEST, JR.*



\*   Also admitted in New York
✝   Also admitted in District of Columbia
◇   Admitted in New York Only
Ψ  "Certified by the Supreme Court of New Jersey
    as a Civil Trial Attorney"

August 13, 2008

DeCaro & Kaplen, LLP
427 Bedford Road, Ste 260
Pleasantville, NY 10570

Attention: Michael V. Kaplen, Esq.

**RE: Sabina Paradi, et als. v. Michael Phillips**
**D/L: 2/25/07**
**OUR FILE NO. 17925/T10766**

Dear Mike:

As you know, we are endeavoring to effect settlement of this matter, but the issue of medical liens looms large.

As we advised you, the issue of lien satisfaction is an essential condition to any settlement. In this regard, we are enclosing HIPAA authorizations for the bills, charges and payments for St. Vincent's Hospital, Helen Hayes Hospital and Columbia Presbyterian Hospital, as well as all records of payments from Empire Blue Cross Blue Shield. Please return executed copies at your earliest convenience so that we may secure these records as soon as possible.

Additionally, please provide details as to the $190,000.00 unpaid medical bills being claimed by plaintiffs.

As you can well understand, defendant cannot effect settlement until all potential liens and liabilities are satisfied.

Thank you.

Very truly yours,

JAMES D. BUTLER

JDB/mr
Enclosures

cc: Richard Wedinger, Esq. (w/out encls.)