RWW/ek/MSR10106/LEGAL/PARTIALSJ\RPORDERCAUSE071208

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

BONO PARADY, as Special Administrator of the Estate of SABINA PARADI and BODO PARADY and MARY MOORE, individually,

Plaintiffs,

-against-

MICHAEL R. PHILLIPS,

Defendant.
_____

07 CIV 3640 (VM) (JCF)
ECF CASE

Magistrate Judge James C. Francis

**AFFIRMATION OF SERVICE**

    I, Richard Wedinger, Esq., declare under penalty of perjury that I have electronically filed the Memorandum of Law in Reply to Plaintiff's Order to Show Cause, and Affirmation of Service with the United States District For the Southern District of New York, which has an address of 500 Pearl Street, New York, New York 10007.  One (1) copy was also sent via first class mail to:

Honorable James C. Francis
United States Courthouse
Room 18 D
500 Pearl Street
New York, New York, 10007

Michael V. Kaplen, Esq.
De Caro & Kaplen, LLP
20 Vesey Street
New York, NY 10007
(212) 732 – 2262
6132-MVK
*Attorney for Plaintiffs*

James D. Butler, Esq.
James D. Butler, P.A.
591 Summit Avenue
Jersey City, New Jersey 07306-2703
201-653-1676
*Attorneys for Defendant*

September 16, 2008

Respectfully submitted,
/s/ Richard Wedinger, Esq.
**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
732-225-3510
*Attorneys for Defendant in his individual capacity*

RWW/ek/MSR10106/LEGAL/PARTIALSJ\RPORDERCAUSE071208

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

BONO PARADY, as Special Administrator of the Estate
of SABINA PARADI and BODO PARADY and MARY
MOORE, individually,                                   07 CIV 3640 (VM) (JCF)
                                                        ECF CASE
              Plaintiffs,
                                                        Magistrate Judge James C. Francis
-against-

MICHAEL R. PHILLIPS,

              Defendant.

_____

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S ORDER TO SHOW CAUSE

                                    BARRY, McTIERNAN & WEDINGER
                                    1024 Amboy Avenue
                                    Edison, New Jersey 08837
                                    (732) 225-3510
                                    *Attorneys for Defendant in his individual capacity*

**On the brief:**
Richard Wedinger, Esq.
Eun K. Kim, Esq.

# LEGAL ARGUMENT

## POINT I

### UNDER NEW JERSEY AS WELL AS NEW YORK LAW, PLAINTIFF'S HEALTH INSURER CANNOT RECOVER THE BENEFITS PAID FROM DEFENDANT (A TORTFEASOR)

A. <u>The New Jersey's Anti-Subrogation (the Collateral Source Rule) under *N.J.S.A.* § 2A:15-97, which is specifically directed toward the insurance industry, unequivocally states that medical providers, including BlueCross/BlueShield, cannot be recovered from a tortfeasor.</u>

*N.J.S.A.* § 2A:15-97 states that:

> In any civil action brought for personal injury or death . . ., if a plaintiff receives or is entitled to receive benefits for the injuries allegedly incurred from any other source other than a joint tortfeasor, the benefits, other than workers' compensation benefits or the proceeds from a life insurance policy, shall be disclosed to the court and the amount thereof which duplicates any benefits contained in the award shall be deducted from any award recovered by the plaintiff, less any premium paid to an insurer directly by the plaintiff or by any member of the plaintiff's family on behalf of the plaintiff for the policy period during which the benefits are payable. Any party to the action shall be permitted to introduce evidence regarding any of the matters described in this act.

The New Jersey Supreme Court clearly held that the intention of the legislature was to prevent health insurers "from invoking a contract provision as a basis for reimbursement." *Carducci v. Aetna U.S. Healthcare*, 247 F. Supp. 2d 596, 2003 U.S. Dist. LEXIS 2943, 615-616 (D.N.J. 2003), reversed on other grounds; *see also Perreira v. Rediger*, 169 N.J. 399 (June 26, 2001). The holdings in *Carducci* and *Perreira* further state that *N.J.S.A.* § 2A:15-97 is an "[a]nti-subrogation rule[,]" which is specifically "directed toward the insurance industry." *Carducci*, 247 F. Supp. 2d, at 617; *Perreira*, 169 N.J. at 411. The New Jersey Supreme Court further held that *N.J.S.A.* § 2A:15-97 "placed the responsibility for all medical payments on the

health insurer, it also placed responsibility for higher premiums on the health insurer's insured." *Perreira*, 169 N.J. at 411.

"The collateral source rule embodied in *N.J.S.A.* § 2A:15-97 tracks the common law in that it does not allow a health insurer that expends fund on behalf of an insured to recoup those payments though subrogation or contract reimbursement when the insured recovers a judgment against a tortfeasor." *Perreira*, 169 N.J. at 407-8. "The Court explained that when the statute was passed," the legislature decided to "benefit liability carriers by reducing the to a judgment by the amount of health care benefits received" rather than "to benefit health insurers by allowing repayment of costs expended on a tort plaintiff, or to benefit liability carriers." *Id.* at 411.

In the present case, pivotal issues in this matter include whether the medical care providers and Plaintiff's insurer, BlueCross BlueShield, who provided medical services to the deceased Plaintiff, have a right to Plaintiff's recovery, and whether they have any right to recover its expenses from Defendant. Pursuant to *N.J.S.A.* § 2A:15-97 and the decisions rendered by the New Jersey Supreme Court, the medical providers and BlueCross BlueShield indisputably do not have any right of recovery from either Plaintiff or Defendant. The Supreme Court of New Jersey provided clear directives in this regard by repeatedly holding that medical care providers, especially health insurers, such as BlueCross BlueShield, do not have any recovery right against tortfeasors. The Supreme Court unequivocally held that health insurers do not have a common law right to recover the benefits paid and any attempts by them to recover under contractual reimbursement provisions authorized by insurance regulations are unlawful, being beyond the agency's power to authorize. *Id.* at 416.

Therefore, it is respectfully submitted in the case at bar, that the Court find that, under the law of the New Jersey, no medical provider or insurer can claim any subrogation right and/or

seek any recovery from Defendant. It is further respectfully requested that the Court enter an Order extinguishing the improperly asserted lien by Blue Cross Blue Shield and any other medical providers, which are in violation of the aforementioned law.

> B. <u>The New York's Collateral Source Reduction Rule under *CPLR* 4545 (medical care providers and the insurance industry), unequivocally states that medical provider and health insurers, including Blue Cross Blue Shield, cannot recover its expenses from Defendant.</u>

Under *CPLR* 4545 (c), when a plaintiff seeks to recover the cost of medical care, evidence of any collateral source is admissible at trial and same should be reduced from the judgment awarded to the plaintiff. In a settlement context, when a plaintiff recovers some medical expenses from a tortfeasor in addition to his or her recovery of pain and suffering, the health insurer who provided the benefits to Plaintiff can recover the sum "allocated" for medical expenses. However, if the recovery is only limited to pain and sufferings, excluding any recovery for medical payments, the health insurers do not have any claims to the plaintiff's recovery. As Andrew V. Siracuse, J.S.C., explains in his article, "the insurer cannot force its insured to protect the insurer's right" and "[p]laintiffs have no duty to bargain for their insurers' benefit[.]" <u>Recovering Health Insurance Benefits After Trial or Settlement: Liens, Subrogation and Collateral Sources</u> (Court Papers available at http://amsir.home.isp-direct.com/Contents/collateral_source.htm), citing *Independent Health Association v. Gravenstatter*, 254 AD2d 722, lv den. 93 NY2d 804. Unless the judgment or the settlement specifically identifies the portion for medical payment recovery, health insurers do not have any right to recover. *Humbach v. Goldstein*, 229 A.D.2d 64, 68-9 (1997).

As the insurer's rights to recover from plaintiffs are limited, their rights to recover from tortfeasors are barred. The *Humbach* court further held that "no matter what the plaintiff receives at trial, the insurer is barred from going after the tortfeasor." <u>Andrew v. Siracuse, J.S.C., Recovering Health Insurance Benefits After Trial or Settlement: Liens, Subrogation and Collateral Sources</u>, at Pg. 3.

In the present case, Blue Cross/Blue Shield is trying to improperly assert its lien against Plaintiff, even though Plaintiff's claims against Defendant do not include any medical expenses paid by collateral sources. None of the portion of the settlement or judgment would include any medical expenses, since the relief sought by Plaintiff does not include any medical expense. Therefore, no medical care provider or health insurer has any right to Plaintiff's recovery. Similarly, under the holding of the *Humbach* court, BlueCross BlueShield is also barred from seeking recovery from a tortfeasor.

Therefore, it is respectfully submitted in the case at bar, under CPLR 4545 and the relevant case law, no medical provider can claim any subrogation right and/or seek any recovery from the instant action. It is further requested that the Court enter an Order extinguishing the improperly asserted lien by BlueCross BlueShield in violation of the aforementioned law and order the medical care providers and Plaintiff's insurers do not have not any right to recover from Defendant.

### POINT II

### AS THE MEDICAL CLAIMS ARE BARRED BY THE COLLATERAL SOURCE RULE AND STATE BARRING STATUTES, ANY REFERENCE TO MEDICAL CLAIMS IS INADMISSIBLE AT TRIAL

As all health insurers have not complied with the California Barring Statute, all claims as against Parady are extinguished. As there is no privity or right of subrogation other than by

statute or by contractual rights, all non Blue Cross/Blue Shield's liens must likewise be dismissed as not recoverable against either Parady or any defendant in this action.

Rather than belabor the Court with additional arguments, plaintiff aptly cited *California Probate Code Section 9100*, as well as California Code of Civil Procedure Section 366.2. As the plaintiff is claiming that appropriate notices were not sent, those claims are necessarily barred.

The second part of the argument is axiomatic, in that if the plaintiff is not required to repay any of the money spent based upon the barring statute, there is similarly no requirement for any of these defendants to make payment and therefore these claims would also be barred as against the defendant.

Based upon the above, pre-trial Order should not be amended to include the claims as these claims are not recoverable in this action, or in any action, and the Order should be so-issued barring these claims from both this case and any other case.

### POINT III

#### ASSUMING *ARGUENDO* THAT THE CLAIMS ARE NOT BARRED BY THE COLLATERAL SOURCE RULE OR STATE BARRING STATUTES, ESTABLISHED EQUITABLE PRINCIPLES REQUIRE ANY CLAIMS BE BARRED

Any claims that are not being barred for any reason under either the collateral source rule or the barring statute, should likewise be barred based upon the equitable principles of laches and failure to cooperate.

Plaintiff has provided the Court with ample evidence that numerous requests were made on these various health care providers to provide him with certain information in this case. The failure to provide that information has inured to the detriment of my client as Plaintiff is now seeking to add additional items for the trial for which no information has been provided. As such, this is a clear indication that the various health care providers have in fact sat on their

rights (if they have any rights whatsoever) to the detriment of both the plaintiff and the defendant in this matter and they should therefore be barred from asserting these claims at any point based upon this equitable principle.

Wherefore, it is respectfully requested that an Order be issued barring plaintiff from amending the pre-trial Order to assert these various claims and similarly, and that the Court enter an Order barring all of these claims as being recoverable in this action as against either plaintiff or any defendant.

## CONCLUSION

For all the reasons set forth herein, Defendant Michael Phillips respectfully requests that the Court Order that any and all liens are not recoverable as against any party to this action, the liens and claims must be extinguished as a matter of law, and be barred from being any part of Trial in this matter.

Dated: September 16, 2008

Respectfully submitted,

*/s/ Richard Wedinger*

Richard Wedinger, Esq.
**BARRY, McTIERNAN & WEDINGER**
1024 Amboy Avenue
Edison, New Jersey 08837
(732) 225-3510
*Attorneys for Defendant in his individual capacity*
